**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

May 8, 2020

BY ELECTRONIC FILING

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   Pre-Motion Conference in *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

Pursuant to Section 4(A)(i) of this Court's Individual Rules of Practice in Civil Cases, Defendants Kevin Chalker, Global Risk Advisors LLC ("GRA"), GRA Maven LLC ("Maven"), GRA Quantum LLC ("Quantum"), and Global Risk Advisors EMEA Limited ("EMEA") respectfully request a pre-motion conference in advance of moving to dismiss the complaint filed on December 27, 2019 at Dkt. 1.[1]

**Background**

This action is the fourth in a series of lawsuits that Elliott Broidy and his company, Broidy Capital Management, LLC ("BCM") have filed against more than a dozen entities (including some current Defendants), all of whom Broidy alleges are "co-conspirators" working at the behest of the Qatari government. In each case, Broidy alleges a coordinated effort to undermine his purported standing in world affairs; here, Broidy takes aim at cyber-security firms that he alleges covertly assisted Qatar in hacking and distributing Broidy's "confidential business information." Dkt. 1.

The first two related cases, *BCM v. State of Qatar et al.*, 2:18-CV-02421-JFW-E (C.D. Cal. Mar. 26, 2018) ("*State of Qatar*") and *BCM v. Benomar*, 7:18-CV-06615-CS (S.D.N.Y. Jul. 23, 2018) ("*Benomar*"), were eventually dismissed in their entirety, but not before Broidy could obtain expedited discovery from both parties and non-parties. In the third case, *BCM v. Muzin et al.*, 1:19-CV-00150-DLF (D.D.C. Jan. 24, 2019) ("*Muzin*"), which Broidy admits is "parallel" to this case, the district court recently dismissed half of

---

[1] At this time, Defendants Maven, Quantum, and EMEA limit their appearances in this action for the purpose of contesting the Court's personal jurisdiction over them.

**GIBSON DUNN**

The Honorable Mary Kay Vyskocil
May 8, 2020
Page 2

Broidy's claims under Rule 12(b)(6).  Dkt. 1 ¶ 1; *see Muzin* Dkt. 51; 2020 WL 1536350 (D.D.C. Mar. 31, 2020).

      This action was filed on December 27, 2019, but Plaintiffs then waited almost three months to effect service.  *See* Dkt. 22–26.  To date, Plaintiffs have not sought to amend the complaint in light of the district court's decision in *Muzin*, which dismissed as a matter of law five of the ten counts asserted here, despite Plaintiffs' concession that the allegations in *Muzin* "overlap substantially" with those in this action.  Dkt. 1 ¶ 127.

      The current date for responding to the complaint is May 11, 2020.  Defendants intend to move to dismiss all ten counts for multiple independent reasons.

**Grounds for Dismissal**

      The Court lacks subject-matter jurisdiction over the action, because Plaintiffs allege that all Defendants acted as agents of the Qatari government, qualifying them for derivative sovereign immunity.  The Court also can and should decline to exercise its jurisdiction under the prior pending action doctrine, because the *Muzin* case is still pending and may resolve some or all of the issues here.[2]  Moreover, as to the foreign Defendants Maven, Quantum, and EMEA, the Court lacks personal jurisdiction.

      Plaintiffs' complaint fares no better on the merits.  First, Plaintiffs fail to distinguish among any of the five Defendants, an instance of impermissible group pleading.  Second, despite making detailed allegations against other defendants in the related actions, Plaintiffs here rely on little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      Plaintiffs' failure to plead facts rendering their claims against Defendants plausible is particularly egregious, given that Plaintiffs have obtained discovery in related actions (including *State of Qatar*, in which Defendants GRA and Chalker were parties) and claim to have conducted extensive "forensic investigations."  *See* Dkt. 1 ¶¶ 3, 27, 48, 55, 57, 150, 239.  Were there plausible facts to allege, Plaintiffs would have uncovered them by now.  Yet despite these opportunities, Plaintiffs' attempt to frame Defendants for the alleged hacking scheme is wholly inadequate:  it comes down to nothing more than conclusory allegations about IP addresses associated with the hackers, which Plaintiffs do not link in any way to Defendants.  Plaintiffs contend simply that because the hacks appear to have

---

[2] The Defendants in *Muzin* raised their own sovereign immunity challenge to the complaint, which was denied by the district court.  This issue is currently on appeal.  *See BCM v. Muzin*, No. 20-7040 (D.C. Cir. Apr. 30, 2020).

**GIBSON DUNN**

The Honorable Mary Kay Vyskocil
May 8, 2020
Page 3

originated from IP addresses located in states where various Defendants operate, Defendants must be the culprits.

      From this whole cloth, Plaintiffs have conjured six federal and four state-law claims, from RICO to conversion to violations of the Digital Millennium Copyright Act.  Five claims have already been dismissed on substantially similar facts in *Muzin*.  But as noted above, there are significant jurisdictional issues that prevent the Court from even reaching the merits of these counts.  And there is ample reason to believe that this case is, at best, just another fishing expedition destined for complete dismissal.  Defendants therefore intend to seek a stay of discovery while their motion to dismiss is pending.

      Defendants stand ready to address any questions the Court may have.

      We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder


cc:  All Counsel of Record via ECF