Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

May 13, 2020

<u>**Via ECF**</u>

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl St., Room 2230
New York, New York 10007

**Re:**   *Broidy et al. v. Global Risk Advisors LLC, et al.*, 19 Civ. 11861 (S.D.N.Y.)

Dear Judge Vyskocil:

We write on behalf of plaintiffs Elliot Broidy and Broidy Capital Management, LLC ("BCM") under Rule 4.A.i of the Court's Individual Practices to respond to the letter, dated May 8, 2020, from the defendants (collectively "GRA").

While GRA's letter describes this case as "destined for complete dismissal" (GRA Letter at 3) and contemplates a discovery stay pending a ruling on GRA's planned motion to dismiss, the reality is that GRA is facing massive liability on claims that have largely been upheld in a case against GRA's co-conspirators in the District of Columbia. The court there rejected the unprecedented derivative sovereign immunity theory that GRA invokes here as its primary defense. Indeed, the court ultimately concluded that "there is not substantial ground for disagreement about whether a distinct doctrine of derivative foreign sovereign immunity exists."

This case is therefore not likely "destined for complete dismissal" (*id.*) but for a jury trial — where GRA will be held accountable for conducting a reprehensible hacking scheme against Broidy and BCM for hire. Halting all discovery on an assertion of complete dismissal based on theories no court has accepted will only cause needless delay.

**Background**

Elliott Broidy is an American businessman and philanthropist, who has been active in politics and has long publicly advocated against terrorism and extremism. His advocacy includes harsh criticism of the State of Qatar's sponsorship of terrorism. Qatar openly hosts senior leaders of Al Qaeda and the Taliban and has been referred to by the *New York Times* as the "Club Med" for terrorists.

In an effort to retaliate against and silence Mr. Broidy, Qatar hired its go-to firm for underhanded cyber-operations, GRA, to unlawfully hack into Mr. Broidy's emails and his

**Steptoe**

company's servers to steal private communications, business documents, and other material. Curated selections from the stolen material were then leaked to the media by a group of public relations and media placement professionals, who were acting in concert with GRA.  (They are being sued in a parallel action in the District of Columbia.)  The leaks were an effort to humiliate and silence Mr. Broidy and send a message to other Americans who would dare criticize Qatar.

GRA has a long, sordid history with Qatar.  In 2010, Qatar won its bid to host the 2022 FIFA World Cup, via bribes and other corruption.  GRA was paid to covertly advance Qatar's efforts, alongside the same public relations firm that, shortly before the hacking of Broidy, paid millions to the defendants in the District of Columbia case.  This dangerous conduct has continued unabated.  From mid-2017 to 2018, Broidy was but one among approximately 1,400 victims of Qatari-sponsored hacking, including dozens of Americans.

**Related Litigation**

Broidy and BCM first sued Qatar and GRA in California, but the claims against Qatar were dismissed under the Foreign Sovereign Immunity Act, which applies to suits against a foreign sovereign. The Qatar dismissal was appealed and argued to the Ninth Circuit and is currently awaiting a ruling.  The claims against GRA were dismissed for lack of personal jurisdiction in California.  *Broidy Capital Mgmt, LLC v. Qatar*, No. CV 18-2421, 2018 WL 9943551 (C.D. Cal. Aug. 22, 2018).  A case against a diplomat involved in the scheme, Jamal Benomar, was separately dismissed on *diplomatic* immunity grounds. *Broidy Capital Mgmt LLC v. Benomar*, 944 F.3d 436 (2d Cir. 2019).

GRA trumpets that these cases were "dismissed in their entirety" (GRA Letter at 1) without mentioning that the GRA defendants here (all but one of whom are U.S. citizens) are in a very different posture from foreign sovereigns and foreign diplomats.  GRA also does not mention that the underlying substantive allegations were never even reached in the other cases.

But the substantive allegations *were* addressed in the District of Columbia case against the U.S.-based public relations professionals in charge of disseminating the hacked material, and, on March 31, 2020, Judge Freidrich largely upheld the complaint.  *Broidy Capital Mgmt LLC v. Muzin*, No. 19-cv-0150, 2020 WL 1536350 (D.D.C. Mar. 31 2020).  Judge Freidrich found that there is no "derivative sovereign immunity" theory shielding private citizens from civil suits based on their violations of American citizens' legal rights.  *Id*. at *7-9.  Yet GRA invokes this theory in its letter.  Judge Freidrich later concluded that there was not even a substantial basis for disagreement that this theory did not exist.  *See* Minute Order, No. 19-civ-150 (D.D.C. April 23, 2020).  (The defendants in the *Muzin* case have since filed a direct appeal, purportedly under the "collateral order" doctrine, and the D.C. Circuit has issued an Order for them to show cause why the appeal should not be dismissed for lack of appellate jurisdiction.)  That GRA's co-conspirators have had no luck with their immunity defense is unsurprising.  Private citizens and companies committing serious crimes on U.S. soil against U.S. citizens do not get to shield



Hon. Mary Kay Vyskoci
May 13, 2020
Page 3

themselves from liability simply because a foreign government paid them to engage in their misdeeds.

Most notably for purposes of this case, Judge Friedrich upheld Broidy and BCM's civil conspiracy claim relating to the "hacking scheme purportedly perpetuated by GRA and other members of the Qatari Enterprise to infiltrate the BCM servers," and noted that the claim was supported by "detailed factual allegations."  2020 WL 1536350, at *12.

While GRA's letter states that five of the claims were dismissed, GRA fails to mention that two of those five (the Stored Communications Act and a California law analogue) were dismissed only because the court found the statutes did not provide for secondary liability for co-conspirators, but instead covered only the primary actors, *id*. at *11, *16-17 — who of course are the defendants here.  And the RICO and RICO conspiracy claims were dismissed because of insufficient allegations of a "pattern" of wrongdoing.  *Id*. at *8-9.  While we respectfully disagree with that conclusion, there are more detailed allegations of a "pattern" pertaining to GRA, which has been engaging in covert, criminal operations for Qatar for the past decade.

**GRA's Grounds for Dismissal and Stay are Baseless**

We respectfully submit that GRA's anticipated motion to dismiss is likely to fail, just as the motion brought by its co-conspirators did.  The few unique grounds for dismissal referenced in GRA's letter are baseless:

- the complaint contains ample, detailed allegations that easily exceed the minimal notice pleading standards under Rule 8;[1] and

- the conspirators' conduct easily justifies personal jurisdiction because GRA is headquartered here and directed the scheme from here.

The case should not be stayed in favor of the D.C. case, nor pending GRA's contemplated motion to dismiss, because, given the razor thin prospect of complete dismissal, these procedural maneuvers would serve no purpose except delay.

We would be pleased to participate in a pre-motion conference, or to address any questions, at the Court's convenience.

---

[1] GRA misleading states that Broidy and BCM have already "obtained discovery" in the California case.  (GRA Letter at 2.)  In fact, as GRA well knows, Broidy and BCM obtained only limited, jurisdictional discovery, and critical portions of the discovery were subject to a protective order, and so could neither be use in the complaint in the District of Columbia case nor here, even though that discovery would shed further light on the conspirators' misconduct.

Steptoe

Hon. Mary Kay Vyskoci
May 13, 2020
Page 4

Respectfully,

Filberto Agusti