UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLIOT BROIDY and
BROIDY CAPITAL MANAGEMENT, LLC,

        Plaintiffs,

-against-

GLOBAL RISK ADVISORS LLC, GRA
MAVEN LLC, GRA QUANTUM LLC,
GLOBAL RISK ADVISORS EMEA LIMITED,
and KEVIN CHALKER,

        Defendants.

Case No. 1:19-cv-11861 (MKV)

[PROPOSED] CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER

---

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23(f)(3):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial.

   The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

       *Except for amendments as of right under FRCP 15(a)(1) and Rule 4.C of the Court's Individual Practices.

**DISCOVERY**

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than [Plaintiffs' proposal: 14 days from the date of this Order] [Defendants' proposal: 14 days from the Court's decision on Defendants' motion to dismiss under FRCP 12(b)(1)].

5. [Plaintiffs' proposal: All fact discovery shall be completed no later than November 27, 2020.]

[Defendants' proposal:  All fact discovery shall be conducted as follows:

a. Phase I:  Trade Secret Discovery

   i. Phase I shall last 90 days, starting from the date of the Court's decision on Defendants' motion to dismiss under FRCP 12(b)(1).

   ii. Not later than 30 days from start of Phase I, Plaintiffs shall produce all materials and information they allege to be trade secrets and any other proprietary material that forms the basis for Counts I through X, and shall, for each alleged trade secret:  describe the background of the trade secret and a description of how it has derived independent, actual or potential economic value by virtue of not being generally known to the public; describe how it has been the subject of reasonable efforts to maintain its secrecy; and list the specific elements of the secret.

   iii. Not later than 60 days from the start of Phase I, Defendants shall produce any relevant, non-privileged materials or information in their possession, custody, or control that pertain to the trade secrets and proprietary material produced pursuant to paragraph 5(a)(ii).

   iv. Defendants shall be allowed, but not required, to take Rule 30(b)(6) depositions of Plaintiffs during Phase I.

   v. No other discovery shall be conducted prior to or during Phase I.

b. Phase II:  Party Discovery

   i. Phase II shall last 120 days, starting from the first day following Phase I.

   ii. Plaintiffs and Defendants may serve discovery requests on, and conduct discovery of, each other only.

   iii. Plaintiffs and Defendants may serve requests for the production of documents on each other prior to the commencement of Phase II, but such requests shall not be returnable until Phase II, and in no event sooner than 30 days.

c. Phase III:  Other Fact Discovery

   i. Phase III shall last 60 days, starting from the first day following Phase II.

   ii. Plaintiffs and Defendants may serve discovery requests and conduct discovery of non-parties.]

6. [not applicable]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the written consent of all parties without

      application to the Court, provided that all fact discovery is completed by the date(s) set forth in paragraph 5 above:

      a. Initial requests for production of documents to be served by [Plaintiffs' proposal: August 4, 2020] [Defendants' proposal: 60 days from the commencement of discovery, but not sooner than August 4, 2020].

      b. Interrogatories to be served by [Plaintiffs' proposal: October 28, 2020] [Defendants' proposal: 90 days from the commencement of discovery, but not sooner than October 28, 2020].

      c. Depositions to be completed by [Plaintiffs' proposal: November 27, 2020] [Defendants' proposal: 270 days from the commencement of discovery].

          i. [not applicable]

      d. Requests to Admit to be served no later than [Plaintiffs' proposal: October 23, 2020] [Defendants' proposal: 30 days prior to the close of fact discovery].

8. <u>Expert Discovery</u>
    a. All expert discovery shall be completed no later than [Plaintiffs' proposal: January 26, 2021] [Defendants' proposal: 60 days from the end of Phase III, but no sooner than January 26, 2021].

    b. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e</u>. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

11. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the close filing of a responsive pleading.

12. The parties have not discussed settlement and the use of alternate dispute resolution.

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following

[*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]:  Will occur following fact discovery

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case: n/a

    c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): n/a

*(NOTE) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order*.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.

Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

13.  Counsel for the parties have conferred and their present best estimate of the length of trial is:  [Plaintiffs' proposal:  3 weeks]  [Defendants' proposal:  less than 3 weeks].

.........................................................................................................................................

### TO BE COMPLETED BY COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

    A Post-Discovery Conference is scheduled for _____ at _____ in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

    a.  a statement of any existing deadlines, due dates, and/or cut-off dates;
    b.  a brief description of any outstanding motions;
    c.  a brief description of the discovery undertaken and if either party believes any additional discovery that needs to be completed, the reason why the discovery has not been undertaken.
    d.  a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

      e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
      f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
      g. any other issue that the parties would like to address at the conference; and
      h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no Summary Judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended.**

                                                                                               Hon. Mary Kay Vyskocil
                                                                                              United States District Judge

Dated: _____
        New York, New York