**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

June 2, 2020

BY ELECTRONIC FILING

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:     Discovery in *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

We respectfully submit this letter on behalf of Defendants to apprise the Court of recent developments relating to Plaintiffs' attempt to obtain immediate non-party discovery in this matter. Pursuant to the Court's May 20, 2020 Order (Dkt. 38), on May 29 the parties submitted a joint letter discussing the nature of discovery in this case and presenting their competing proposals for a case management order and discovery plan. *See* Dkt. 41. In that joint submission, we raised our concern that this case was intended by Plaintiffs to serve primarily as a vehicle for them to take discovery of non-parties, particularly non-parties against whom they cannot pursue discovery directly, *e.g.*, the State of Qatar, because they are immune from discovery under the doctrine of sovereign immunity (as are Defendants). This concern was based upon Plaintiffs' history of seeking overbroad discovery in the three cases they previously filed based on the same core allegations.

Since June 1, 2020, the first day business day after the parties filed their joint submission, Plaintiffs have served a total of 20 subpoenas on 20 telecommunications providers, seeking up to *three and a half years'* worth of complete phone and text records for **178 separate phone numbers**. Based upon our preliminary review, at least some of these phone numbers were targets of Plaintiffs' discovery efforts in *Broidy Capital Management, LLC v. State of Qatar*, a case that was dismissed in its entirety and which is currently on appeal before the Ninth Circuit. *See* No. 18-56256 (9th Cir. Sep. 24, 2018). In fact, eight of Plaintiffs' subpoenas direct recipients to (re-)produce "[a]ll documents produced" under various subpoenas issued in *State of Qatar*—effectively requiring a complete re-production of 30 subpoena responses from that dismissed case. Similarly, several individuals whose telephone numbers were subpoenaed in *State of Qatar* are defendants in *Broidy Capital Management, LLC v. Muzin*, a case in which Plaintiffs' motion for expedited discovery was denied and in which discovery is currently stayed. *See* 1:19-cv-00150 (D.D.C. Jan. 24, 2019), Minute Order, June 17, 2019. To the extent that Plaintiffs may be seeking

GIBSON DUNN

The Honorable Mary Kay Vyskocil
June 2, 2020
Page 2

information about those defendants here, the subpoenas would appear to be an attempt to circumvent the stay of discovery entered in *Muzin*.

A substantial amount of this duplicative discovery appears to be irrelevant, overbroad, or worse. Plaintiffs are once again seeking several years of personal calling records of a college intern who worked at GRA for *one semester* in 2017–18. Plaintiffs are also seeking 3.5 years of calling and text records for Defendant Kevin Chalker's teenage son. Other requests raise significant privacy and privilege issues for Defendants themselves, as phone numbers on the list include numbers associated with Defendant Global Risk Advisors' head of HR as well as its general counsel.

As set forth in our May 29, 2020 submission, Plaintiffs have failed to justify the need for immediate non-party discovery in this case—let alone any need for an immediate nationwide dragnet of phone records, which appears likely to generate significant litigation. To the extent that these subpoenas also seek to expand on discovery that Plaintiffs were already afforded in *State of Qatar* or obtain discovery that they have been denied in *Muzin*, they are also impermissible collateral attacks on those proceedings.

Earlier today, we requested that Plaintiffs withdraw their subpoenas until the Court had an opportunity to enter an appropriate case management order. Plaintiffs did not respond to our request.

We have proposed a discovery plan that entails a brief postponement of discovery and a phased schedule that balances Plaintiffs' generic interest in taking broad discovery against the interests of diplomacy, foreign sovereign immunity, and comity that have been raised by the plain terms of Plaintiffs' own allegations. *See* Dkt. 41 (discussing sovereign immunity and associated limits on discovery). Plaintiffs' most recent conduct clarifies that this case may also be an impermissible end-run around the result in another case previously filed by these Plaintiffs—which case was dismissed—and even, potentially, an effort to harass individuals who have nothing to do with this case but who are nonetheless the target of Plaintiff Elliot Broidy's ire. For these and the other reasons set forth in our May 29 submission, Defendants respectfully request that the Court adopt Defendants' proposed discovery plan.

We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

cc:  All Counsel of Record via ECF