

A<small>NTHONY</small> G. W<small>OODWARD</small>, E<small>SQ</small>.
Tony@anthonywoodwardpa.com
Shareholder

June 15, 2020

**<u>BY ELECTRONIC FILING</u>**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

   Re: Subpoena served upon AT&T in *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

   This law firm represents Mr. Victor Todd, a nonparty customer of AT&T. On June 6, 2020, Mr. Todd received a letter from AT&T notifying him of a subpoena the Plaintiff requested directing AT&T to produce his and his children's personal cellular telephone records. The letter advises that AT&T intends to produce the records on June 20, 2020. A copy of the AT&T letter is enclosed. The subpoena was served on AT&T by the Plaintiffs just a few days prior to this court's stay order dated June 3, 2020 Order (the "Order"). The Order directs all discovery in this action be stayed pending the Court's resolution of the Defendant's anticipated motion to dismiss the Complaint. On June 6, 2020, Mr. Todd contacted the undersigned.

   On June 10, 2020, the undersigned contacted AT&T, and was advised that, despite the Order, the undersigned must still file a Motion to Quash and or Motion for Protective Order to stop the production. The undersigned then emailed AT&T on that same date to advise them in writing that the Order applies to them and that my nonparty clients should not be compelled to expend attorney's fees preparing and filing a Motion that would be moot if the court grants the Motion to Dismiss. My clients are a small family owned business that have no involvement in this litigation and are of limited resources. My client cannot fathom why his and his children's private telephone records could be relevant. Even if they were, a protective order or confidentiality agreement needs to be issued to severely limit the scope of production to any particular calls and or telephone numbers the Plaintiff needs to identify and demonstrate are relevant to the issues plead in the case.

On June 10, 2020, the undersigned left a voice mail and sent an email to Plaintiff's counsel and they have not responded. The undersigned on behalf of Mr. Todd and his children request that this Court enter an Order compelling AT&T to honor the stay Order until further order of this court. Alternatively, the undersigned seeks direction from this Court as to whether a Motion for Protective Order is required under the circumstances, and if so, provide the undersigned a reasonable opportunity to prepare and file same before the records are produced.

Thank you for your time.

Respectfully Submitted,

/s/ Anthony G. Woodward
Anthony G. Woodward

cc: All Counsel of Record via ECF
    AT&T Global Legal Demand Center via email gldc@att.com

Enc. Letter from AT&T