

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**John M. Browning**
(212) 603-6410 tel
(212) 489-8340 fax

jackbrowning@dwt.com

June 19, 2020

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Broidy et al. v. Global Risk Advisors LLC, et al.*, 19-cv-11861 (S.D.N.Y.)

Dear Judge Vyskocil:

    This law firm represents Ryan Grim, who is the Washington D.C. Bureau Chief for *The Intercept*, an investigative news organization and online publication.  On June 16, 2020, we first became aware of a subpoena that counsel for plaintiffs Elliot Broidy and Capital Management, LLC ("Plaintiffs") served on Verizon seeking documents and information relating to multiple phone numbers registered to Mr. Grim (the "Subpoena").  A true and correct copy of the Subpoena and a related cover letter are annexed as Exhibit A to this letter.  In the cover letter, Verizon indicated that it would release the requested information on June 20, 2020 unless it "is provided with a motion for a protective order or a motion to quash."  *Id*.  Important First Amendment issues are raised by the Subpoena, which seeks telephone records from an account belonging to a journalist.  We write to inform the Court that Plaintiffs have subsequently made representations, through their counsel, that the information sought by the Subpoena will not be released and that Plaintiffs will give Mr. Grim adequate notice and opportunity to move to quash the Subpoena if the stay of discovery is lifted.

    Plaintiffs did not notify Mr. Grim directly that they served Verizon with the Subpoena on or about June 1, 2020, seeking information relating to his account.  Instead, Mr. Grim received notice from Verizon on June 16 that his records would be released in four days unless he filed a motion to quash the Subpoena.  As soon as he received this notice, Mr. Grim urgently took the steps necessary to ensure that his information would not be disclosed.  Specifically, David Bralow – in-house counsel for *The Intercept's* publisher, First Look Media – contacted Verizon and the litigation attorneys identified on Plaintiffs' Subpoena to relay his concerns.  In response, an attorney representing Plaintiffs in this action, Linda Bailey, sent Mr. Bralow an email confirming that Verizon has agreed not to produce information related to two phone numbers

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Mary Kay Vyskocil
June 19, 2020
Page 2

related to Mr. Grim's accounts during the pendency of the stay of discovery imposed by this Court's Order, dated June 16, 2020.  *See* Exhibit B.[1]  Ms. Bailey also represented in her email that she would notify Mr. Grim if the stay of discovery was lifted and give him a ten day period in which to file a motion to quash before seeking to enforce the Verizon Subpoena.

In subsequent conversations by telephone and email, Ms. Bailey confirmed to me that the law firm representing Plaintiffs in this action "has not issued any other subpoenas in this matter seeking information related to phone numbers or other accounts that we have any reason to believe are associated with either Mr. Grim or any other reporter or editor working with *The Intercept*."  *See* Exhibit C.  In addition, Ms. Bailey confirmed that, to the best of her knowledge, the Verizon Subpoena does not seek information related to telephone numbers associated with Mr. Grim or *The Intercept* and that she is "not aware of any subpoenas currently issued to anyone seeking information related to Mr. Grim or *The Intercept* in any other related matter." *Id*.  We will take Plaintiffs at their word that steps have been taken to ensure that no information belonging to Mr. Grim will be disclosed before we have an adequate opportunity to file a motion to quash Plaintiffs' Subpoena.  We also expect to receive adequate notice and opportunity to file motions to quash any subsequent subpoenas in this action seeking information belonging to Mr. Grim or any other journalists affiliated with *The Intercept*.

We remain concerned that Plaintiffs have knowingly sought to obtain information pertaining to journalistic activity through the backdoor by serving a Subpoena on a common carrier and without providing notice to Mr. Grim himself. As a journalist, Mr. Grim has statutory and constitutional rights that prohibit the compelled disclosure of his telephone records.  *See, e.g.*, *United States v. Burke*, 700 F.2d 70, 77 (2d Cir. 1983) (constitutional reporter's privilege reflects the "paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters") (internal citation omitted); *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 32 (2d Cir. 1999) (noting that the Second Circuit has "long recognized the existence of a qualified privilege for journalistic information"); N.Y. Civ. Rights Law § 79-h.  Mr. Grim and First Look Media fully intend to exercise these rights – if necessary – and will file a motion to quash the Subpoena if discovery is resumed.  If Plaintiffs issue or serve additional subpoenas on common carriers seeking information that belongs to reporters or editors associated with *The Intercept* or any other First Look publication, we expect to be notified directly by Plaintiffs and to be given an adequate opportunity to move to quash those subpoenas as well.

---

[1] Plaintiffs' counsel attached to her email two documents – a cover letter to Verizon describing what phone numbers were sought by Plaintiffs and a confirmation from Verizon that it would not produce documents related to the Subpoena while the stay was in place.  These documents were heavily redacted so that it was not possible to see whether the Subpoena called for information related to other phone numbers related to Mr. Grim or other reporters from *The Intercept*.  *See id*.

Hon. Mary Kay Vyskocil
June 19, 2020
Page 3

        We appreciate the Court's attention to this matter.

                Best regards,

                Davis Wright Tremaine LLP

                John M. Browning

cc:    Thomas R. Burke, Esq.