# EXHIBIT B

**Browning, Jack**
---

| | |
|---|---|
| **From:** | Bailey, Linda <lbailey@steptoe.com> |
| **Sent:** | Wednesday, June 17, 2020 12:39 PM |
| **To:** | david.bralow@firstlook.org; Michael, Charles |
| **Cc:** | John, Riley |
| **Subject:** | Broidy v. GRA |
| **Attachments:** | Verizon Subpoena_Redacted-c2-c2.pdf; Verizon Confirmation_Redacted-c2-c2.pdf |

David,

It was good to speak with you yesterday.  As I explained in our conversation, we have mailed Verizon a letter explaining and attaching the stay order and have spoken with them three times now via telephone to confirm they will not produce.  To resolve any possible confusion on the issue, we have now requested and received written confirmation from Verizon acknowledging the stay and stating that they will not produce records until it is lifted.  It is attached for your records.

I have also attached the Verizon subpoena for your records.  You mentioned that you were not certain which of your clients' numbers were subject to the subpoena.  As you will see, due to privacy concerns, the numbers are redacted from the attached subpoena because various other numbers unrelated to your clients are listed.  I have, however, identified the numbers associated with Mr. Grimm and/or The Intercept that appear on the subpoena:

> 

As we discussed yesterday, we agree not to enforce this subpoena against your clients until we have provided notice of the stay being lifted and ten days during which you may file a motion to quash.

I hope this answers your concerns.  Please feel free to call me at any time if there is anything further we can do.

Best regards,
Linda

**Linda C. Bailey**
Of Counsel
lbailey@steptoe.com

# Steptoe

+1 202 429 3907 direct    Steptoe & Johnson LLP
+1 202 374 2744 mobile   1330 Connecticut Avenue, NW
+1 202 429 3902 fax           Washington, DC 20036
                                              www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

## VERIZON SUBPOENA COMPLIANCE

VERIZON CONFIDENTIAL - The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity named. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance of the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone at the number given to arrange for return of the faxed document to us. Thank you.

TO: LINDA BAILEY

COMPANY: STEPTOE & JOHNSON LLP

FAX NUMBER: 202-429-3902

PHONE NUMBER: 212-378-7604

FROM: VZLC TT

DATE: 6/17/2020 11:50:34 AM

LCS Case Number: 20133266

Docket/File Number:

Faxed Pages: 2

SENDER'S PHONE NUMBER: 888-483-2600

SENDER'S FAX NUMBER: 325-949-6916

Notes/Comments:



VERIZON SECURITY SUBPOENA COMPLIANCE
180 WASHINGTON VALLEY ROAD
BEDMINSTER NJ 07921
Phone: 888-483-2600 Fax: 325-949-6916

**VERIZON CONFIDENTIAL**

June 17, 2020

STEPTOE & JOHNSON LLP
1114 AVENUE OF THE AMERICAS
NEW YORK NY 10036

Verizon Case #: 20133266
Docket / File #: 19 Civ 11861
Requested Target:



Dear Linda Bailey

Verizon Subpoena Compliance is in receipt of the attached request. Please note the following:

Verizon has received the Order to Stay/Hold and no records will be going out until further notice from your office.

Respectfully,

Tracy T
VERIZON SECURITY SUBPOENA COMPLIANCE

Enclosed

Charles Michael
212 378 7604 direct
212 506 3950 fax
cmichael@steptoe.com



1114 Avenue of the Americas
New York, New York 10036
212 506 3900 main
www.steptoe.com

June 1, 2020

**By Hand**

Verizon Wireless Services, LLC
c/o C T Corporation System
28 Liberty St.
New York, New York 10005

**Re:**   *Broidy et al. v. Global Risk Advisors LLC, et al.*, 19 Civ. 11861 (S.D.N.Y.);
Subpoena to Verizon Wireless Services, LLC

Dear Sir or Madam:

Our firm represents the plaintiffs in the above-captioned lawsuit.  Enclosed please find a subpoena under Rule 45 of the Federal Rules of Civil Procedure.  You are required to respond within 14 days of when the subpoena is served upon you.

This subpoena seeks metadata, identifying information, and call and text information associated with the following phone numbers:



Verizon Wireless Services, LLC
June 1, 2020
Page 2





      The requests in the subpoena are tailored to categories of documents and information recognized by courts to be discoverable and not protected by the Stored Communications Act, 18 U.S.C. §§ 2701-2712.  The SCA protects contents of calls or text messages, and the subpoena does not seek that information.  It seeks only account activity and subscriber information.  *See id*. § 2702(c)(6) (allowing disclosure to "any person" of "information pertaining to a subscriber to or customer" so long as it does "not includ[e] the contents of communications"); *Sines v. Kessler*, Case No. 18-mc-80080-JCS, 2018 WL 3730434, at *11 (N.D. Cal. Aug. 6, 2018) ("[T]o the extent that Document Request 7 requests Doe's account information, the subpoena does not violate the SCA."); *Hawaii Regional Council of Carpenters v. Yoshimura*, Civil No. 16-00198, 2017 WL 738554, at *4 n.6 (D. Haw. Feb. 17, 2017) (civil subpoena may seek non-content information including "for example: date, time, originating and receiving telephone number, originating cell site and sector, and duration for all calls").

      If you have any questions, or would like to arrange electronic delivery of the material requested, please feel free to contact me.

