# EXHIBIT C

# Browning, Jack

| | |
|---|---|
| **From:** | Bailey, Linda <lbailey@steptoe.com> |
| **Sent:** | Thursday, June 18, 2020 1:20 PM |
| **To:** | Browning, Jack |
| **Cc:** | Burke, Thomas; Michael, Charles; david.bralow@firstlook.org |
| **Subject:** | RE: Broidy, et al. v. GRA, et al., 19-cv-11861 (S.D.N.Y.) |
| **Attachments:** | Broidy v. GRA |

[EXTERNAL]

Dear Jack,

Perhaps your understanding of privacy concerns stems from the perspective of representing a news organization. Imagine, if you will, being a private individual and being linked to an international criminal hacking scheme through your phone number. Hopefully, you can understand why causing that type of exposure for people when there is absolutely no need or reason to identify them is inappropriate.

With respect to your first question, I informed Mr. Bralow of the two numbers we identified that that are associated with Mr. Grim and/or The Intercept on the Verizon subpoena in the attached message. I'm unsure how that language is unclear; nevertheless, let me try to clarify further:

The *only two numbers* we identified that are associated with Mr. Grim and/or The Intercept (including anyone we are aware is/was one of its reporters/editors, past or present) on the Verizon subpoena are ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇. In other words, of all the numbers on the Verizon subpoena, there are two that we can identify as associated with your clients, Mr. Grim and/or The Intercept, and we have disclosed those numbers to you twice now. We don't have any reason to believe any of the rest of the numbers on the Verizon subpoena are associated with your clients. If you would like to provide us with all of the phone numbers associated with reporters and editors working for The Intercept, we would be glad to cross check that information to provide even further certainty.

With respect to your second question, I am not aware of any subpoenas currently issued to anyone seeking information related to Mr. Grim or *The Intercept* in any other related matter. The permitted discovery concluded in the Central District of California long ago. Discovery was not served in the related matter in the Southern District of New York. Discovery has not yet been served in the District of Columbia. And you are aware in granular detail of all discovery sought related to your clients in this litigation. Naturally, I cannot make any representations about possible unrelated matters our clients could be pursuing for which we do not represent them. In addition, I cannot make any representations about possible unrelated matters my firm could be litigating that may involve your clients. I am not aware of any, but certainly do not know every matter our client pursues outside our representation nor every matter my firm litigates.

I pray this gives you sufficient comfort and clarity. If not, please do let us know.

Best regards,
Linda

**Linda C. Bailey**
Of Counsel
lbailey@steptoe.com

**Steptoe**

| | |
|---|---|
| +1 202 429 3907 direct | Steptoe & Johnson LLP |
| +1 202 374 2744 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Browning, Jack <JackBrowning@dwt.com>
**Sent:** Thursday, June 18, 2020 11:31 AM
**To:** Bailey, Linda <lbailey@steptoe.com>
**Cc:** Burke, Thomas <THOMASBURKE@dwt.com>; Michael, Charles <cmichael@Steptoe.com>; david.bralow@firstlook.org
**Subject:** RE: Broidy, et al. v. GRA, et al., 19-cv-11861 (S.D.N.Y.)

Dear Linda,

Thank you for your response.  We disagree that there are "obvious privacy concerns" that would make it inappropriate for you send us an unredacted version of the subpoena seeking records from Mr. Grim's accounts as well as unredacted copies of related documents.  Phone numbers and subpoenas are not private facts subject to such strict secrecy.  But we will have to accept your representation that Plaintiffs have "not issued any other subpoenas in this matter seeking information related to phone numbers or other accounts that [you] have any reason to believe are associated with either Mr. Grim or any other reporter or editor working with *The Intercept*."  We will also accept your representations that no information relating to Mr. Grim will be released during the stay and that you will provide notice when the stay is lifted as well as ten days to file a motion to quash before you seek to enforce the subpoena.

We do, however, have two follow up questions.  First, your email does not address whether the Verizon subpoena we have received seeks information related to relevant phone numbers other than the two phone numbers associated with Mr. Grim's account that you have disclosed.  In other words, please confirm that the Verizon subpoena does not seek information relating to any other phone numbers related to Mr. Grim, *The Intercept* and any of its reporters/editors, past or present.

Second, your email states that your "firm has not issued any other subpoenas *in this matter* seeking information" related to Mr. Grim or *The Intercept*, but this begs the question whether any such subpoenas have been issued in related matters.  Obviously, we would be concerned if your firm or your clients were engaged in a broader campaign to collect information about legitimate journalistic activity through backdoor subpoenas to common carriers.  And just because we have not received notice of such subpoenas does not mean they have not been issued or served – as we discussed on the phone yesterday, it would not be unusual for a reporter to fail to receive notice from a common carrier that his or her account information has been subpoenaed.  We are also aware that Plaintiffs are engaged in litigation in related proceedings in the Ninth and D.C. Circuits (and possibly other jurisdictions).  Accordingly, please let us know immediately if your firm (or any other firm to your knowledge) has issued subpoenas seeking information related to reporters or editors working for *The Intercept* (past or present) in any related matters pertaining to Plaintiffs.

