**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

December 10, 2020

BY ELECTRONIC FILING

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

Defendants respectfully submit this letter to notify the Court of supplemental authority relevant to Defendants' pending motion to dismiss the First Amended Complaint ("FAC"). *See* Dkt. 73 (Mot. Br.); Dkt. 77 (Rep. Br.). On December, 2, 2020, the Ninth Circuit Court of Appeals issued the attached decision in the related matter *Broidy et al. v. State of Qatar*, No. 18-56256, Dkt. 58 ("*State of Qatar*"), affirming that the U.S. District Courts lack subject matter jurisdiction over Mr. Broidy's claims that the foreign state of Qatar directed a hacking operation against him and his company. *See* Ex. A. The *State of Qatar* decision is directly relevant to the Rule 12(b)(1) and Rule 12(b)(6) issues before Your Honor.

**Relevance to Pending Rule 12(b)(1) Motion**. The Ninth Circuit affirmed the dismissal of Mr. Broidy's complaint under Rule 12(b)(1) because Qatar is entitled to sovereign immunity. In deciding that issue, the Ninth Circuit rejected the very argument raised by Mr. Broidy in opposition to Defendants' motion to dismiss on the basis of derivative sovereign immunity: that Defendants were not carrying out "governmental functions" when they allegedly acted at the direction of Qatar to facilitate a hacking scheme against Mr. Broidy. *See* Dkt. 76 (Opp. Br.) at 4–6. The Ninth Circuit rejected that argument and held that Qatar's alleged "deployment of clandestine agents [*i.e.*, Defendants] to collect foreign intelligence on its behalf" was "peculiarly sovereign conduct that all national governments (including our own) assert the distinctive power to perform." *State of Qatar* at 21 (citations omitted); *cf.* Dkt. 57 (FAC) ¶ 161 ("GRA was retained in part to target Qatar's political enemies through cyber operations and public relations, to protect Qatar's geopolitical interests. . . . Qatar retained GRA to execute these larger-scale programs on its behalf . . . ."). The Ninth Circuit specifically held that Qatar's alleged use of "'irregular operatives'"—*i.e.*, non-state actors—to "perform uniquely sovereign actions" did not undermine Qatar's claim to sovereign immunity. *State of Qatar* at 21–22 (citation omitted).

The opinion itself identifies Defendant GRA as among the "irregular operatives" allegedly employed by Qatar. *State of Qatar* at 6–7 (recounting Plaintiffs' allegations that "Qatar retained the New York-based firm of Global Risk Advisors LLC ('GRA') to coordinate"

**GIBSON DUNN**

The Honorable Mary Kay Vyskocil
December 10, 2020
Page 2

"Qatar's purported targeting of Broidy" through "a series of cyberattacks aimed at BCM's California-based computer servers[,] . . . and GRA thereafter introduced Qatar 'to cyber mercenaries in various countries to coordinate technical aspects of the illegal intrusion'"). As explained in Defendants' briefing here, Mr. Broidy's tactical decision to split his claims and leave Qatar out of this action does not deprive Qatar's alleged agents of the protections of sovereign immunity. *See* Dkt. 73 at 1, 3–5; Dkt. 77 at 1–3. And the Ninth Circuit's opinion makes clear that for purposes of sovereign immunity, the focus is on the conduct and not the actors: the protected conduct need not be carried out by state "officials." *See also* Dkt. 73 at 3–5 (discussing extension of sovereign immunity to any "agents" of foreign sovereigns engaged in state activity). For this reason, Defendants here are entitled to the same immunity as their alleged "sponsor," Qatar. *See* Dkt. 76 at 1.

**Relevance to Pending Rule 12(b)(6) Motion**. The *State of Qatar* decision is also relevant to Defendants' Rule 12(b)(6) challenges to Mr. Broidy's claims. Defendants have previously explained how the FAC fails to meet the pleading standard for multiple claims because Mr. Broidy does not (and cannot) allege that any named Defendant was the actual entity that performed the hacks. *See* Dkt. 73 at 12–13, 23; Dkt. 77 at 5–6. The Ninth Circuit confirmed Defendants' reading of Mr. Broidy's claims—*i.e.*, that the actors who actually performed the hacks are as-yet unnamed "cyber mercenaries," *not* the GRA entities and employees named here. *See State of Qatar* at 6 (recounting Mr. Broidy's allegations that GRA "introduced Qatar 'to cyber mercenaries in various countries to coordinate technical aspects of the illegal intrusion[,]'" which was actually conducted by "hackers"); *but see, e.g.* Dkt. 76 at 13 (Plaintiffs asserting here that "the FAC accuses GRA Defendants of being the primary actors who did the hacking"). Because Mr. Broidy does not (and cannot) actually accuse any GRA entity or employee of hacking him, Counts I, II, and V of the FAC must be dismissed.

The Ninth Circuit also held that there cannot be any cause of action for "civil conspiracy" under California law. *State of Qatar* at 8 ("The complaint also alleged a cause of action for 'civil conspiracy,' but as the district court correctly noted, there is no such cause of action under California law."). Thus, Count VII of the FAC must be dismissed for failure to state a claim. *See also* Dkt. 76 at 22 (Plaintiffs purporting to apply California law to the "civil conspiracy" claim).

We stand ready to address any questions the Court may have, and thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

cc: All Counsel of Record via ECF