**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

April 16, 2021

BY ELECTRONIC FILING

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

We write on behalf of Defendants in opposition to Plaintiff Elliott Broidy's April 15, 2021 request for an extension of time to seek leave to amend his First Amended Complaint ("FAC") (*see* Dkt. 90), which this Court dismissed on March 31, 2021. *See* Dkt. 89.

Under any normal circumstances, we and our clients would extend the professional courtesy of consenting to a brief extension to "get up to speed with the facts of the case and prior counsel's investigations." *See* Dkt. 90 at 2. But this case is far from normal. Mr. Broidy has already filed four different complaints in his three-year litigation crusade against our clients. Each accused defendants or their alleged business partners of participating in an alleged hacking scheme. Each relied on bare conclusory allegations lacking any good faith factual support. And each met the same fate: dismissal. Indeed, despite an opportunity to offer evidence at a TRO hearing in a prior related case (which was also later dismissed), and despite facing two motions to dismiss in this case, Mr. Broidy has never come forward with any actionable allegations—let alone evidence—linking Defendants to the alleged hacking. *See, e.g.*, Dkt. 89 at 20 ("The only identifiable facts about the hacks (e.g. IP addresses linked to a limited number of hacks) are not linked to Defendants in any way and cannot lead to a plausible inference of their liability.").

Despite the absence of evidence, Mr. Broidy now wants another chance to plead a claim that is based on a lie. He either has the facts or he does not. His last complaint ballooned to 111 pages and 413 factual allegations—and it was wholly inadequate. Giving Mr. Broidy another month to come up with facts that do not exist would just reward him for his ongoing abuse of the judicial process.

The reality is that Mr. Broidy has no good faith factual basis to allege Defendants had anything to do with any alleged hack. That has been true since the day Mr. Broidy filed his first complaint against Mr. Chalker three years ago; there is no reason to believe anything has changed since this Court's decision two weeks ago. There is no "good cause" for an extension, and this Court should in its discretion deny it. *See Manigault v. ABC Inc.*, 796 Fed. Appx. 13, 15 (2d Cir.

**GIBSON DUNN**

The Honorable Mary Kay Vyskocil
April 16, 2021
Page 2

Nov. 27, 2019) (trial court has discretion to deny Rule 6 application if there is evidence of "'bad faith or prejudice to another party'") (quoting 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165 (4th ed. 2019 update)).

      Mr. Broidy appears intent on continuing to misuse the litigation process for improper purposes, while this action (cloaked under the litigation privilege) remains a false and inflammatory attack on Defendants' reputations. And while Defendants are prejudiced by the unwarranted extension of these proceedings, Mr. Broidy will suffer no prejudice if he is held to the deadline set by this Court. Mr. Broidy has been on notice of the defects in his fabricated hacking theory for three years, and the specific shortcomings in his complaints were a focal point of two successive motions to dismiss in this action. *See* Dkt. 46 (Op. Br. on MTD Orig. Compl.) at 9–11; Dkt. 73 (Op. Br. on MTD FAC) at 10–12. There is no valid reason to believe Mr. Broidy needs more time to pursue legitimate litigation objectives or marshal additional evidence, nor has Mr. Broidy shown why his new counsel would need more time than they have already had. While we are mindful of the challenges that sometimes can be faced by substitute counsel, McGuire Woods is a law firm with more than 1,000 attorneys, and they appeared in this action almost two months ago, on February 18, 2021—making them the third successive firm to represent Mr. Broidy in his abusive hacking lawsuits. *See* Dkt. 82.

      By the Court-imposed deadline of April 30, Mr. Broidy will have had more than three years and potentially five opportunities to allege a plausible link between Defendants and the alleged hacks. If Mr. Broidy insists on filing yet another unsubstantiated, bad-faith pleading, he should do so on schedule, so that Defendants can seek the appropriate relief, including dismissal and sanctions, and this case can finally be brought to an end.

      We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

cc: All Counsel of Record via ECF