**McGuireWoods LLP**
888 16th Street
Black Lives Matter Plaza
Washington, D.C. 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Michael L. Francisco**
Direct: 202.857.1722

McGuireWoods

mfrancisco@mcguirewoods.com
Fax: 202.828.3345

April 16, 2021

**Via ECF**

The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *Broidy, et al. v. Global Risk Advisors EMEA Ltd., et al.*, No. 1:19CV11861
Reply in Support of Plaintiffs' Motion for Extension and Expedited Ruling

Dear Judge Vyskocil:

Defendants improperly ask the Court to deny Plaintiffs' request for a short extension based on "bad faith" and "prejudice." ECF No. 91 at 1-2 (citing *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019)). Conspicuously, however, they fail to identify any prejudice from a mere 30-day extension. Nor can they explain why Plaintiffs' mundane extension request amounts to bad faith. Indeed, Plaintiffs have not yet determined whether they will seek leave to amend, and therefore any allegations of bad faith from a hypothetical motion to amend are speculative. Far from bad faith, Plaintiffs seek additional time to take up this Court's invitation to seek leave to amend the complaint.

Moreover, Defendants' suggestion that Plaintiffs have known about the "specific shortcomings" in their pleadings for three years is inaccurate. The opposite is true. One year ago—based on fewer allegations than those alleged here—the D.C. District Court *denied* in part a motion to dismiss because: "The Complaint states in detailed factual allegations the hacking scheme purportedly perpetuated by GRA and other members of the Qatari Enterprise to infiltrate the BCM servers." *Broidy Capital Mgmt. LLC v. Muzin*, No. 19-cv-150, 2020 WL 1536350, at *12 (D.D.C. Mar. 31, 2020). Plaintiffs reasonably anticipated that their more detailed allegations in this case would satisfy the federal pleading standard.

Ultimately, this Court took a contrary view to the D.C. District Court on the sufficiency of the pleadings. Although Plaintiffs respectfully disagree with the pleading standard applied by the Court, they must now determine whether they can allege the specific "link" required by the Court to satisfy Rule 12(b)(6). A request for 30 additional days to make this determination is not "bad faith," as suggested by Defendants.

For all these reasons, the Court should grant Plaintiffs' request to issue an expedited ruling that extends Plaintiffs' deadline for seeking leave to amend their pleading to May 31, 2021.

Thank you for your consideration of this matter.

          Respectfully submitted,

          */s/ Michael L. Francisco*

          Michael L. Francisco[*]

cc:    All Counsel of Record (via ECF)

---

[*] Not admitted in DC; admitted in CO. Application for admission to the DC bar filed; working under the direct supervision of an enrolled, active member of the DC bar
McGuireWoods LLP