McGuireWoods LLP
888 16th Street
Black Lives Matter Plaza
Washington, D.C. 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Michael L. Francisco**
Direct: 202.857.1722

**McGuireWoods**

mfrancisco@mcguirewoods.com
Fax: 202.828.3345

April 15, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2021
```

**Via ECF**

The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

>       Re:     *Broidy, et al. v. Global Risk Advisors EMEA Ltd., et al.*, No. 1:19CV11861
>               **Plaintiffs' Motion for 30-Day Extension and Expedited Ruling**

Dear Judge Vyskocil:

      This firm represents Plaintiffs Elliott Broidy and Broidy Capital Management, LLC (collectively, "Plaintiffs") in the above-captioned case. On March 31, 2021, the Court dismissed Plaintiffs' First Amended Complaint without prejudice and ordered Plaintiffs to file any motion for leave to amend their pleading within 30 days. For the reasons discussed below, Plaintiffs respectfully request that the Court issue an expedited ruling extending that deadline by an additional 30 days so that the new deadline to seek leave to amend is May 31, 2021. Plaintiffs have not previously requested any extensions of this deadline. Counsel for Defendants do not consent to this request and intend to file an opposition, although the date of their anticipated opposition remains unclear.

      The Court should grant Plaintiffs' requested extension because there is good cause to do so. Under Fed. R. Civ. P. 6(b)(1)(A), "the court may, for good cause, extend" a deadline that has not yet expired when the request is made. This "good cause" standard has been described as "non-rigorous," *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)), "lenient," *Villa v. Sw. Credit Sys., LP*, No. 19-CV-1701, 2020 WL 3808911, at *5 (W.D.N.Y. June 10, 2020), and "not difficult to show." *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013). Plaintiffs easily meet this standard.

      Plaintiffs have diligently pursued their hacking claims, as asserted in multiple actions filed in several different courts. Although Plaintiffs have always believed, and still do, that their allegations are sufficient to withstand a motion to dismiss, this Court held to the contrary: "Plaintiffs' Amended Complaint fails for the simple reason that it never plausibly connects the hacking activity to GRA or its agents." ECF No. 89 at 17. Nevertheless, the Court invited Plaintiffs to "remedy the deficiencies through amendment" by no later than April 30, 2021. *Id.* at 21.

Plaintiffs appreciate the opportunity to remedy what the Court views as "deficiencies" in their current pleading. However, while the motion to dismiss was pending, Plaintiffs obtained new counsel, who continue to get up to speed with the facts of the case and prior counsel's investigations into the hacking allegations. In light of this Court's decision, counsel needs more than 30 days to strategize and draft a proposed amended pleading that will satisfy the Court's concerns.

Further, counsel for Defendants have repeatedly threatened to sanction Plaintiffs should they even *attempt* to seek leave to amend. *See* Letter from O. Snyder to J. Cowley at 1 (Apr. 12, 2021) ("Any *attempt* to further amend the complaint will only increase the fees and costs we will seek to recover . . . .") (emphasis added). Plaintiffs take Defendants' threat seriously. Therefore, Plaintiffs need an additional 30 days to determine whether any forthcoming filings can be made without Defendants again raising the specter of sanctions. This will, of course, involve at least one meet-and-confer with Defendants' counsel should Plaintiffs elect to seek leave, as well as potential revisions to the proposed pleadings, before any filings are made.

Courts routinely find cause to grant extensions in similar circumstances to this case. *See, e.g.*, *United States v. Malik*, No. 15-cv-9092, 2016 WL 3000354, at *4 (D. Kan. May 25, 2016) (granting plaintiff additional discovery time after granting "leave to amend its complaint to add factual allegations and two new counts"); *Smith v. Conner*, No. 8:12CV52, 2013 WL 178974, at *2 (M.D. Fla. Jan. 17, 2013) (granting extension under Rule 6(b) based on "counsel's need for additional time to investigate the allegations of the amended complaint"); *Welding Svcs., Inc. v. Forman*, No. 2:05CV96, 2006 WL 8445325, at *2 (N.D. Ga. Feb. 8, 2006) (granting plaintiff's extension request because "the court recognizes that the amendment of plaintiff's complaint warrants additional discovery"). Here, too, the need for Plaintiffs' new counsel to continue the investigation based on the Court's recent opinion falls comfortably within the "good cause" standard.

