UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOTT BROIDY, et al.,

                  Plaintiffs,

     —v.—

GLOBAL RISK ADVISORS LLC, et al.,

                  Defendants.

Case No. 1:19CV11861 (MKV)

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

    Plaintiffs Elliott Broidy ("Broidy") and Broidy Capital Management, LLC ("BCM") (collectively, "Plaintiffs"), pursuant to Local Civil Rule 7.1(a)(2) and (3) and the Court's Opinion and Order of March 31, 2021 (ECF No. 89), submit this memorandum of law in support of their motion for leave to amend.

### INTRODUCTION

    Plaintiffs have remedied the specific issue previously identified by the Court in its Opinion and Order of March 31, 2021. The Court dismissed Plaintiffs' first amended complaint without prejudice because "it never plausibly connect[ed] the hacking activity to GRA or its agents." Since then, Plaintiffs have obtained and verified additional information, including from a former GRA employee who can connect the hacking and surveillance activity to GRA and its agents. In fact, that former GRA employee has signed a declaration under penalty of perjury saying just that. His statements, which are incorporated and alleged in the proposed second amended complaint, resolve the sole basis for the Court's prior dismissal by supplying a plausible basis in fact for the link between GRA and the hack-and-smear operation that the Court previously identified as wanting.

Therefore, under the liberal standard for granting leave to amend, Plaintiffs should be permitted to file their proposed second amended complaint, and this case should proceed on the merits.

**ARGUMENT**

The Court should grant Plaintiffs leave to amend because they have done exactly what the Court instructed them to do by plausibly connecting GRA to the hacking. Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." As the Supreme Court has explained, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit, moreover, has repeatedly reversed or vacated district courts for abusing their discretion in denying leave to amend. *See, e.g.*, *Grullon v. City of New Haven*, 720 F.3d 133, 142 (2d Cir. 2013); *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011); *United States ex rel. Maritime Admin. v. Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989).

Recognizing the liberal standard for the amendment of pleadings, this Court routinely grants leave to amend under circumstances like those presented here. Just three weeks ago, for instance, this Court granted leave where the plaintiff overcame the pleading deficiencies through testimony of the defendant's former employee. *See In re Madison Asset LLC*, No. 1:20CV10299, 2021 WL 1894032, at *1 (S.D.N.Y. May 11, 2021) (Vyskocil, J.). This Court also granted leave to amend where the plaintiff asserted that it could cure "at least some deficiencies that have been identified." *Tillman v. New York City Dep't of Human Res. Admin.*, No. 1:20CV1153, 2021 WL 1089647, at *10 (S.D.N.Y. Mar. 22, 2021) (Vyskocil, J.).

The circumstances here provide an even stronger basis for granting leave to amend. The Court previously identified a single pleading deficiency: "Plaintiffs' Amended Complaint fails for the simple reason that it never plausibly connects the hacking activity to GRA or its agents." (ECF

2

No. 89 at 17). Plaintiffs' proposed second amended complaint cures that issue. Specifically, Plaintiffs allege the following:

- "Chalker told GRA personnel that Chalker and GRA were responsible for the hack-and-smear operation targeting Broidy/BCM." Decl. of M. Francisco (6/1/21), Exhibit 1 ¶ 116;

- "Chalker also told GRA personnel that Chalker, Garcia, and Courtney Chalker had destroyed electronic devices and other materials containing evidence of the Broidy/BCM hacking as soon as this litigation was filed. This was done to conceal the role of GRA and Kevin Chalker in the hacking." *Id.* ¶ 117; and

- "In addition to the hacking, Chalker and GRA also directed the electronic and physical surveillance of Broidy, according to former GRA personnel." *Id.* ¶ 118.

These allegations, standing alone, are more than adequate to satisfy the Court's prior concern under the Fed. R. Civ. P. 8 pleading standard. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 159 (2d Cir. 2021) ("The following facts are taken from the factual allegations in the second amended complaint, which we accept as true."); *Snyder v. Fantasy Interactive, Inc.*, No. 11 Civ. 3593 (WHP), 2012 WL 569185, at *1, 3 (S.D.N.Y. Feb. 9, 2012) (denying motion to dismiss hacking claim based on an allegation that the defendant company's IT director had told former employees that he committed the hacking). But even if more were required at this stage (and it is not), Plaintiffs have offered to submit for *in camera* review the former GRA employee's declaration made under penalty of perjury, which provides the evidentiary basis for the allegations. Given all this, there can be no argument that the proposed second amended complaint is futile, because it directly cures the deficiency identified by the Court.

## CONCLUSION

For the reasons discussed, the Court should grant Plaintiffs' motion for leave to amend.

<table>
<tr><td>Dated: June 1, 2021</td><td>Respectfully submitted,<br>ELLIOTT BROIDY<br>BROIDY CAPITAL MANAGEMENT, LLC<br><em>By Counsel</em></td></tr>
</table>

                                                *s/ George J. Terwilliger III*
George J. Terwilliger III
Michael Francisco
McGuireWoods LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com
mfrancisco@mcguirewoods.com

Brooks H. Spears
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing on the Court's CM/ECF system, which will send notice to all counsel of record.

                                                           *s/ George J. Terwilliger III*
                                                        George J. Terwilliger III