**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

June 15, 2021

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

      Defendants respectfully submit this letter in opposition to Plaintiffs' June 1, 2021 request to communicate *ex parte* with the Court and to submit a declaration *in camera* (Dkt. 98).

      For three years, Mr. Broidy has waged a litigation campaign against Defendants in multiple courts based on the unsupported claim that unspecified "forensic investigations" have identified Defendants as "hackers" who accessed his computer systems. *See, e.g.*, Dkt. 1 ¶ 3 (alleging that Mr. Broidy's "forensic investigations into the unlawful hacks" "reveal[ed] GRA's involvement").[1] This bald allegation is a lie. Mr. Broidy's five complaints against Defendants in this case and other courts have contained allegations about the IP addresses used in the alleged hacks, but no factual allegations tying Defendants to them. This has been, and continues to be, a bad faith misuse of the judiciary system for an improper purpose.

      On March 31, 2021, Your Honor dismissed the First Amended Complaint, ruling that by boasting of knowledge of the IP addresses involved, but not "providing any connection between GRA and these IP addresses" at all, Mr. Broidy actually made it "*less* plausible that GRA had a role in the hacking attacks." Dkt. 89 at 19 (emphasis added). On June 1, Mr. Broidy sought leave to amend, but his proposed Second Amended Complaint ("SAC") again provides none of the required missing links identified by Your Honor in the dismissal. Defendants' opposition to the motion to amend is due on July 13, and we will demonstrate that the motion should be denied.

      Mr. Broidy and his lawyers know the SAC is deficient. They know they cannot certify under Rule 11 that they have a shred of evidentiary support for their claims. That is why they are resorting to a tactic that has no place in our judicial system and reeks of more bad faith. Mr. Broidy has submitted an anonymous declaration that he says provides the missing link. It does no such thing. The mystery declarant merely says he "*was in a position to* obtain knowledge" that Mr. Chalker "had knowledge of" the hack and that "GRA was responsible." Dkt. 97-1 at 84 ¶ 6 (emphasis added). This artful and misleading language begs the question. The declarant does not say he *did* in fact obtain information implicating Defendants. Thus, even accepting the declaration as true, it does not supply any missing link between an alleged hack and Defendants.

---

[1] *See also id.* ¶¶ 48, 55, 57, 239; Dkt. 57 ¶¶ 96, 341; Dkt. 97-1 ¶ 309; *Muzin* (D.D.C. 2019), Dkt. 11-1 ¶¶ 115, 223; *State of Qatar* (C.D. Cal. 2018), Dkt. 1 ¶ 73.

Indeed, the declaration does nothing at all. Surely *any* GRA employee could testify that they were "in a position to obtain knowledge" if the company engaged in hacking—and yet *no one* has come forward to say they do in fact know such a thing. The declaration is an egregious sleight of hand that only confirms there is no evidence to support Mr. Broidy's false claims.

The declaration is egregious for another reason: it is an attempted end-run around due process. Rules 11, 12, and 15 govern pleadings in federal court, and the law is clear that, in order to state a claim, a party must include plausible allegations in the pleading itself, not in some mystery side document that only the Court can see in its entirety. Mr. Broidy and his lawyers do not even stand by or certify the truth of the declaration: they incorporate it by reference in the SAC, but do not affirmatively plead its contents.

Mr. Broidy knows he cannot state a claim—let alone meet the requisite pleading standards in open court. So he has thrown out all pretense of due process, seeking instead to engage in *ex parte* dialogue with the Court. There is no legitimate basis for such a Star Chamber, especially not in connection with a motion for which Mr. Broidy would enjoy the presumption of truth for any factual allegation he makes in good faith. *See Mitchell v. Fishbein*, 2007 WL 2669581, at *2 (S.D.N.Y. Sept. 13, 2007) (denying request for *ex parte* review where party did "not say directly . . . what is the purpose of having the Court undertake this task"); *see also Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990). If Mr. Broidy had more to say about the declarant, it was incumbent on him to plead it in the SAC on information and belief so that it could be tested under Rules 12 and 15 (and eventually Rule 11). *See U.S. v. Daugerdas*, 2020 WL 364601, at *3 (S.D.N.Y. Jan. 22, 2020). Mr. Broidy has no basis for this blatant circumvention.

Mr. Broidy's true purpose here is clear: to further defame Mr. Chalker in a private audience with the Court. The anonymous declarant vaguely says that Mr. Chalker has "a history of . . . threatening individuals and retaliating against them," Dkt. 97-1 at 85 ¶ 9, and Mr. Broidy's counsel George Terwilliger wishes "to discuss" this smear "with the Court *ex parte*," Dkt. 98-1 ¶ 7. But "the submission of secret argument is antithetical to our adversary system of justice." *Schiller v. City of N.Y.*, 2008 WL 186203, at *2 (S.D.N.Y. Jan. 22, 2008). There are of course limited exceptions, but Mr. Broidy does not even attempt to make the requisite "particular and specific demonstration of fact"—nor could he. *See In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 32, 37 (S.D.N.Y. 2003).[2]

Mr. Broidy's proposal should be rejected out of hand, and the anonymous declaration should be stricken under Rule 12(f). We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

---

[2] Mr. Broidy's cited cases are inapposite because (a) they concerned evidentiary motions or discovery requests in which the identity of the declarant would have been relevant and (b) the declarants faced specific, imminent risks such as mob violence, public disclosure as a rape survivor, or deportation or incarceration.