**McGuireWoods LLP**
888 16th Street
Washington, D.C. 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

**MCGUIREWOODS**

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

June 17, 2021

**Via ECF**
The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

>   Re:   *Broidy, et al. v. Global Risk Advisors EMEA Ltd., et al.*, No. 1:19CV11861
>   **Plaintiffs' Reply in Support of Letter Motion for *In Camera* Review**

Dear Judge Vyskocil:

On behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC, and pursuant to the Court's Order of June 8 (ECF No. 100), we submit this reply in support of Plaintiffs' letter motion to submit a signed declaration *in camera* review.

Plaintiffs offered to submit an affidavit from a corporate whistleblower that supports the Plaintiffs' Motion To Amend and the proposed Second Amended Complaint. Due to serious and legitimate concerns for personal safety on the part of the whistleblower if the whistleblower were identified at this early stage of the proceedings, the affidavit was offered for *in camera* review. Defendants have little to say in response to the security and safety concerns outlined in the motion; instead, Defendants criticize the proposed amended complaint. Much of this is premature and unrelated to issue of *in camera* review.

First, Defendants parse the language of the declarant's statements and complaint that it does not connect GRA to the hacking. The declarant, however, expressly states that "GRA was responsible for the hacking." ECF No. 97-1, Ex. A ¶ 6. The declaration states definitively, that "I have personal knowledge about the matters stated in this declaration" – which includes the description of Kevin Chalker and GRA as "engaged in physical and electronic surveillance of Broidy," and that Chalker and GRA "took steps to hide and destroy" evidence of hacking. *Id*. Thus, Defendants' are wrong to claim the declaration "does not supply any missing link between an alleged hack and Defendants." ECF No. 101 at 1. Challenges to the sufficiency of Complaint allegations are premature and should be raised in the motion for leave to amend context.

Second, Defendants miss the mark by arguing that the Court should reject the declaration because it does not forensically connect GRA to the hacking via IP addresses. The declaration is a sworn statement of a witness with personal knowledge that GRA conducted the hacking in question. *See Tyan, Inc. v. Garcia*, 2016 WL 7655790 (C.D. Cal. May 19, 2016) (hacking claim supported by witness evidence). Defendants concede that the allegations in the complaint "enjoy the presumption of truth" at this stage.  *Id.* at 2. Allegations in the complaint drawn from witnesses with firsthand knowledge are entitled to at least equal weight as forensic evidence. *E.g. Integrated*

*Bus. Tech., LLC v. Netlink Solutions, LLC*, 2016 WL 4742306 (N.D. Okla. Sept. 12, 2016) (hacking claim advanced past motion to dismiss without forensic connection to IP addresses). And again, the sufficiency of the complaint is not yet ripe for argument.

Third, Defendants erroneously argue that Plaintiffs' lawyers are attempting an end-run around Rule 11 by relying on a witness declaration. This argument ignores dozens of allegations in the proposed Second Amended Complaint, all of which are certified under Rule 11. *See, e.g.*, ECF No. 97-1 ¶¶ 116 ("Chalker told GRA personnel that Chalker and GRA were responsible"), 117 ("Chalker also told GRA personnel that Chalker, Garcia, and Courtney Chalker had destroyed electronic devices and other materials containing evidence of the Broidy/BCM hacking"), 118 ("Chalker and GRA also directed the electronic and physical surveillance of Broidy"), 178 ("GRA and Chalker … directed and controlled the hacking"), 196 ("GRA and Chalker … directed and controlled the hacking"). If Defendants believe they have a valid challenge to these allegations under Rule 11, they should make it, rather than threatening to do so. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1123 (7th Cir. 1992) ("The district court judge should not tolerate turning the Rule 11 motion into a method of intimidation.").

Fourth, Defendants cite case law that is inapposite. Unlike here, *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 32 (S.D.N.Y. 2003) centered on a protective order in the context of an interrogatory and motion to compel the identity of corporate whistleblowers. This is not a protective order motion. Defendants' reliance on *Schiller v. City of N.Y.*, Nos. 04 Civ. 7922, et al., 2008 WL 186203 (S.D.N.Y. Jan. 22, 2008), is equally misplaced. There, unlike here, the other party consented to the submission of documents for *in camera* review. *See Schiller*, 2008 WL 186203 at *2. No *ex parte* conversation with the Court would be necessary if Defendants would similarly consent to in camera review. Finally, *Mitchell v. Fishbein*, No. 01 Civ. 2760, 2007 WL 2669581 (S.D.N.Y. Sept. 13, 2007), does not show that in camera review should always be equated to the "Star Chamber." ECF No. 101 at 2. That pejorative is misguided in this case. Plaintiffs are not asking the Court to make any *rulings* without Defendants' participation. Plaintiffs, facing Defendants threats for Rule 11 sanctions should they consider filing an amended complaint, have simply offered to submit the declaration for the Court to verify that it was validly signed and attested to under penalty of perjury, given serious and substantial security concerns for the whistleblower. This follows precisely the same procedures approved by other courts, *see, e.g.*, *Doe v. Google LLC*, No. 20-cv-7502-BLF, 2020 WL 6460548 (N.D. Cal. Nov. 3, 2020).[1]

For all these reasons, we ask the Court to grant Plaintiffs' motion. Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ George J. Terwilliger III*

---

[1] In a single sentence at the end of their letter, Defendants refer to Rule 12(f), which allows the Court to strike a pleading that is (i) redundant, (ii) immaterial, (iii) impertinent, or (iv) scandalous. "It is well settled," however, "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Toshiba Corp. v. Am. Media Int'l, LLC*, No. 12 Civ. 800, 2012 WL 3822759, at *2 (S.D.N.Y. Sept. 4, 2012) (internal quotation marks omitted). Defendants do not explain or seriously argue any grounds for striking. The affidavit should stand.