**McGuireWoods LLP**
888 16th Street
Black Lives Matter Plaza
Washington, D.C. 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

**McGUIREWOODS**

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

July 27, 2021

**VIA ECF**
The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> Re: *Broidy, et al. v. Global Risk Advisors EMEA Ltd., et al.*, No. 1:19CV11861
> **Plaintiffs' Request for Pre-Motion Conference to File Motion to Strike**

Dear Judge Vyskocil:

On behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC, and pursuant to the Court's Individual Rules of Practice 4(A)(i), we submit this request for a pre-motion conference to file a motion to strike. Although we recognize that Rule 4(A)(i)'s "pre-motion" requirement does not specifically encompass motions to strike, we are submitting this request in an effort to comply with the spirit of the rule. Should the Court determine that a pre-motion conference is unnecessary, we ask that the attached Notice of Motion (**Exhibit 1**), Memorandum (**Exhibit 2**), and Declaration (**Exhibit 3**) be deemed filed and that this request be denied as moot.

On March 31, 2021, the Court dismissed Plaintiffs' First Amended Complaint on the specific and narrow ground that "it never plausibly connects the hacking activity to GRA or its agents." ECF No. 89 at 17. The Court also invited Plaintiffs to submit a proposed Second Amended Complaint along with a motion for leave to amend. *See id.* at 18. Critically, moreover, because the dismissal was based purely on "factual deficiencies," the Court identified the relevant question for leave to amend as "whether further amendment would be futile or if Plaintiff could remedy the deficiencies through amendment." *Id.*

Plaintiffs took the Court's ruling at face value and spent the next two months investigating to identify facts that would cure the prior "deficiencies" noted by the Court. As a result of that investigation, Plaintiffs obtained first-hand testimony from a former GRA employee confirming that Kevin Chalker admitted to the hacking. *See* ECF No. 97-1, Ex. A. Within the Court's prescribed deadline, Plaintiffs filed a proposed SAC that included these allegations connecting the hacking activity to GRA. *See* ECF No. 97-1 ¶¶ 116-18. Additionally, Plaintiffs filed a three-page motion for leave to amend that exclusively addressed the futility issue identified by the Court. *See* ECF No. 95.

Defendants' sixteen-page opposition went well beyond the futility question framed by the Court and Plaintiffs' motion. *See* ECF No. 104. While their putative futility argument is limited to only three pages, the balance of their brief contains abusive and improper accusations of unethical conduct, intentional delay, and other offensive allegations against Broidy and his

attorneys.  *See id.*  Indeed, the first half of Defendants' brief does not even pretend to be legal argument.  *See id.* at 1-8.  Rather, the brief is replete with inflammatory terms such as "lied," "dilatory motive," "shameless," "harassment," and many others.  Shockingly, Defendants also resort to improper name-calling—falsely referring to Broidy as a "two-time convicted felon."

These unprofessional attacks have nothing to do with the Court's straightforward legal question of "whether further amendment would be futile."  ECF No. 89 at 18.  Recognizing, however, that the baseless accusations cannot go unrebutted, Plaintiffs have severed them from the briefing on the motion for leave to amend, seeking instead to address them separately in a motion to strike.  Defendants' attacks on Broidy and his attorneys fall comfortably within the Court's "inherent authority . . . to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances."  *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 Civ. 2669, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) (internal quotation marks omitted).

For these reasons, Plaintiffs request a pre-motion conference to address any questions the Court may have about the proposed motion to strike.

Thank you for your consideration of this important matter.

Respectfully submitted,

*/s/ George J. Terwilliger III*
George J. Terwilliger III

cc:   All Counsel of Record via ECF