# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ELLIOTT BROIDY, et al., | |
| Plaintiffs, | |
| —*v.*— | Case No. 1:19CV11861 (MKV) |
| GLOBAL RISK ADVISORS LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Since Plaintiffs' counsel entered their appearance several months ago, Defendants have threatened sanctions five times, not including multiple threats in telephone calls.  Now, in a putative opposition to a three-page motion for leave to amend, Defendants fill more than sixteen pages with name calling, ethical accusations, and scurrilous insinuations.  We regret having to burden the Court further with this motion, but unfortunately it appears necessary for the Court to intervene and return the focus to the merits.

If Defendants nonetheless want to test the allegations of the SAC under Rule 11, they need to move for sanctions and comply with the procedural requirements.[1] But they should not be permitted to continue this abusive and improper line of attack in virtually every communication with counsel and submission to the Court. Plaintiffs therefore move to strike these portions of Defendants' brief to stop Defendants' impropriety.

---

[1] Defendants may well have opted not to seek sanctions because doing so would expose them to monetary penalties of their own. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorneys' fees, incurred for the motion."); *see also Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) ("Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court may find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney.").

**ARGUMENT**

The Court should exercise its inherent authority to strike from Defendants' brief the irrelevant accusations, offensive insinuations, and false statements, as outlined below.[2]  "A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances."  *Sierra v. United States*, No. 97 CIV. 9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998).  This includes the authority to strike portions of a filing.  *See, e.g.*, *Ambrose v. City of White Plains*, Nos. 10 Civ. 4946, et al., 2011 WL 13290651, at *7 (S.D.N.Y. Sept. 30, 2011).

**I.      Broidy is not a "two-time convicted felon."**

The very first sentence of Defendants' brief falsely labels Broidy as a "two-time convicted felon." ECF No. 104 at 1. Contrary to that misstatement, Broidy was convicted of attempt to reward official misconduct under New York law, which is a Class A misdemeanor. *See* N.Y. Penal L. §§ 110.05(7), 200.20. Indeed, during Broidy's recent plea colloquy for unrelated charges, Judge Kollar-Kotelly recognized that, "[a]s far as the criminal history, I understand you have one *misdemeanor*."  *United States v. Broidy*, No. 1:20CR210 (D.D.C. Oct. 20, 2020), ECF No. 13 (emphasis added). Moreover, because Broidy was pardoned for these recent federal charges, Judge Kollar-Kotelly never entered a judgment of conviction. *See Ash v. Reilly*, 354 F. Supp. 2d 11, 14 (D.D.C. 2005) (holding that a conviction becomes final only when "the judgment of conviction was rendered"). Thus, Defendants' attempt to paint Broidy in a false light is abusive and improper, and the Court should strike this mischaracterization from Defendants' brief.

---

[2] The specific portions of the brief that Plaintiffs ask to be struck are set forth at the beginning of each Argument section. Although this motion focuses only on those allegations that are abusive and improper, many others are blatantly false. *Compare, e.g.*, ECF No. 104 at 1 (claiming that Broidy does not allege "how he was harmed") *with, e.g.*, ECF No. 97-1 ¶¶ 185-87.

II.     **Plaintiffs never "promised" a forensic link.**

Defendants falsely accuse Plaintiffs of promising a forensic link between Defendants and the IP addresses associated with the hacking. *See* ECF No. 104 at 1 (stating that Plaintiffs went "all-in on the promise of 'forensic' evidence"), 3 ("Plaintiffs Have Based Their Entire Case on the Promise of 'Forensic' Evidence"), 6 ("Plaintiffs have never had any reliable 'forensic' evidence of hacking in the first place, and [] their prior reliance on the promise of such evidence was a falsehood designed to maintain a baseless complaint."). However, not one of these accusations actually quotes or cites to Plaintiffs' purported "promise," which, contrary to Plaintiffs' false accusations, was never made.

At most, Defendants cite Plaintiffs' unremarkable allegation that "[t]hey have hired experts to conduct forensic investigations into the unlawful hacks, and have gained additional information even before merits discovery." ECF No. 104 at 3-4 (quoting ECF No. 1 ¶ 3). In a footnote, Defendants also reference a different case in which Plaintiffs alleged that their "advanced cyber unit was able to uncover problems with the attacker's obfuscation technique on February 14, 2018, which revealed that the attack originated in Qatar." *Id.* at 4 n.1 (quoting *Broidy Capital Mgmt., LLC v. State of Qatar*, 2:18CV2421 (C.D. Cal.), ECF No. 1 ¶ 73). Both these allegations are true. More to the point, neither of the two allegations—which provide the *sole* basis for Defendants' contention—contains any "promise," let alone a promise to produce a forensic link between GRA and the hacking. The Court should strike Defendants' abusive and improper accusations of this alleged "promise" from their brief.

