# EXHIBIT A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

April 12, 2021

VIA ELECTRONIC MAIL

Jason Cowley
McGuire Woods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 2820220036-1795

Re:     *Broidy et al. v. Global Risk Advisors LLC et al.*, 19-cv-11861

Dear Mr. Cowley:

We write in response to your request for additional time to amend your client Elliott Broidy's First Amended Complaint ("FAC"). We are dismayed that you would consider trying to resuscitate this baseless and abusive lawsuit. Your client knows full well that he has no factual basis to support the false and inflammatory allegations he has thrown at our clients. This lawsuit was filed in bad faith and for an improper purpose, and we therefore intend to seek appropriate sanctions at the conclusion of this case under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power. Any attempt to further amend the complaint will only increase the fees and costs we will seek to recover from the plaintiff and his parade of lawyers. Guide your conduct accordingly.

Turning to your request, Mr. Broidy does not have a right to file a second amended complaint. The Court dismissed the FAC on March 31, 2021, finding that "[t]he only identifiable facts about the hacks" that Mr. Broidy alleges he suffered "are not linked to Defendants in any way and cannot lead to a plausible inference of their liability." *See* Dkt. 89. The FAC was filed in response to Defendants' first motion to dismiss, which raised the same insufficiency grounds on which the Court eventually based its decision dismissing the FAC. *See* Dkt. 46, 57. Clearly, Mr. Broidy was already on notice of, and already had an opportunity to address, the lack of allegations plausibly tying Defendants to the alleged hacks. As this Court has recognized, "'When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.'" *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 1:20-CV-2327-MKV, 2021 WL 930616, at *3 (S.D.N.Y. Mar. 11, 2021) (quoting *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018)).

**GIBSON DUNN**

Jason Cowley
April 12, 2021
Page 2

Where, as here, the plaintiff has repeatedly demonstrated an inability to cure such defects, dismissal with prejudice is appropriate. *See, e.g.*, *Dominguez v. Grand Lux Cafe LLC*, 19-CV-10345 (MKV), 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020); *Lopez v. Capital Grille Holdings, Inc.*, 1:19-CV-09891 (MKV), 2020 WL 4735121, at *4 (S.D.N.Y. Aug. 14, 2020). Despite peddling his conspiracy theories throughout the U.S. judicial system for more than three years, Mr. Broidy has never offered allegations tying Defendants to the alleged hacks. He has had every opportunity to do so. In addition to the two complaints filed here, Mr. Broidy filed two complaints against our client Kevin Chalker in the Central District of California, but never offered any actionable allegations there either. And we repeatedly raised the speciousness of Mr. Broidy's allegations with his former counsel, who never offered any support for Mr. Broidy's claims outside of the pleadings.

Defendants therefore intend to oppose Mr. Broidy's motion for leave to amend.

We cannot consider your request for additional time to seek leave until we have an opportunity to meet and confer. We are mindful of the challenges faced by substitute counsel and are willing to discuss a reasonable scheduling accommodation as you get up to speed. But we would like to meet and confer with you in advance of the current April 30, 2021 deadline to discuss how, exactly, Mr. Broidy proposes to amend the FAC. We are concerned that such an amendment will be used merely to delay the ultimate vindication of our clients and to further slander them under the guise of the litigation privilege, while exposing Mr. Broidy (and potentially your firm) to additional liability for improper filings.

As you must know, Mr. Broidy is a two-time convicted felon with a long history of trading on fantastical promises. Most recently, Mr. Broidy pleaded guilty to a violation of the Foreign Agents Registration Act in connection with a failed attempt to derail the 1MDB investigation for profit. As we have detailed in correspondence with Mr. Broidy's former counsel, this lawsuit appears to be yet another attempt by Mr. Broidy to secretly do the bidding of a foreign sponsor without regard for applicable rules and regulations—including, in this case, Rule 11. Your firm is now at least the third successive firm to represent Mr. Broidy in civil lawsuits attacking the alleged business partners of the State of Qatar on a flimsy and non-actionable pretext, and we are increasingly concerned about the reasons why two firms have withdrawn from their representation of Mr. Broidy in these matters.

If Mr. Broidy had additional evidence of his conspiracy theory he would have presented it to the Court. The history of this case suggests that Mr. Broidy lied to get into court, for reasons that remain to be explored, and is gearing up for another salacious pleading that is predicated on lies.

**GIBSON DUNN**

Jason Cowley
April 12, 2021
Page 3


      We would appreciate an opportunity to speak frankly with you about what Mr. Broidy hopes to accomplish through further litigation.  We will also take up your request for an extension at that time.

      All rights reserved.

Sincerely,

*/s/ Orin Snyder*
Orin Snyder