**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

July 30, 2021

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:     *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

Defendants respectfully submit this letter in response to Plaintiffs' July 27, 2021 request for a pre-motion conference regarding a motion to strike portions of Defendants' opposition to Plaintiffs' motion for leave to amend the Complaint for a second time (Dkt. 108). The motion to amend is fully briefed and is before the Court for decision. Plaintiffs' request to strike portions of Defendants' opposition brief is a transparent end-run around the page limits established by the Court's rules and simply seeks to tack-on additional arguments to Plaintiffs' reply brief that they could have readily included in their reply. The request is improper, would waste the Court's and the parties' resources, and should be denied without a pre-motion conference or further briefing.

Plaintiffs ask the Court to strike certain purportedly "abusive or otherwise improper" legal arguments made by Defendants in their opposition to Plaintiffs' Rule 15 motion for leave to amend the Complaint. Dkt. 108 at 2. Defendants' legal arguments that Plaintiffs want stricken all address why Plaintiffs should not be granted leave under Rule 15. *See id.* at 1 (seeking leave to strike all of Defendants' opposition with the exception of the futility argument); *but see* Dkt. 104 (Defendants' Opp.) at 8–14 (arguing that this Court should deny leave to amend under additional prongs of Rule 15). The proper vehicle for Plaintiffs to make these arguments is a reply brief, which, of course, Plaintiffs have already filed. For example, Plaintiffs say that "dilatory motive" is an "inflammatory term" that should be stricken (Dkt. 108 at 2), but that is precisely the term the Second Circuit has held is a basis on which courts should deny leave to amend. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (Leave "should generally be denied in instances of futility, undue delay, bad faith or *dilatory motive*, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (emphasis added) (citation omitted)).[1] Defendants' opposition papers set forth the many reasons for denying

---

[1] Plaintiffs also seek to strike one factual assertion, objecting that Mr. Broidy is not technically a "two-time *convicted* felon." Dkt. 108 at 2 (emphasis added). To be clear, Mr. Broidy is only a two-time *admitted* felon: In 2009, Mr. Broidy initially pleaded guilty to the felony of "rewarding official misconduct," which is "knowingly confer[ring], or offer[ing] or agree[ing] to confer, any benefit upon a public servant for having violated his duty as a public servant." *See* N.Y. Pen. Law § 200.20. He later withdrew that plea and pleaded guilty to attempted rewarding, a misdemeanor. In 2020, Mr. Broidy pleaded guilty to the felony of conspiracy to violate the Foreign Agents Registration Act. He was subsequently pardoned by President Trump before the judgment could be entered. Plaintiffs' explanation that Defendants' opposition was not 100% correct on a single fact is what reply briefs are for.

*(Cont'd on next page)*

GIBSON DUNN

July 30, 2021
Page 2

leave to amend—not just futility.  Plaintiffs filed a reply to our opposition and are not entitled to another bite at the apple in excess of the page limits under the guise of a motion to strike.  *See* Rule 4(A)(iii).  In any event, Defendants would not object to the Court deeming Plaintiffs' proposed motion to strike part of their reply brief in further support of their Rule 15 motion.[2]

Should the Court instead decide to formally entertain Plaintiffs' improper motion to strike at a pre-motion conference, Defendants would welcome an opportunity to address why such relief is unwarranted under controlling law.

We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

cc: All counsel of record (via ECF)

---

[2] Plaintiffs say that they need to file a motion to strike because Defendants' opposition purportedly included "inflammatory terms" and "name-calling," Dkt. No. 108 at 2, which rings particularly hollow.  It is Plaintiffs who seek to file an amended complaint replete with false accusations and gratuitous smears directed at Defendants. *See, e.g.*, Dkt. 97-1 (Proposed SAC) ¶ 99 (alleging that Mr. Chalker "celebrated the launch of the spear phishing campaign" at Sapphire Gentlemen's club in New York City on December 27, 2017).  All Defendants have done is called out this harassment and challenged Plaintiffs' misrepresentations, which is Defendants' legal right and provides no basis for a motion to strike.