```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOTT BROIDY and BROIDY CAPITAL MANAGEMENT, LLC,

                Plaintiffs,

-against-

GLOBAL RISK ADVISORS LLC, GRA MAVEN LLC, GRA QUANTUM LLC, GLOBAL RISK ADVISORS EMEA LIMITED, GRA RESEARCH LLC, QRYPT INC., KEVIN CHALKER, DENNIS MANDICH, ANTONIO GARCIA and COURTNEY CHALKER,

                Defendants.

1:19-cv-11861 (MKV)

**ORDER GRANTING LEAVE TO AMEND**

MARY KAY VYSKOCIL, United States District Judge:

    Before the Court is the motion of Plaintiff Elliot Broidy and his investment firm Broidy Capital Management ("BCM") to amend the First Amended Complaint [ECF No. 57] in this matter. [ECF No. 95]. The Court previously granted Defendants' motion to dismiss the First Amended Complaint. [ECF No. 89] ("Dismissal Op."). Plaintiffs filed a memorandum of law in support of the latest motion for leave to amend [ECF No. 96] ("Mem."), which Defendants opposed [ECF No. 104] ("Opp."). Plaintiffs subsequently filed a reply. [ECF No. 107] ("Reply").

    For the reasons stated herein, the Court grants Plaintiffs' motion to amend. The Court also denies Plaintiffs' request to submit, *ex parte*, a declaration for *in camera* review as moot. [ECF No. 98].

**LEGAL STANDARD**

    Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely grant leave [to amend] when justice so requires." However, leave to amend "may properly be denied for: 'undue delay,

bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if the proposed pleading would not survive a Rule 12(b)(6) motion to dismiss. On [a motion to amend] the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor." *Chung v. City University of New York*, 605 F. App'x 20, 21 (2d Cir. 2015) (citations omitted). To present a claim that is facially plausible, Plaintiffs must plead sufficient factual matter to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs' proposed amendment must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## **DISCUSSION**

The Court refers to the Dismissal Opinion for a detailed recitation of the facts of this case. In sum, Plaintiffs contend that the Defendants[1] hacked into their e-mail servers and distributed confidential data contained therein. [ECF No. 97-1 at ¶¶ 1-4] ("Proposed 2d Am. Compl."). The Court dismissed the First Amended Complaint because, while "Plaintiffs adequately allege[d] that Defendants had the ability to commit the spear phishing and hack campaign," the Court concluded that the First Amended Complaint failed "for the simple reason that it never *plausibly* connects the hacking activity to GRA or its agents." Dismissal Op. at 17, 20 (emphasis added).

---

[1] The First Amended Complaint brought claims against ten defendants: Global Risk Advisors, LLC ("GRA"), Global Risk Advisors EMEA Limited, GRA Maven LLC, GRA Quantum LLC, Qrypt, Inc., GRA Research LLC, Kevin Chalker, Denis Mandich, Antonio Garcia, and Courtney Chalker. Am. Compl. ¶¶ 14-20, 25-26. Plaintiffs' Proposed Second Amended Complaint brings essentially the same claims against those same Defendants.

Plaintiffs pivot from their prior theory (that the IP addresses they believed were the culprits behind the hacking belonged to GRA, Dismissal Op. at 17) to one predicated on the argument that the majority of the IP addresses are untraceable. Proposed 2d Am. Compl. ¶¶ 112-13. As a replacement, Plaintiffs allege new facts that would connect GRA to the hacking: that "Chalker told GRA personnel that Chalker and GRA were responsible for the hack-and-smear operation targeting Broidy/BCM" (Proposed 2d Am. Compl. ¶ 116); that "Chalker also told GRA personnel that Chalker, Garcia, and Courtney Chalker had destroyed electronic devices and other materials containing evidence of the hacking" (Proposed 2d Am. Compl. ¶ 117); and that "Chalker and GRA also directed the electronic and physical surveillance of Broidy, according to former GRA personnel" (Proposed 2d Am. Compl. ¶ 118). Plaintiffs then direct the Court's attention to a whistleblower declaration [ECF No. 97-1, Ex. A] (the "Whistleblower Declaration") from a former GRA employee that states the declarant was "in the position to obtain knowledge" that GRA was responsible for the hacking. Proposed 2d Am. Compl. ¶ 119.

The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Legal plausibility "is not akin to a probability requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. As it must, the Court must accept factual allegations as true at this stage. *Id.* at 677-78. Plaintiffs here include more than mere "naked assertions" in the form of particularized instances where at least one employee was told that GRA was responsible for the hacking. *Id.*; *see* Proposed 2d Am. Compl. ¶¶ 116-19.

3

In making any given plausibility determination, the Court engages in a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). Plaintiffs' proposed pleading here does create such a plausible claim. *See Snyder v. Fantasy Interactive Inc.*, 2012 WL 569185, at *1, 3 (S.D.N.Y. Feb. 9, 2012).

As to the anonymous declaration, the Court denies as moot Plaintiffs' letter motion for leave to file the declaration for *ex parte, in camera* review. [ECF No. 98]. The Court accepts the factual allegations contained in the Proposed Second Amended Complaint as true at this stage, and need not review the declaration.[2]

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Amend [ECF No. 95] is GRANTED and Plaintiffs' Letter Motion for Leave to File a Declaration for In Camera Review [ECF No. 98] is DENIED.

**SO ORDERED.**

**Date:  February 28, 2022**
       **New York, NY**

                                                    **MARY KAY VYSKOCIL**
                                                    **United States District Judge**

---

[2] After briefing was complete, Plaintiffs filed a letter seeking a pre-motion conference on a purported motion to strike certain "inflammatory terms" from the Defendants' Opposition. [ECF No. 108 at 2]. Defendants then responded stating that any motion to strike would be improper. [ECF No. 109]. The First Amendment and the common law establish a strong presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, the Second Circuit has long instructed courts "not [to] tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). The falsity of allegations is not sufficient. *See Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15-cv-7425 (JSR), 2016 WL 3144053, at *3 (S.D.N.Y. Apr. 11, 2016). Rather, the movant must show that failing to strike the pleading "would result in prejudice." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). Plaintiffs do not do so, and their request for a conference is denied.