# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

March 29, 2022

BY ELECTRONIC FILING
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:     Pre-Motion Conference in *Broidy et al. v. Global Risk Advisors et al.*, 19-cv-11861

Dear Judge Vyskocil:

Pursuant to Section 4(A)(i) of this Court's Individual Rules of Practice in Civil Cases, Defendants respectfully request a pre-motion conference in advance of moving to dismiss the Second Amended Complaint ("SAC") filed on March 1, 2022.  Dkt. 116 (SAC).

In the SAC, Plaintiffs Elliott Broidy and his investment firm fail again to plausibly allege Defendants Kevin Chalker and GRA are liable "for the hack-and-smear operation targeting Broidy/BCM."  *See* SAC ¶ 116.  In dismissing the First Amended Complaint ("FAC"), the Court did "not address . . . the Parties' . . . arguments, pursuant to Rule 12(b)(6), why individual claims in the Amended Complaint fail[ed] to state a claim."  *See* Dkt. 89 (MTD Op. & Order) at 20 n.6.  The Court instead granted Defendants' motion on the ground Plaintiffs failed to plausibly allege any connection between Defendants and the hacks.  *Id.* at 20.  Plaintiffs' SAC attempts to remedy that problem, but it does nothing to address the numerous pleading defects each cause of action suffers under Rule 12(b)(6)—which the Court now can and should reach.  Defendants will establish Plaintiffs fail to state a claim, and the SAC should be dismissed with prejudice.

**Background**

On March 31, 2021, the Court dismissed Plaintiffs' FAC, ruling Plaintiffs failed to plausibly allege Defendants were connected to the so-called hacking underlying Plaintiffs' claims.  MTD Op. & Order at 16–20.  Rather than provide the details regarding their purportedly extensive forensic examinations and the IP addresses they touted throughout the FAC, Plaintiffs sought leave to amend the FAC, removing these allegations altogether.  Dkt. 96 (MTA); *see also* Dkt. 114 at 3 (MTA Mem. Op. & Order) (noting Plaintiffs "pivot[ed] from their prior theory").

On February 28, 2022, the Court granted Plaintiffs' motion.  *See* MTA Mem. Op. & Order at 1.  In so doing, the Court recognized the SAC offers a brand-new theory: Defendant Kevin Chalker allegedly "told GRA personnel that Chalker and GRA were responsible for the hack-and-smear operation," Dkt. 116 (SAC) ¶ 116, according to an alleged whistleblower declaring "I was in a position to obtain knowledge that Kevin Chalker had knowledge of the

**GIBSON DUNN**

Honorable Mary Kay Vyskocil
March 29, 2022
Page 2

Broidy hacking and GRA was responsible for the hacking." *Id.* Ex. A (Decl.) ¶ 6; *see id.* ¶ 119; MTA Op & Order at 3. The Court deferred ruling on whether Plaintiffs had otherwise adequately pled each of the elements of their asserted causes of action under federal and state law. *See* MTA Op & Order at 3.

**Grounds for Dismissal**

Despite multiple rounds of briefing and re-pleading in an effort to allege a plausible connection between the purported hacks and Defendants, Plaintiffs still fail to state an actionable claim. As an initial matter, the SAC is replete with improper group pleading. Plaintiffs assert six of their causes of action against "All Defendants" (Counts II, IV, VI, VII, IX, and X), without specifying the allegedly wrongful conduct attributable to each, as this Circuit requires. These claims should be dismissed at the outset. In addition, all of Plaintiffs' claims suffer from multiple deficiencies under Rule 12(b)(6), each of which independently warrants dismissal—regardless of whether the SAC can adequately tie Defendants to the alleged hacks.

*Stored Communications Act (Count I).* Plaintiffs' claim under the Stored Communications Act ("SCA") fails, because it rests on a legally incognizable theory of secondary liability—*i.e.*, GRA and Chalker "directed and controlled the hacking." SAC ¶ 178. Because the *Muzin* court in the District of Columbia dismissed Plaintiffs' identical SCA claim against other alleged "co-conspirators" on this very basis, Plaintiffs are collaterally estopped from arguing otherwise. *See Broidy Cap. Mgmt. LLC v. Muzin*, No. 19-CV-0150 (DLF), 2020 WL 1536350, at *11 (D.D.C. Mar. 31, 2020), *aff'd*, 12 F.4th 789 (D.C. Cir. 2021). Further, Plaintiffs do not adequately plead the existence of "facilities" under the statute, which is independently fatal to their claim.

