# KASOWITZ BENSON TORRES LLP

Daniel R. Benson
Direct Dial: (212) 506-1720
Direct Fax: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

April 1, 2022

<u>Via ECF</u>
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

  Re: <u>*Broidy et al. v. Global Risk Advisors et al.,* 19-cv-11861</u>

Dear Judge Vyskocil:

  We represent Plaintiffs Elliott Broidy and Broidy Capital Management, LLC (together, "Broidy") in the above-captioned matter and write in response to Defendants' March 29, 2022 letter to the Court ("Def. Ltr.") requesting a pre-motion conference in advance of moving to dismiss Plaintiffs' Second Amended Complaint ("SAC"). This Court has previously held that the SAC states "a plausible claim" connecting "the hacking activity to GRA or its agents" (Dkt. 114). Defendants nonetheless intend to seek dismissal, pursuant to Rule 12(b)(6), on the ground that the SAC fails to state a claim. As set forth below and in Plaintiffs' Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 76), that is not so.

  As an initial matter, Defendants' unsupported assertion that "the SAC is replete with improper group pleading" (Def. Ltr. at 2) is incorrect. Rule 8 requires only that a complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, the SAC plainly gives these Defendants fair notice — Defendants are closely-affiliated entities that have been specifically accused of joint conduct in detailed pleadings. SAC ¶¶ 9, 20, 291-292 (Defendants acted jointly, as agents of one another and co-conspirators). Nothing about Rule 8's standard requires that a "complaint separate out claims against individual defendants." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).

  The SAC adequately states all of the claims Plaintiffs assert:

  ***Stored Communications Act (Count I)***: Plaintiffs' claim under the Stored Communications Act is based on Defendants' liability as the primary actors who did the hacking. *See* SAC ¶¶ 58-61, 95-119, 181-182. Accordingly, Defendants' contention that the claim is foreclosed by the *Muzin* decision is simply misplaced. Def. Ltr. at 2. The defendants in *Muzin* conspired with the actual hackers—the GRA Defendants—but did not "themselves access[] BCM's computer systems." *Broidy Cap. Mgmt. LLC v. Muzin*, 2020 WL 1536350, at *11

Honorable Mary Kay Vyskocil
April 1, 2022
Page | 2

(D.D.C. Mar. 31, 2020), *aff'd*, 12 F.4th 789 (D.C. Cir. 2021).  Also contrary to Defendants' letter, the SAC adequately alleges the existence of the "facilities" element, including "BCM's email servers, as well as Google's servers."  SAC ¶ 179.

     ***Computer Fraud Claims (Counts II & III)***:  Defendants' only argument for dismissal of the claims under the Computer Fraud and Abuse Act ("CFAA") and California Comprehensive Computer Data Access and Fraud Act ("CDAFA") is their assertion that the SAC does not "adequately plead the required damages under either statute."  Def. Ltr. at 2.  Specifically, Defendants argue that the allegation concerning losses "associated with identifying and investigating the cyberattacks, and assessing and repairing the integrity and security of Plaintiffs' servers" (SAC ¶ 203) is too "general" for a claim under the CFAA or CDAFA.  Def. Ltr. at 2.

     Defendants ignore well-established law that allegations that a plaintiff "incurred costs as a result of investigating and conducting a damage assessment" *is* sufficient for alleging loss under the CFAA or CDAFA.  *Oracle Am., Inc. v. Serv. Key, LLC*, 2012 WL 6019580, at *4 (N.D. Cal. Dec. 3, 2012) (denying motion to dismiss CFAA claim); *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 954, 964 (N.D. Cal. 2014) (denying motion to dismiss CDAFA claim).  Defendants also ignore the SAC's allegations as to other types of damage, including harm to Plaintiffs' computer systems and to their business.  SAC ¶¶ 203, 217.

