# Exhibit 3

| | |
|---|---|
| **From:** | Snyder, Orin |
| **Sent:** | Thursday, June 23, 2022 10:12 AM |
| **To:** | Daniel R. Benson |
| **Cc:** | Hewett, Martin A. |
| **Subject:** | Re: Disqualification motion |

Dan,

Your email provides no valid basis for the threatened disqualification motion.  It only confirms once again you are weaponizing the disqualification issue as a litigation tactic for an improper purpose.

The tactical nature of your actions is confirmed by the record, which makes clear you are flailing around to find some hook for your threatened motion. After failing for more than one month to respond to the substantive points in our letter, you have now pivoted to an entirely new theory:  that Ms. Ahmad might have learned "how and from whom the hacked materials were obtained by the OSC."  You also speculate Ms. Ahmad might have learned other unspecified  "information" from unnamed "witnesses other than Mr. Gates" regarding the alleged hacking. Your new theory is nonsense.  It is not supported by the Gates declaration. It is not supported by a singe fact.  And it ignores the obvious fact that the materials at issue were readily available on the internet.

You also say the SCO investigated the hack, but again this is all made-up by you. You hurl accusations of ethical violations, but you have no facts - actual facts, not invented facts - to support this very serious charge.  In short, you cannot come close to demonstrating a non-frivolous rationale for disqualification.

You are incorrect that no further meet and confer is necessary. This is the first time you have offered any substantive position regarding the alleged conflict, and the assertions in your email, however far-fetched, are completely new.  We believe the Court would expect us to confer further before you jump the gun and file a motion on this record. Please let us know your availability for a meet and confer.

Gibson Dunn and the GRA defendants continue to reserve all rights, especially in the event you proceed with a patently strategic and baseless motion based on falsities.  To be clear, we will ask the Court to hold you and your client accountable for filing a disqualification motion on this record.

Orin

Sent from my iPhone

On Jun 22, 2022, at 7:16 PM, Daniel R. Benson <DBenson@kasowitz.com> wrote:


**[WARNING: External Email]**


Orin,



Your response took nearly two weeks, but it provides no new information.

1

Since we raised the disqualification issue with you over a month ago, your primary response has been to claim that Mr. Gates's sworn statements are untrue, but Ms. Ahmad has been and remains unable to dispute those statements with her own declaration.

Your other arguments fare no better.  For example, contrary to your claim, the relevant government information concerning Mr. Broidy that Ms. Ahmad acquired while at the Office of the Special Counsel does not derive from Mr. Broidy's own documents that were stolen in the hacking or from Mr. Broidy's plea.  Rather, it is information concerning, among other things, how and from whom the hacked materials were obtained by the OSC, and what information the OSC learned from witnesses other than Mr. Gates concerning those materials and the hacking itself.  All of that information could be used to Plaintiffs' material disadvantage here, as it concerns issues at the heart of this action.  Moreover, Plaintiffs' disqualification motion is in no way "tactical"; it would rather seek to "preserve the integrity of the adversary process" in this action.  *Goodwine v. City of New York,* 2016 WL 379761, at *1 (S.D.N.Y. JAN. 29, 2016).

All of this could have been avoided had Gibson Dunn simply screened Ms. Ahmad from participating in this action, as the New York Rules of Professional Conduct prescribe under these circumstances, but it did not do so, even after Steptoe raised this issue two years ago. Instead, Gibson Dunn made representations concerning Ms. Ahmad on which Steptoe and Plaintiffs relied in not bringing this matter to the Court's attention then.  Obviously, the situation has now changed, as we received last month Mr. Gates's declaration directly contradicting those representations.

It is apparent that any further meet and confer would not be productive.

Best, Dan

Daniel R. Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1720 (office)
(917) 880-8690 (mobile)
(212) 506-1849 (fax)

DBenson@kasowitz.com

> On Jun 22, 2022, at 2:46 PM, Hewett, Martin A. <MHewett@gibsondunn.com> wrote:

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

Dan:  Please see the attached correspondence.

**Martin A. Hewett** (*he/him/his*)
Partner & Deputy General Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
+1 202.955.8207 (**office**) • +1 267.234.3266 (**mobile**)
mhewett@gibsondunn.com • www.gibsondunn.com

> On Jun 10, 2022, at 10:15 AM, Daniel R. Benson <DBenson@kasowitz.com> wrote:
>
> **[WARNING: External Email]**
>
> Orin, we have independent corroboration of the Gates declaration we provided you as part of a meet-and-confer before filing a disqualification motion (which of course could and would have been easily avoided had Gibson Dunn screened Ms. Ahmad from involvement with this matter two years ago when Steptoe raised it).  One thing we have not seen as part of the meet-and-confer is a declaration from Ms. Ahmad.  Can you please send us that, which we will take into consideration before filing the motion?
>
> Best, Dan
>
>
> Daniel R. Benson
> Kasowitz Benson Torres LLP
> 1633 Broadway
> New York, New York 10019
> (212) 506-1720 (office)
> (917) 880-8690 (mobile)
> (212) 506-1849 (fax)
>
> DBenson@kasowitz.com
>
> This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other

3

than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

Sent from my iPhone

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<June 22, 2022 Ltr. from O. Snyder.pdf>