

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

August 4, 2022

By ECF
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Broidy et al. v. Global Risk Advisors, et al.*, 19 Civ. 11861 (MKV)

Dear Judge Vyskocil:

    We write on behalf of Defendants in response to Plaintiffs' August 1, 2022 letter (ECF 138, "Plaintiffs' Letter"), which seeks *inter alia* the Court's permission to seek discovery from Gibson, Dunn & Crutcher LLP, Defendants' former counsel in this action. We understand that Gibson Dunn will submit its own response objecting to the entirety of Plaintiffs' request. The proposed discovery should be denied as it comes during a court-imposed discovery stay, seems designed to sidetrack rather than advance the litigation even absent a stay, and raises attorney-client privilege and attorney work product concerns.

    Plaintiffs request discovery purportedly to determine "the full scope of any advantage obtained by Defendants as a result of Ms. Ahmad's work at the OSC." It is unclear what "advantages" Plaintiffs have in mind as they did not identify a single one. However, given the nature of the proposed discovery—*e.g.*, communications from Defendants' former counsel—it is conceivable that it will implicate issues of attorney-client privilege and/or work-product. Plaintiffs make no representation in their August 1 letter that they intend to exclude any such materials from the proposed discovery. Plaintiffs have offered the Court no basis to permit them to intrude into the sanctity of attorney-client communications, or invade attorney work-product. *See, e.g.*, *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001) ("[C]ompelled disclosure of privileged attorney-client communications, absent waiver or an applicable exception, is contrary to well established precedent."); *In re Terrorist Attacks on Sept. 11, 2001*, 293 F.R.D. 539, 543 (S.D.N.Y. 2013) (a party must establish a "substantial need" for work-product); *see also Finkel v. Zizza & Assocs. Corp.*, No. 12-CV-4108 (JS) (ARL), 2021 WL 1375655, at *3

(E.D.N.Y. Apr. 12, 2021) (the "not negligible" risk that privilege issues would arise weighed against permitting the requesting party to call opposing counsel as a trial witness).

      Accordingly, Defendants respectfully request that the Court deny Plaintiffs' discovery request, or, alternatively, to the extent the Court permits Plaintiffs to conduct any of their requested discovery, that the Court clearly limit that discovery to material outside of the purview of attorney-client communications and attorney work product.

      Respectfully submitted,

*/s/ Marc A. Weinstein*
Marc A. Weinstein

Cc: All counsel of Record (via ECF)