

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

August 19, 2022

<u>By ECF</u>
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     <u>*Broidy et al. v. Global Risk Advisors et al.*, 19 Civ. 11861 (MKV)</u>

Dear Judge Vyskocil:

We write on behalf of Defendants, pursuant to Section 4(A)(i) of the Court's Individual Rules of Practice in Civil Cases, to request (i) a pre-motion conference for leave to file a supplemental memorandum of law of no more than four pages in support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss," ECF 123), or alternatively, (ii) an order permitting Defendants to file the supplemental memorandum.

Hughes Hubbard has recently appeared as counsel for Defendants in this case, replacing Defendants' former counsel.  (*See* ECF 137 (Aug. 1, 2022 Order of Substitution and Withdrawal of Counsel).)  The parties completed briefing Defendants' Motion to Dismiss in June 2022, prior to our retention as counsel.  (*See* ECF 123-30.)  We have reviewed the Motion to Dismiss papers and related filings, and request the Court's leave to brief an argument previously not presented to the Court:  that the anonymous declaration on which Plaintiffs' Second Amended Complaint relies lacks the particularity required to support a plausible inference that the declarant was in a position to possess the information alleged.

### Grounds for the Supplemental Memorandum of Law

The Court dismissed Plaintiffs' First Amended Complaint ("FAC") because it did not plausibly connect the alleged hacking, which lies at the heart of this action, to Defendants.  (ECF 89.)  To overcome that fatal defect, Plaintiffs added allegations to the Second Amended Complaint, alleging essentially that Mr. Chalker told GRA personnel that he and GRA were responsible for the hack-and-smear operation against Plaintiffs.  (*See* ECF 116 (Second Am. Compl.) ¶¶ 116-18.)  These allegations all rely on the declaration of a purported former GRA employee "attesting to well-founded knowledge of GRA's involvement in the Broidy / BCM

103426007

[Broidy Capital Management, LLC] hack-and-smear operation." (*Id*. ¶ 119; *see also id*. at 79-80 (the "Declaration").) However, the Declaration is legally insufficient because it provides the Court no factual basis to plausibly infer that the declarant was in a position to know of GRA's alleged involvement in the hacking.

A complaint that relies on allegations from a confidential witness must describe the confidential source "with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *In re Weight Watchers Int'l Inc. Secs. Litig.*, 504 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) (quoting *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000)). Courts find confidential source allegations sufficient in two situations: (1) when independent, adequately pled facts corroborate the statements, and (2) where, absent well-pled corroborative facts, the confidential source's "position[] and/or job responsibilities are described sufficiently to indicate a high likelihood that they actually knew [the] facts underlying their allegations." *Id.* (internal citation and quotation marks omitted).

Here, Plaintiffs' allegations connecting Defendants to the hacking rely entirely on the Declaration—there are no independent, adequately pled corroborating facts, which deficiency previously led the Court to dismiss the FAC. And the Declaration contains no information to satisfy the "high likelihood" standard that the confidential witness possessed the alleged information. The Declaration does not identify the declarant's job title, responsibilities, dates of employment or place of employment, or otherwise state how he came to know the information alleged. Instead, the Declaration states only that the declarant was employed by "GRA and/or its affiliates"—the Second Amended Complaint names six entities as Defendants—for an unspecified period (from "XX through XX"), and, adds conclusorily that the witness "was in a position to obtain knowledge" of the alleged facts. (*See* ECF 116 at 79-80, ¶¶ 4-8.) Courts have discounted confidential witness statements that allege a lot more. *See, e.g.*, *Local No. 38 Int'l Bhd. Of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 455-58, 460-62 (S.D.N.Y. 2010) (dismissing complaint and discounting allegations by confidential witnesses who were "low-level," "rank-and-file" employees or employed by outside contractors, only one of whom had contact with the individual defendants), *aff'd*, 430 F. App'x 63 (2d Cir. 2011); *accord Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1141 (W.D. Wash. 2006) ("The Court must be able to tell whether a confidential witness is speaking from personal knowledge, or merely regurgitating gossip and innuendo.") (internal citation omitted); *cf. Novak v. Kasaks*, 216 F.3d. 300, 314 (2d Cir. 2000) ("[W]here plaintiffs rely on confidential personal sources but also on other facts, they need not name their sources as long as the latter facts provide an adequate basis for believing" that the defendants engaged in wrongdoing) (emphasis added). The lack of any details in the substance of the allegations further suggests that the anonymous declarant was not in a position to know such details.

Given the significance of the Declaration to the sustainability of the Second Amended Complaint, we believe the Court will benefit from briefing on this discrete, but important argument. Permitting the parties to brief this single argument will not cause any delay in this action. The Motion to Dismiss is currently pending before the Court, and Defendants are prepared to file the short supplemental memorandum within three business days of the Court permitting them to do so.

Accordingly, Defendants respectfully request the Court's leave to file a supplemental memorandum of law of no more than four pages in further support of their Motion to Dismiss.

                                        Respectfully submitted,

                                        */s/ Marc A. Weinstein*
                                        Marc A. Weinstein

Cc: All counsel of Record (via ECF)

103426007