# KASOWITZ BENSON TORRES LLP

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 24, 2022

By ECF
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

We represent Plaintiffs and respectfully write in response to Defendants' August 19, 2022 letter (ECF No. 141) requesting leave to file a supplemental memorandum of law in support of their pending Motion to Dismiss the Second Amended Complaint ("SAC"), a motion which was fully submitted over two months ago, on June 14, 2022.  ECF No. 129.  Defendants seek to challenge the whistleblower declaration (the "Declaration") Plaintiffs initially submitted on June 1, 2021 in support of their motion to file the SAC, which the Court granted earlier this year (ECF No. 114).

Defendants' request should be denied.  Defendants' request, which asks the Court to revisit its order to grant leave to amend based on the Declaration amounts to nothing other than a motion for reconsideration of that order, and it should be denied as untimely.  "Local Civil Rule 6.3 directs parties to move for 'reconsideration or reargument of a court order determining a motion ... fourteen (14) days after the entry of the court's determination of the original motion.'… And as numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *Zamora v. FIT Int'l Grp., Corp.*, No. 14CV5344, 2019 WL 2416941, at *1 (S.D.N.Y. June 7, 2019) (internal citations omitted) (treating new arguments revisiting the sufficiency of claims made in an Amended Complaint as "essentially constitut[ing]) an 'untimely motion for reconsideration.'")

Defendants' new counsel now claims that prior counsel forgot to argue that the Declaration "lacks the particularity required to support a plausible inference that the declarant was in a position to possess the information alleged."  ECF No. 141 at 1.  That is not so.  In opposing Plaintiffs' Motion for Leave to Amend, filed well over a year ago, Defendants argued, among other things, that the Declaration was insufficient to support a plausible inference that Defendants were involved in the hack because Plaintiffs did not describe the "anonymous declarant" sufficiently and the allegations in the declaration did not have enough corroborating support.  *See* ECF No. 104 at 3 ("Defendants should not now face the prospect of defending

KASOWITZ BENSON TORRES LLP

Hon. Mary Kay Vyskocil
August 24, 2022
Page 2

against an entirely new theory of liability—based on an anonymous "source" from the shadows—that also has no concrete support.); *see also id.* at 14-16.  This Court considered—and rejected—Defendants' arguments about the Declaration when it granted Plaintiffs' motion to amend their complaint.  *See* ECF No. 114.  Specifically, the Court found that "Plaintiffs' proposed pleading here [which attached the Declaration] does create…a plausible claim" (*id.* at 4) and that "Plaintiffs here include more than mere 'naked assertions' in the form of particularized instances where at least one employee was told that GRA was responsible for the hacking," referring to the Declaration.  *Id.*[1]

Accordingly, the Court should not, and need not, address the merits of Defendants' request.  *See JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2022 WL 2916600, at *3 (S.D.N.Y. July 25, 2022) (treating rehashed arguments in a new filing as a motion for reconsideration and denying it as untimely); *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (agreeing that the untimeliness of a motion for reconsideration is reason enough to deny it without having to address the merits).

In any event, the arguments outlined in their letter which Defendants seek to make in their proposed memorandum are, as the Court held in granting leave to amend, meritless.

*In re Weight Watchers Int'l Inc. Secs. Litig.*, 504 F. Supp. 3d 224 (S.D.N.Y. 2020), which Defendants cite, holds that courts will credit confidential source allegations under the following two circumstances: "First, 'when independent [adequately pled] factual allegations corroborate a confidential source's statements, the requirement of a description of the source's job is loosened.'  Second, "in the absence of such well-pled corroborative facts, courts will credit confidential sources whose positions and/or job responsibilities are described sufficiently to indicate a high likelihood that they actually knew facts underlying their allegations." *Id.* at 246.

Here, both circumstances are present.  Plaintiffs have made numerous independent factual allegations corroborating the confidential source's statements.   In its Order granting the motion to dismiss the First Amended Complaint (ECF No. 89), the Court recited some of those facts (including, for example, the fact that GRA has the special "skill set" required to have carried out the attacks, as well as an internal "special projects division" involved in previous Qatar-directed hacks).  *Id.* at 19.  The Court was clear that "Plaintiffs have pleaded facts 'consistent' with GRA's liability," but ruled that they had not yet definitively tied GRA to the attacks.  *Id.* at 20.  Now that the Declaration has provided the definitive link between Defendants

---

[1] In their pending motion to dismiss, Defendants, acknowledging the Court's ruling that Plaintiffs adequately alleged a connection between the hacking, argued that while "accepting that premise as true, as the Court has found," the SAC should be dismissed on other grounds.  ECF No. 124 at 4.  In other words, Defendants' prior counsel explicitly decided not to reargue the issue on the pending motion to dismiss, perhaps correctly recognizing that reargument was untimely.

K ASOWITZ  B ENSON  T ORRES LLP

Hon. Mary Kay Vyskocil
August 24, 2022
Page 3

and the hack, all of those consistent facts are corroborating facts. *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 493 (S.D.N.Y. 2004) ("a plaintiff is not required to describe a confidential source at all if there are independent factual allegations to corroborate the source's statement").

Even if there were no other corroborating facts, which there are, Plaintiffs have also more than fulfilled the particularity standard for identifying their confidential source. The source, in their affidavit, states that they were in a position where they were able to obtain the relevant information. Plaintiffs could not publicly reveal identifying information because of legitimate concerns about the source's safety and security. That is why in Plaintiffs' Memorandum of Law in Support of their Motion for Leave to Amend (ECF No. 96 at 3), as well as in the SAC itself (ECF No. 116 ¶ 119), Plaintiffs offered to submit to the Court for *in camera* review a copy of the original signed declaration, for the Court to verify not just the source's job title and responsibilities but the source's actual signature and identity. The Court, however, did not find this necessary at the Motion to Dismiss stage. ECF No. 114 at 4.

Defendants' other cases are inapposite. In *Local No. 38 Int'l Bhd. Of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 455-58, 460-62 (S.D.N.Y. 2010), the Court discounted allegations made by confidential sources because they alleged much less than the source in this case, and they were "low-level," "rank-and-file" employees or individuals employed by outside contractors, only one of whom had contact with the individual defendants. By contrast, the source here has affirmed under penalty of perjury that they were in a position to receive the information, and did in fact receive it personally. *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1141 (W.D. Wash. 2006) simply noted that "[t]he Court must be able to tell whether a confidential witness is speaking from personal knowledge, or merely regurgitating gossip and innuendo." Here, the source has affirmed under penalty of perjury, and the Court has accepted as true, that the declarant has personal knowledge of the information. And in *Novak v. Kasaks*, 216 F.3d. 300, 314 (2d Cir. 2000), the Court simply confirmed that "where plaintiffs rely on confidential personal sources but also on other facts, they need not name their sources as long as the latter facts provide an adequate basis for believing" that the defendants engaged in wrongdoing." Again, by contrast, Plaintiffs here have offered to name the source *in camera*, and have pled numerous corroborating facts.

Accordingly, for the reasons outlined above, Defendants' request to file their supplemental memorandum should be denied.

We thank the Court for its consideration of this matter.

Respectfully,

D̈R.B

Daniel R. Benson