UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOTT BROIDY and BROIDY CAPITAL MANAGEMENT, LLC,<br><br>       Plaintiffs,<br><br>   -v-<br><br>GLOBAL RISK ADVISORS LLC,<br>GRA MAVEN LLC,<br>GRA QUANTUM LLC,<br>GLOBAL RISK ADVISORS EMEA LIMITED<br>GRA RESEARCH LLC<br>QRYPT, INC.<br>KEVIN CHALKER,<br>DENIS MANDICH,<br>ANTONIO GARCIA, and<br>COURTNEY CHALKER,<br><br>       Defendants. | 1:19-cv-11861-MKV<br><br>**ORAL ARGUMENT REQUESTED** |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>THE SECOND AMENDED COMPLAINT</u>**

**Background**

The Court dismissed Plaintiffs' First Amended Complaint because Plaintiffs "never plausibly connect[ed]" Defendants to the alleged hacking that is the gravamen of their action. (ECF 89 at 17.)  To overcome that fatal flaw, Plaintiffs added four sentences to the Second Amended Complaint alleging that Kevin Chalker told "GRA personnel" that "[he] and GRA were responsible for the hack-and-smear operation targeting Broidy/BCM," destroyed evidence of that hacking, and conducted surveillance of Plaintiff Broidy.  (ECF 116 ("SAC") ¶¶ 116-18.)  Despite alleging that Chalker and GRA staff were CIA-trained operatives, versed in "all levels of deception, disinformation, and cyber warfare" (*id.* ¶¶ 40, 46), Plaintiffs now conveniently allege that Chalker openly discussed Defendants' purported hacking operation in an unspecified, unsecure setting with unidentified individuals.  These allegations rely exclusively on the anonymous declaration of a purported former employee of GRA "and/or its affiliates."  (*Id.* ¶ 119; *see also id.* at 79-80 (the "Declaration").)  However, the Declaration provides the Court no factual basis to plausibly infer that the declarant was in a position to know of Defendants' alleged involvement in the hacking.  Dismissal with prejudice on this ground alone is warranted because, without the Declaration, the SAC fails for the same reason that Plaintiffs' prior pleading failed: Plaintiffs' failure to connect the alleged hack to Defendants.[1]

**Argument**

A complaint that relies on allegations from a confidential source must describe the source "with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged."  *In re Weight Watchers Int'l Inc. Secs. Litig.*, 504 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) (quoting *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir.

---

1. *See Green v. Covidien LP*, 2021 WL 1198833, at *13-15 (S.D.N.Y. Mar. 30, 2021) (dismissing complaint with prejudice where plaintiff failed to cure deficiencies identified by the court in his prior pleading).

2000)).  Courts find confidential source allegations sufficient on a motion to dismiss in two circumstances:   (1) "when independent [adequately pled] factual allegations corroborate a confidential source's statements, the requirement of a description of the source's job is loosened"—not waived, and (2) "in the absence of such well-pled corroborative facts, courts will credit confidential sources whose positions and/or job responsibilities are described sufficiently to indicate a high likelihood that they actually knew facts underlying their allegations."  *Id.* (internal citation and quotation marks omitted; modification in original).  Neither circumstance exists here.

> ### A.      The SAC Does Not Corroborate the Declarant's Statements.

Plaintiffs' allegations connecting Defendants to the hacking (SAC ¶¶ 116-18) rely entirely on their declarant—there are no independent, adequately pled facts corroborating his statements that Defendants are responsible for the hack.  Plaintiffs' allegations that GRA has the "skill-set" to carry out the alleged hacking and a "special projects" division that allegedly was involved in previous Qatar-directed hacks (*id*. ¶¶ 43-55, 60-71), might corroborate a confidential source's statements that GRA *could* have carried out the hack, but not that GRA *did* carry out the hack.  As the Court ruled in granting GRA's first motion to dismiss, these allegations, at best, "point only to the 'feasibility' of the attack and GRA's 'capacity' to execute it".  (ECF 89 at 19.)[2]

> ### B.      Plaintiffs Provide No Facts for the Court to Infer a "High Likelihood" the Declarant Was in a Position to Know the Alleged Information.