      Sincerely,

      */s/ Charles Michael*

      Charles Michael

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Elliott Broidy and Broidy Capital Management, LLC )<br>*Plaintiff* )<br>v. )<br>Global Risk Advisors LLC, et al. )<br>)<br>*Defendant* ) | Civil Action No. 19 Civ. 11861 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Wireless Services, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

| Place: Steptoe & Johnson LLP c/o Charles Michael<br>1114 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br>06/22/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/01/2020

CLERK OF COURT

_____    OR    *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Elliott Broidy and Broidy Capital Management, LLC , who issues or requests this subpoena, are:
Charles Michael, Steptoe & Johnson LLP,1114 Ave. of Americas, NY, NY 10036,cmichael@steptoe.com,(212)378-7604

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19 Civ. 11861

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-cv-11861-MKV   Document 55-2   Filed 06/19/20   Page 9 of 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

1. Plaintiffs incorporate the definitions in Local Rule 26.3.

2. The definitions below apply to capitalized and uncapitalized instances of the defined terms.

3. "Affiliate" means, with respect to a specified person or entity, any other person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person or entity specified.

4. "Communication" mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message, text message or other written or oral transmission, exchange or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, email or other medium.

5. "Document" means and includes without limitation any printed, written, recorded, typed, drawn, taped, electronic, electromagnetic, graphic, photographic or any other tangible matter, documentary material from whatever source, however produced or reproduced, whether sent or received or neither, whether originals, copies, drafts, translations or otherwise including the original and any non-identical copy (whether different from the original because of notes made on or attached to such copy or the presence of signatures indicating execution or otherwise), including but not limited to any and all ESI, Communications, writings, reports, file cover(s), correspondence, letters, opinions, notes, notations, papers, memoranda, minutes of meetings, recordings or other memorials of any type of personal or telephone conversation, meeting or conference, reports, studies, charts, analyses, statistical compilations, evaluations,

A-2

estimates, diaries, calendars, desk pads, appointment books, transcripts and statements of account that is or has been in your possession, control, or custody or of which you have knowledge.

6. "Electronically stored information" and "ESI" should be defined to the fullest extent permissible under the Federal Rules of Civil Procedure, and means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7. "Relating to," shall mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, in connection with, considering, constituting, containing, defining, describing, determining, disclosing, discussing, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

8. "Subject Phone Numbers" refers to the following phone numbers:



9.  "Request" refers to this subpoena.

10. "You" or "your" refers to Verizon Wireless Services, LLC and includes all of its Affiliates.

## INSTRUCTIONS

1.  This Request includes all documents in your possession, custody or control, regardless of where such documents are located.

2.  A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

3.  All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

4.  If you object to any portion of this Request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the Request.

A-3

5.     If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum: (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document (letter, report, etc.) or communication; (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

6.     All documents are to be produced as they are kept in the usual course of business so that Plaintiffs can ascertain the files in which they were located, their relative order in such files and how such files were maintained.

7.     All documents responsive to this Request that are maintained in the usual course of business in electronic format shall be produced in their native format along with software necessary to interpret such files if such software is not readily available. All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such documents, including all information concerning the date(s) and recipient(s) of the document, the location and content of any attachment(s) to the document, and the location and content of any information imbedded or annotated in the document.

8.     Do not refuse to respond to any Request (or subpart of any Request) on the ground that it is ambiguous, or that the definitions or instructions are ambiguous. Instead, identify the language you believe is ambiguous, the interpretation of the ambiguous language you believe is most reasonable, and respond using that interpretation.

**DOCUMENTS REQUESTED**

1. All Documents produced by Verizon Wireless Services, LLC in response to the subpoenas served on You on May 1, 2018, May 16, 2018, June 6, 2018, June 26, 2017, July 6, 2018, July 20, 201, and July 27, 2018, in the case *Broidy Capital Management LLC v. State of Qatar*, No. 18-cv-02421-JFW (C.D. Cal., filed Mar. 26, 2018).

2. Documents sufficient to identify the names and addresses of the subscriber(s) for the Subject Phone Numbers from January 1, 2017, to the present, as well as all other phone numbers assigned to each of those subscribers.

3. Documents sufficient to identify the IP address(es) assigned to each Subject Phone Number, geographic tracking information, and cell tower usage, as well as IP addresses used to send or receive calls or messages using VOIP services or "WiFi Calling" (including SMS and MMS messaging) of the subscriber(s) for the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers from January 1, 2017, to the present.

4. Call logs or documents reflecting the telephone numbers called and received (including the duration of the calls) concerning the use of the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers from January 1, 2017, to the present.

5. Text message or SMS logs or MMS logs or documents reflecting records of transmission of text or SMS messages or MMS messages sent and received concerning the use of the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers from January 1, 2017, to the present.

6. Documents reflecting the length and history of service with You for the subscriber(s) for the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers.

A-6

7.      Documents reflecting user and activity logs of the subscriber(s) for the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers from January 1, 2017, to present.

8.      Billing statements of the subscriber or subscribers for the Subject Phone Numbers or any other numbers for the subscriber(s) of the Subject Phone Numbers from January 1, 2017, to the present.

9.      Registration information associated with each Subject Phone Number, including the name(s) and address(es) associated with payments made on the account, as well as IP addresses and dates and times of all logins to the customer's online account.

A-6