Best regards,

Jack

**From:** Bailey, Linda <lbailey@steptoe.com>
**Sent:** Wednesday, June 17, 2020 8:38 PM
**To:** Browning, Jack <JackBrowning@dwt.com>
**Cc:** Burke, Thomas <THOMASBURKE@dwt.com>; Michael, Charles <cmichael@Steptoe.com>; david.bralow@firstlook.org
**Subject:** RE: Broidy, et al. v. GRA, et al., 19-cv-11861 (S.D.N.Y.)

**[EXTERNAL]**

Dear Jack,

Good evening and thank you for your message. As we discussed on the phone, privacy concerns militate against sending you an unredacted subpoena or an unredacted confirmation from Verizon stating that it will not produce documents sought by the subpoena at issue until the stay is lifted. I'm sure you understand the obvious privacy concerns and why it would be inappropriate to send you unredacted versions.

Thank you for confirming on the phone that neither you nor your clients have received any other notices or subpoenas related to this action. Regarding your concern that rogue subpoenas may linger for which neither you nor your clients have received notice nor been served, I have confirmed that our firm has not issued any other subpoenas in this matter seeking information related to phone numbers or other accounts that we have any reason to believe are associated with either Mr. Grim or any other reporter or editor working with *The Intercept*. Should I discover any information to the contrary, I will of course alert you immediately.

In any event, the same understanding would apply across the board for discovery related to your clients in this matter: (1) discovery is stayed, (2) we have alerted all carriers and other subpoena recipients that discovery is stayed, (3) we have followed up with those carriers by email and phone to ensure they do not produce documents, (4) we will alert Mr. Bralow (copied) when the stay is lifted, and (5) we will then wait ten days before seeking to enforce any subpoena against your clients to permit you time to file a motion to quash if you see fit.

Please let us know if you need any further information.

Best regards,
Linda

**Linda C. Bailey**
Of Counsel
lbailey@steptoe.com

# Steptoe

+1 202 429 3907 direct
+1 202 374 2744 mobile
+1 202 429 3902 fax

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Browning, Jack <JackBrowning@dwt.com>
**Sent:** Wednesday, June 17, 2020 8:03 PM
**To:** Bailey, Linda <lbailey@steptoe.com>
**Cc:** Burke, Thomas <THOMASBURKE@dwt.com>
**Subject:** Broidy, et al. v. GRA, et al., 19-cv-11861 (S.D.N.Y.)

Dear Linda,

Thank you for taking the time to speak with me today.  As we discussed, we cannot see the "subject telephone numbers" in Verizon's email confirming it will not disclose information related to the two phone numbers associated with Ryan Grim.  Accordingly, we will have to accept your representation that Verizon has agreed not to produce information related to these two phone numbers pending the stay of discovery.  I also appreciate that you have confirmed that you will provide my clients with prompt notice when the stay is lifted and ten days to file a motion to quash before the subpoena can be enforced.

But we remain concerned that the intrusion goes much further than the Verizon subpoena.  Specifically, we fear that there may be other subpoenas seeking to compel common carriers to disclosure account information from Mr. Grim or additional reporters and/or editors working for *The Intercept*, a publication of First Look Media Works.  We are also worried that the subpoena served on Verizon – which we have never seen in full – also seeks information about relevant phone numbers you have not disclosed, either belonging to Mr. Grim or other *Intercept* reporters.

Accordingly, please confirm that your clients have not served or propounded any other subpoenas on third parties in this action seeking information about Mr. Grim, *The Intercept* or any journalists/editors who are currently affiliated with or have ever been affiliated with a First Look publication.  In other words, please state that Mr. Grim is the only reporter or editor working with *The Intercept* whose common carrier accounts are subject to discovery in the above-referenced matter and that the two phone numbers you cite in the email below are the only phone numbers for which records were sought.  If you have subpoenaed other *Intercept* reporters or other records relating to Mr. Grim, please let us know immediately.

We hope that this issue can be resolved quickly.  But we reserve the right to move the Court for an order requiring you to provide details sufficient to identify and oppose all subpoenas seeking information from *Intercept* journalists and to confirm that the production of any information related to such journalists has been properly stayed.

Thank you, in advance, for your courtesy and attention to these matters.

Best regards,

Jack


**John Browning** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6410 | Fax: (212) 379-5284
Email: jackbrowning@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.