Defendants oppose Plaintiffs' first-time request for a 30-day extension because: "Any further proposed amendment would be predicated on the same lie and futile." E-mail from O. Snyder to B. Spears (Apr. 15, 2021). Although this argument may be appropriate in opposition to a motion for leave to amend—if one is eventually filed—it has no bearing on a first-time request for a short extension of time, the purpose of which is to investigate the very allegations that Defendants claim to be sanctionable. A motion for extension of time is not the appropriate forum to litigate substantive objections to hypothetical future pleadings.

Moreover, even if prejudice were a factor in the Court's analysis, which it is not, Defendants will suffer no prejudice by a request for a 30-day extension. Over Plaintiffs' objection, Defendants previously requested and obtained a stay of discovery before Plaintiffs had the opportunity to add factual allegations to their pleading. That stay order remained in place (and still does) throughout the pendency of Defendants' motion to dismiss. Defendants should not be permitted to thwart Plaintiffs' investigatory efforts while simultaneously opposing a first-time request for an additional 30 days to investigate the specific facts identified in the Court's recent opinion.

Nor will Plaintiffs' requested extension cause any significant delay.[1]  This case has been pending for over a year.  The Court has not entered a scheduling order, discovery has not begun, and there is no trial date set.  Indeed, the parties have not even produced initial disclosures.  Thus, an additional 30 days for Plaintiffs to seek leave to amend will not cause Defendants difficulty in meeting other deadlines, nor will it require the Court to modify any scheduling order.

Finally, Plaintiffs respectfully request that the Court expedite its ruling on this motion.  In light of the upcoming deadline of April 30, Plaintiffs must triage their investigation into the allegations while simultaneously drafting a proposed amended pleading, should they determine it is appropriate to do so.  If the Court is inclined to grant the extension request, Plaintiffs will be able to conduct a more thorough investigation to decide how best to proceed.

For all these reasons, the Court should grant Plaintiffs' request to issue an expedited ruling that extends Plaintiffs' deadline for seeking leave to amend their pleading to May 31, 2021.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Michael L. Francisco*

Michael L. Francisco

cc: All Counsel of Record (via ECF)

> **GRANTED.  Plaintiffs' time to file a motion for leave to file an amended complaint is extended to June 1, 2021 (due to the holiday on May 31).  There will be no further extensions of this deadline.  SO ORDERED.**
>
> Date: 4/16/2021
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge

---

[1] Defendants are largely responsible for Plaintiff bringing this request later than it otherwise would have. Plaintiffs' counsel originally sought opposing counsel's consent to a 30-day extension on Thursday, April 8.  During that conversation, Plaintiffs' counsel noted the urgency of the request.  On the afternoon of Monday, April 12, Defendants' counsel sent a letter in which they neither consented to nor opposed the extension request.  Rather, they demanded a meet-and-confer before making a decision.  Thirty minutes later, Plaintiffs' counsel requested a meet-and-confer the following day, April 13.  On the afternoon of April 13, Defendants' counsel finally responded that it was unavailable until 3:00 ET on April 14.  Plaintiffs' counsel immediately agreed to that date and time.  During the meet-and-confer, Defendants' counsel indicated that they would consent to the extension request with the caveat that they needed client approval.  Plaintiffs' counsel again noted the urgency of the request, and Defendants' counsel advised that they would confirm within two hours.  Defendants' counsel responded the following day, April 15, to note their client's opposition to the extension.  As a result, Plaintiffs immediately filed this motion.