III.    **Plaintiffs did not request an *ex parte* hearing on the SAC.**

Defendants falsely claim that "Plaintiffs have requested a Star Chamber session with the Court." ECF No. 104 at 7; *see also id.* at 2-3 (stating falsely that "Broidy's counsel proposes to

meet with the Court *ex parte* to plead his case"), 7 (mischaracterizing Plaintiffs' letter motion to submit whistleblower declaration as a "request to open an *ex parte* dialogue with the Court"), 12 (accusing Plaintiffs of "an obvious attempt to engage in *ex parte* argument on the viability of the SAC"). Nowhere in their motion do Plaintiffs seek an *ex parte* hearing with the Court. *See* ECF No. 98.

Still, Defendants take issue with the following statement from the declaration of Plaintiffs' counsel: "The Whistleblower's fear for his safety is supported by other information he has supplied to us, which I am willing to discuss with the Court *ex parte*." ECF No. 98-1 ¶ 7. This declaratory statement is not a "request" for anything. But even construing it as a request, it is expressly limited to the evidence supporting the whistleblower's "fear for his safety." ECF No. 98-1 ¶ 7. It is not, as Defendants suggest, an "attempt to engage in *ex parte* argument on the viability of the SAC." ECF No. 104 at 12. The Court should therefore strike Defendants' abusive and improper accusations.[3]

## IV.   Plaintiffs did not "withhold evidence" or "hide the ball."

Defendants imply that Plaintiffs violated some unspecified obligation by not alleging Chalker's admission of liability to the whistleblower in prior pleadings. *See* ECF No. 104 at 9 ("Plaintiffs … withheld basic information about that theory to Defendants' detriment"), 9 ("Plaintiffs have insisted on hiding the ball."), 11 ("Plaintiffs hid the actual putative basis for their claims for upwards of three years…."), 12 ("Plaintiffs have hid[den] the alleged basis for their claims for more than three years."). No such obligation exists. To the contrary, "the plaintiff is not required to plead every fact it could to assert its claim when it learns of a fact." *Armstrong Pump,*

---

[3] Defendants also accuse Plaintiffs of "inappropriate" conduct by requesting to submit the whistleblower declaration for *in camera* review. ECF No. 104 at 7. Again, this is an abusive and improper accusation, as courts routinely allow—and sometimes *require*—precisely the type of submission proposed by Plaintiffs. *See, e.g., Doe v. Google LLC*, No. 20-cv-7502, 2020 WL 6460548, at *3 (N.D. Cal. Nov. 3, 2020) (requiring party to submit signed version of anonymous affidavit for *in camera* review); *Todd v. Lovecruft*, No. 19-cv-1751, 2020 WL 60199, at *10 (N.D. Cal. Jan. 6, 2020) (permitting party to file signed version of anonymous affidavit under seal).

*Inc. v. Hartman*, No. 10CV446S, 2012 WL 1795060, at *5 (W.D.N.Y. May 15, 2012). "The fact that plaintiff here may have had more information than it alleged initially and waited to raise it … does not mean it acted in bad faith." *Id.* Thus, the Court should strike Defendants' inappropriate contentions that Plaintiffs nefariously withheld information.

## V.      Plaintiffs did not "lard" the SAC with "false" allegations.

Defendants also incorrectly allege that Plaintiffs' SAC is chock full of "false" allegations. *See* ECF No. 104 at 3 (accusing Plaintiffs of "lobbing a never-ending series of falsehoods at Defendants"), 9 ("Plaintiffs have also insisted on larding up their complaint with false and irrelevant allegations about [Defendants]."), 13 ("Plaintiffs have repeatedly served up voluminous pleadings larded with inflammatory and demonstrably false statements…").   Despite these sweeping accusations, Defendants identify only *one* of 352 allegations as purportedly false. *See* ECF No. 97-1 ¶ 99. If Defendants wish to put this allegation to the test of Rule 11, they should move for sanctions on it. Instead, they improperly ask the Court to make a finding of fact based on an unauthenticated, inadmissible, and inconclusive plane ticket—which Defendants incorrectly identify as a "boarding pass"—that Plaintiffs have had no opportunity to contest.[4] The Court should reject this invitation and strike Defendants' inappropriate argument about this disputed issue of fact.