*Computer Fraud Claims (Counts II, III).* Plaintiffs' claims under the Computer Fraud and Abuse Act ("CFAA") and California Comprehensive Computer Data Access and Fraud Act ("CDAFA") fail because Plaintiffs do not adequately plead the required damages under either statute. Plaintiffs' alleged losses "associated with identifying and investigating the cyberattacks, and assessing and repairing the integrity and security of Plaintiffs' servers," SAC ¶ 203, are precisely the sort of general damages allegations courts have found insufficiently specific to state a claim under the CFAA or CDAFA.

*Trade Secrets Claims (Counts VII, VIII).* Plaintiffs' claim under the Defend Trade Secrets Act ("DTSA") fails, because Plaintiffs do not adequately plead they possess any trade secrets, nor do they plausibly allege that Defendants misappropriated them. As to possession, Plaintiffs do not plead the purported trade secrets with the requisite specificity. The SAC also includes only boilerplate allegations as to the independent economic value of these undescribed trade secrets and as to Plaintiffs' efforts to maintain their secrecy, SAC ¶¶ 256–

**GIBSON DUNN**

Honorable Mary Kay Vyskocil
March 29, 2022
Page 3

257, both of which are insufficient to state a claim under well-established Circuit precedent. Finally, Plaintiffs fail to plead Defendants improperly acquired, used, and/or disclosed (*i.e.*, misappropriated) their purported trade secrets, because the SAC is bereft of any allegations it was Defendants who disclosed the alleged secrets to media outlets.  Plaintiffs' state law trade secrets claim under CUTSA fails for the same reasons, and additionally because Plaintiffs allege no facts supporting CUTSA's specific damages requirement.

*RICO Claims (Counts IX, X).*  Plaintiffs' RICO claims suffer woefully from a litany of deficiencies.  The SAC fails to plead:  any racketeering activity, let alone a "pattern" of one; conduct that meets the "extremely rigorous" "operation or management" requirement; or "any facts suggesting hierarchy or organization" as required to establish an association-in-fact enterprise.  *See* Dkt. 73 (MTD FAC) at 16, 20-21.  Plaintiffs also lack standing to assert a RICO claim, because their alleged losses were not caused by the alleged racketeering violations, but rather the public exposure of those violations.  *Id.* at 20.  Further, the *Muzin* court dismissed Plaintiffs' identical RICO claim; so Plaintiffs are collaterally estopped from asserting it against the *Muzin* defendants' alleged co-conspirators here.  Plaintiffs' RICO conspiracy claim fares no better, because Plaintiffs are again collaterally estopped from asserting it, and because group pleading as to Defendants generally cannot state a claim under RICO.  *Id.* at 21–22.

*State Common Law Claims (Counts IV, V, VI).*  Plaintiffs' remaining state law causes of action all fail: receipt and possession of stolen property (Count IV), intrusion upon seclusion (Count V), and civil conspiracy (Count VI).  Each of these claims should be dismissed because it is categorically preempted by CUTSA, which "displaces all claims premised on the wrongful taking and use of confidential business and proprietary information, even if that information does not meet the statutory definition of a trade secret."  *Erhart v. Bofl Holding, Inc.*, 2020 WL 1550207, at \*37 (S.D. Cal. Mar. 31, 2020) (citation omitted).  Plaintiffs' stolen property claim independently fails because Plaintiffs provide nothing more than a threadbare recitation of the statutory language, which does not state a claim.  Plaintiffs' intrusion upon seclusion claim independently fails because Plaintiffs do not plead a reasonable expectation of privacy, as required under California law.  Finally, Plaintiffs' civil conspiracy claim independently fails because Plaintiffs do not adequately plead any tort underlying the conspiracy, as required.

In short, none of Plaintiffs' kitchen sink causes of action withstands Rule 12(b)(6) scrutiny.  A more complete recitation of the defects is in order, and Defendants stand ready to file their motion.  Because Plaintiffs have long been on notice of these defects, and are manifestly unable to cure them, Defendants intend to seek dismissal of the SAC with prejudice.

Defendants are ready to address any questions the Court may have.  We thank the Court for its kind consideration.

**GIBSON DUNN**

Honorable Mary Kay Vyskocil
March 29, 2022
Page 4


Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder


cc:  All Counsel of Record via ECF