     ***Trade Secrets Claims (Counts VII & VIII)***:  Defendants argue that "Plaintiffs do not adequately plead that they possess any trade secrets, nor do they plausibly allege that Defendants misappropriated them," as required under the Defend Trade Secrets Act ("DTSA") and California Uniform Trade Secrets Act ("CUTSA").  Def. Ltr. at 2.  Defendants ignore the specific allegations in the SAC that the hacked BCM computer systems stored valuable information, such as confidential business plans and proposals; research supporting those plans and proposals; information concerning business strategies and opportunities; and contacts for important business relationships.  SAC ¶¶ 253-56.  The SAC also alleges that there is significant economic value from these trade secrets not being public.  *Id.* ¶¶ 255-58 (Broidy protected this confidential, sensitive information that derives value from being unknown and unavailable to the public).  At "the pleading stage, alleging categories of trade secrets" suffices.  *Kraus USA, Inc. v. Magarik*, 2020 WL 2415670, at *5 (S.D.N.Y. May 12, 2020) (denying motion to dismiss DTSA claim); *Strategic Partners Inc. v. Vestagen Protective Techs. Inc.*, 2016 WL 10611186, at *4 (C.D. Cal. Nov. 23, 2016) (denying motion to dismiss CUTSA claim, as even "broad categories of descriptions suffice at the pleading stage.").  The SAC likewise adequately alleges damages under CUTSA.  SAC ¶¶ 280-81.

     ***RICO Claims (Counts IX & X)***:  Defendants argue that the SAC fails to plead RICO claims.  Defendants are wrong.  The SAC adequately alleges an enterprise, a pattern of racketeering activity, and multiple predicate acts by Defendants.  *See* SAC ¶¶ 53, 57-64, 79-87, 220-269, 292; *see also* Dkt. 76, at 14-20.  Moreover, Plaintiffs have standing because the damages alleged—remedial costs for the hacking, and lost business deals (among other things)—are "reasonably foreseeable" and "natural consequence[s]" of that conduct.  *Advance Relocation*

Honorable Mary Kay Vyskocil
April 1, 2022
Page | 3

*& Stor. Co., Inc. v. Local 814, Intern. Broth. of Teamsters, AFL-CIO*, RICO Bus. Disp. Guide 10878 (E.D.N.Y. Mar. 22, 2005), *citing Baisch v. Gallina*, 346 F.3d 366, 373-374 (2d Cir. 2003).

 Nor does the *Muzin* decision in any way bar the RICO claims asserted in this case, which are different from the RICO claims asserted against the *Muzin* defendants. The SAC (as well as the First Amended Complaint) was filed well after the *Muzin* complaint and contains numerous allegations specific to these Defendants, which the *Muzin* court had no opportunity to review or decide. *See*, *e.g.*, SAC ¶¶ 53, 79-87 (allegations of "black hat" operations and other hacking targets, such as the UAE Ambassador).

 ***State Common Law Claims (Counts IV, V, & VI)***: Plaintiffs' state law claims for receipt and possession of stolen property, intrusion upon seclusion, and civil conspiracy are not preempted by CUTSA, as Defendants incorrectly claim. Def. Ltr. at 3. The *Muzin* court correctly explained that any state law claim that does "not require that the confidential information qualify as a trade secret in order for Broidy to prevail" would not be preempted. 2020 WL 1536350, at * 14 (citing *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 704 (9th Cir. 2017)). There is no reason to depart from this analysis. Moreover, the claims are adequately pled. *See* SAC ¶¶ 223-27 (alleging in detail Defendants' actions for receipt and possession of stolen property claim); ¶ 230 (alleging reasonable expectation of privacy for intrusion upon seclusion claim); ¶ 240 (alleging underlying tort for civil conspiracy claim).

 In sum, Plaintiffs have sufficiently alleged each of their claims. If Defendants nonetheless are permitted to file the motion, the parties have agreed on a briefing schedule whereby Plaintiffs' opposition would be due four weeks after Defendants' motion is filed, and Defendants' reply would be due two weeks later. *See* Dkt. 119.

 We thank the Court for its consideration of these matters and are prepared to address any questions the Court may have.

              Respectfully,

              /s/ Daniel R. Benson