Plaintiffs' declarant asserts, conclusorily, that he "was in a position to obtain knowledge" of GRA's alleged responsibility for the hacking and cover-up.  (SAC at 79-80, ¶¶ 6-8.)  But Plaintiffs provide the Court no factual basis to plausibly infer that.  The Declaration does not identify the declarant's job title, responsibilities, dates or place of employment, or otherwise state

---

2.  Plaintiffs also allege that "numerous former GRA employees … tied Chalker and GRA directly to the hacking, surveillance, and other covert projects from Qatar." (SAC ¶ 4.)  But Plaintiffs provide no information about these purported additional confidential sources.

how he came to know the information alleged. (*Id*. ¶¶ 4-8.) It states only that the declarant was employed by "GRA and/or its affiliates" for an unspecified period (from "XX through XX"). (*Id*. ¶ 4.) On motions to dismiss, courts routinely discount confidential source statements that contain insufficient—in this case, no—factual content. *See, e.g., In re BISYS Secs. Litig.*, 397 F. Supp. 2d 430, 442 (S.D.N.Y. 2005) ("[p]laintiffs [did] not me[e]t their burden" of alleging with sufficient particularity that any of the three unnamed witnesses identified as former sales executives and a fund accountant held a "particularly senior position at BISYS or worked in a division in which the fraud allegedly originated"); *Feasby v. Industri-Matematik Int'l Corp.*, 2003 WL 22976327, at *4 (S.D.N.Y. Dec. 19, 2003) (dismissing complaint with prejudice where it did not describe "the position held by or work assignments of the former employee or consultant sources, or any other information that would support an inference that the sources would possess the information attributed to them"); *Local No. 38 Int'l Bhd. Of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 455-56, 460 (S.D.N.Y. 2010) (rejecting allegations by confidential witnesses whose jobs were fully specified, *e.g.*, "credit analyst whose responsibilities included approving new accounts, increasing lines of credit, and transferring balances," because they were "employed in rank-and-file positions or by outside contractors"), *aff'd*, 430 F. App'x 63 (2d Cir. 2011).

At a minimum, "[t]he Court must be able to tell whether a confidential witness is speaking from personal knowledge, or merely regurgitating gossip and innuendo." *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1141 (W.D. Wash. 2006) (citation omitted). "[S]econd-hand information, obtained only through intermediaries, undermines 'the likelihood that [the declarant] had personal knowledge of the allegations.'" *Janbay v. Canadian Solar, Inc.*, 2013 WL 1287326, at *8 (S.D.N.Y. Mar. 28, 2013) (citation omitted). Here, Plaintiffs allege that, on an unspecified date, in an unspecified place, Mr. Chalker "told" some unidentified "GRA personnel" that GRA was

involved in the hack (SAC ¶¶ 116-17); tellingly, the declarant does not state that he is one of those "GRA personnel," nor how he otherwise came to know the alleged information, much less a single detail about the purported statement or the hack itself. Thus, the Declaration does not provide sufficient information for the Court to plausibly infer the "likelihood that [the declarant] had personal knowledge of the allegations." *Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 195-96, 208 (S.D.N.Y. 2020) (rejecting statements by a confidential source regarding alleged accounting fraud because the source obtained the information second-hand from other employees) (citation and internal quotation marks omitted); *see also Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 595 (S.D.N.Y. 2011) (finding the "lack of description" about the confidential source's job duties, access, information about the "form and context" of the defendant's statement allegedly overheard, and "how [source] was privy to that statement," to be "fatal" to the source's allegations).[3]

In short, Plaintiffs provide no information to support the declarant's self-serving statement that he was "in a position to obtain knowledge;" it is the Court, not the declarant himself, that must make that determination based on the facts alleged, or as here, facts not alleged. Accordingly, Defendants respectfully request that the Court dismiss the SAC with prejudice.

---

3. That the declarant here made his statements under the "penalty of perjury" does not transform their conclusory nature or aid the Court in determining whether he was in a sufficiently significant position to access relevant information. Nor can Plaintiffs supplement their pleading to provide "particularized facts about the confidential sources" through *in camera* review. *City of Livonia Emps' Ret. Sys. v. Boeing Co.*, 2010 WL 2169491, at *5 (N.D. Ill., May 26, 2011); *see In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1135 n.6 (S.D. Cal. 2008) (finding "no legal authority … to go beyond the four corners of the FCAC and credit CW6 as a reliable source on the basis of a job description that plaintiffs failed to plead"); *Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1284 n.13 (S.D. Fla. 2008) (declining *in camera* review of the confidential witness's details despite plaintiff's claim that pleading those in the complaint would reveal the witness's identity).

| | |
|---|---|
| Dated: New York, New York<br>September 1, 2022 | HUGHES HUBBARD & REED LLP<br><br>By:<u>      /s/ Marc A. Weinstein      </u><br><br>Marc A. Weinstein<br>Kevin T. Carroll<br>Thomas H. Lee<br>Amina Hassan<br><br>One Battery Park Plaza<br>New York, New York 10004-1482<br>Telephone: (212) 837-6000<br>Fax:  (212) 422-4726<br>marc.weinstein@hugheshubbard.com<br>kevin.carroll@hugheshubbard.com<br>thomas.lee@hugheshubbard.com<br>amina.hassan@hugheshubbard.com<br><br>*Attorneys for Defendants* |