## VI.     Defendants incessant threats of Rule 11 sanctions are abusive.

Defendants' improper use of Rule 11 is not only recurring, but since undersigned counsel substituted in this case, it has become the hallmark of Defendants' communications with counsel and their filings with the Court. For example, several days after the Court permitted Plaintiffs an

---

[4] Plaintiffs' counsel disputes the suggestion that Defendants' counsel offered to provide this plane ticket during a meet and confer. *See* ECF No. 104 at 8. Counsel denied the allegation but did not discuss specific evidence, as the motion implies. Moreover, the argument that Plaintiffs' counsel should have "asked to see the evidence" rings hollow in light of Plaintiffs' repeated efforts to initiate discovery, which Defendants rebuffed at every turn. *See, e.g.*, ECF No. 41.

opportunity to seek leave to amend, counsel (new to the case) requested an extension of time to investigate the claims. Even before Defendants responded to that request, they threatened sanctions. *See* Decl. of M. Francisco, Ex. A at 2 (asserting that Plaintiffs have sued Defendants "without regard for … Rule 11"). Then, when Defendants subsequently submitted their opposition to the Court, they again threatened sanctions. *See* ECF No. 91 (threatening to seek "dismissal and sanctions"). When Plaintiffs offered to meet and confer on the motion for leave to amend, Defendants once again threatened to seek "sanctions and attorney's fees under Rule 11." *See* Decl. of M. Francisco, Ex. B. This refrain continued in Defendants' next filing. *See* ECF No. 101 ("They know they cannot certify under Rule 11…"). Now, yet again, Defendants have casually invoked Rule 11 in opposition to a straightforward motion for leave to amend. *See* ECF No. 104 at 10-11 ("Such a plain violation of Rule 11 also warrants denying leave to amend.").

Defendants' relentless and casual references to Rule 11 are inappropriate. *See Macmillan, Inc. v. Am. Express Co.*, 125 F.R.D. 71, 80 (S.D.N.Y. 1989) ("Rule 11 sanctions are very serious, and courts should not impose them lightly."). Indeed, the advisory committee's notes to Rule 11 expressly prohibit Defendants' misconduct. *See* Fed. R. Civ. P. 11, advisory committee notes to 1993 amendment (explaining that Rule 11 threats should not be made to "test the legal sufficiency or efficacy of allegations in the pleadings" or "intimidate an adversary into withdrawing contentions that are fairly debatable").

Defendants' likewise attempt to obtain a judicial finding on Rule 11 challenges without complying with the procedural prerequisites.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service …

Fed. R. Civ. P. 11(c)(2); *see also Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010)

("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied.").

Therefore, the Court should strike Defendants' abusive and improper invocation of Rule 11.[5]

## CONCLUSION

For the reasons discussed, the Court should grant Plaintiffs' motion to strike.


Dated: July 27, 2021

Respectfully submitted,
ELLIOTT BROIDY
BROIDY CAPITAL MANAGEMENT, LLC
*By Counsel*

 s/ George J. Terwilliger III
George J. Terwilliger III
Michael Francisco
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com
mfrancisco@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com

---

[5] Defendants mistakenly cite *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-CV-1007, 2021 WL 84308, at *6 (S.D.N.Y. Jan. 11, 2021), as authority for conflating Rule 11 findings with findings of bad faith on a motion for leave to amend. *See* ECF No. 104 at 11. But in *Coral Crystal*, the plaintiff sought sanctions *in addition to* opposing the defendant's proposed amendment to its affirmative defenses. *See Coral Crystal*, 2021 WL 84308 at *4 ("Coral urges the Court to deny the motion to amend … *and* requests sanctions pursuant to Fed. R. Civ. P. 11.") (emphasis added). Moreover, Magistrate Judge Moses only discussed Rule 11 in the context of futility, *see id.* at *6; she did not conflate Rule 11 with findings of bad faith, which is what Defendants ask this Court to do. *See* ECF No. 104 at 10-11.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing on the Court's CM/ECF system, which will send notice to all counsel of record.

_s/ George J. Terwilliger III_____

George J. Terwilliger III