UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELLIOTT BROIDY and BROIDY CAPITAL MANAGEMENT, LLC, | : <br> : <br> : |
| Plaintiffs, | :    Case No. 1:19-CV-11861-MKV <br> : |
| v. | : <br> : |
| GLOBAL RISK ADVISORS LLC, GRA QUANTUM LLC, GRA RESEARCH LLC, GLOBAL RISK ADVISORS EMEA LIMITED, GRA MAVEN LLC, QRYPT, INC., KEVIN CHALKER, DENIS MANDICH, ANTONIO GARCIA, AND COURTNEY CHALKER, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

Defendants' supplemental memorandum rehashes arguments that this Court has already correctly rejected and that Defendants' prior counsel knew could not be raised again on this motion to dismiss. The Court rejected those arguments in granting Plaintiffs' motion to amend their complaint, holding that Plaintiffs' new allegations, which included allegations based on the GRA whistleblower declaration, plausibly allege that Defendants were involved in the illegal hacking of Plaintiffs' confidential information. (ECF 114, at 4.) Moreover, because "[t]he Court accept[ed] the factual allegations contained in the Proposed Second Amended Complaint as true at this stage," it denied as moot Plaintiffs' invitation in their letter motion (ECF 98) to review *ex parte* and *in camera* the declaration in unredacted form. (ECF 114, at 4.)[1]

The Court's holding was unquestionably correct, and Defendants' "new" arguments are procedurally and substantively meritless. First, those arguments amount to an untimely motion for reconsideration—in fact, Defendants' prior counsel, in making this motion to dismiss, explicitly noted that the Court had found that "Plaintiffs have adequately alleged a connection between the purported hacking activity and one or more Defendants," and "accept[ed] that premise as true" for purposes of the motion. (ECF 124 at 4.) For that reason alone, the arguments raised again in the supplemental memorandum should be rejected: "as numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani,* 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).

---

[1] Plaintiffs, should the Court now deem it necessary, not only renew their invitation to submit the declaration for *ex parte* and *in camera* review, but are prepared to make the whistleblower available for an *ex parte* and *in camera* meeting with the Court under appropriate safeguards for his safety. Plaintiffs of course respectfully submit that, as the Court has already concluded, no such review (and *a fortiori* no such meeting) is necessary for Defendants' arguments in their supplemental memorandum to be rejected and their motion denied.

The only thing that has changed is that Defendants are now represented by new counsel, but that is irrelevant. While "[n]ew counsel may be dissatisfied with its predecessor's arguments to the Court . . . new counsel is bound by those arguments." *Pierre v. Planet Auto., Inc.*, No. 13-CV-675 (MKB), 2016 WL 6459617, at *4 (E.D.N.Y. Oct. 31, 2016) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d. Cir. 1999)). Even if Defendants' claim that prior counsel failed to challenge the specificity of the whistleblower declaration (ECF 141 at 1) were relevant—and it is not, inasmuch as they are bound by prior counsel's arguments and the Court in any event already ruled on the issue—that claim is not even true. Prior counsel made nearly identical arguments in opposing Plaintiffs' motion to amend, including arguing that the declaration did not describe the whistleblower declarant sufficiently and did not have enough corroborating support. (ECF 104 at 3, 14-16.) In granting the motion to amend, the Court already considered—and correctly rejected—those same arguments about the sufficiency of the declaration. (ECF 114 at 4.)

Defendants' arguments likewise utterly fail on the merits. First, the cases Defendants cite are all securities fraud cases under "the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)"—unlike here, where the standard is Rule 8. *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 242 (S.D.N.Y. 2020).[2] Moreover, those cases all concern whether there were sufficient facts provided by the confidential sources from which to infer, again under the heightened particularity standard, that the sources had personal knowledge of the information attributed to them.[3] Unlike in Defendants' cases, no inference is necessary here. The source has

---

[2] Defendants cite no authority applying a heightened pleading standard to declarations in cases where the standard is Rule 8, which the Court has correctly applied here. (ECF 89 at 16.) *See, e.g.*, *In re Cattle Antitrust Litig.*, No. 19-CV-1129 (JRT/HB), 2020 WL 5884676, at *5 (D. Minn. Sept. 29, 2020) (rejecting argument that witness statement must satisfy the heightened pleading standard applicable in securities litigation). Defendants' prior counsel apparently recognized as much, because they did not cite these cases in opposition to the motion to amend.

[3] In *Local No. 38 Int'l Bhd. Of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 455-58, 460-62 (S.D.N.Y. 2010), the plaintiffs' allegations were a "gossamer patchwork of general statements," including "anecdotes and conclusory statements of belief," that did not meet the heightened standard. In *In re BISYS Secs. Litig.*, 397 F. Supp. 2d 430, 442 (S.D.N.Y. 2005), the plaintiffs did not allege with sufficient particularity that any of

2

declared under penalty of perjury that he does have personal knowledge about the matters stated in his declaration.

However, even under a heightened pleading standard, the declaration and the corroborating allegations plainly pass muster. *In re Weight Watchers* holds that, under that standard, courts will credit confidential source allegations under the following two circumstances: "First, when independent [adequately pled] factual allegations corroborate a confidential source's statements, the requirement of a description of the source's job is loosened . . . Second, in the absence of such well-pled corroborative facts, courts will credit confidential sources whose positions and/or job responsibilities are described sufficiently to indicate a high likelihood that they actually knew facts underlying their allegations." 504 F. Supp. 3d at 246 (internal quotations omitted).

Here, contrary to Defendants' assertions, both circumstances are present. Plaintiffs have made numerous independent factual allegations corroborating the confidential source's statements. In granting the motion to dismiss the First Amended Complaint (ECF 89), the Court recited some of those facts, including that GRA has the special "skill set" required to have carried out the attacks, as well as an internal "special projects division" involved in previous Qatar-directed hacks. (*Id.* at 19.) As the Court then noted, in the First Amended Complaint, "Plaintiffs have pleaded facts 'consistent' with GRA's liability," but that was insufficient. (*Id.* at 20.) Now that, as the

---

the three witnesses identified as former sales executives held positions such that the Court might infer that they possessed the information in their statements. In *Feasby v. Industri-Matematik Int'l Corp.*, 2003 WL 22976327, at *4 (S.D.N.Y. Dec. 19, 2003), the plaintiffs did not provide any "information that would support an inference that the sources would possess the information attributed to them." In *Janbay v. Canadian Solar, Inc.*, 2013 WL 1287326, at *8 (S.D.N.Y. Mar. 28, 2013), the Court held that "second-hand information, obtained only through intermediaries, undermines 'the likelihood that [the confidential witness] had personal knowledge of the allegations.'" In *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 595 (S.D.N.Y. 2011) there was no indication that the confidential source had personal knowledge of his allegations. In *Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179 (S.D.N.Y. 2020) the source's information was "general and second-hand" and he had left the company before the class period. *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1141 (W.D. Wash. 2006) simply confirms that "[t]he Court must be able to tell whether a confidential witness is speaking from personal knowledge, or merely regurgitating gossip and innuendo." (internal quotations omitted).

Court later found, the allegations in the Second Amended Complaint, including those based on the declaration, have provided the link between Defendants and the hacking, all of those consistent facts are corroborating facts.[4]  In addition, Plaintiffs have also alleged that "numerous former GRA employees . . . tied Chalker and GRA directly to the hacking, surveillance, and other covert projects from Qatar." (SAC ¶ 4.)  Those allegations also corroborate the statements made in the declaration. *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 493 n.10 (S.D.N.Y. 2004) ("a plaintiff is not required to describe a confidential source at all if there are independent factual allegations to corroborate the source's statement").

Moreover, even if there *were* no other corroborating facts, which there are, Plaintiffs have also fulfilled the standard for identifying their confidential source.  The declarant states that he was in a position to personally obtain the relevant information, and as Plaintiffs explained, the declarant does not wish for his identity to be known to Defendants in this early phase of the litigation, "based on the declarant's real and justified fear that Defendants will retaliate against him and/or his family," but "[i]f the case proceeds to discovery, the declarant would, with all necessary and appropriate safety measures in place, become available for deposition and other discovery, as appropriate, because he is confident that the Court will implement the necessary safeguards to ensure that he does not face retaliation." (ECF 98 at 1.)[5]

---

[4] To try to support their meritless argument that the consistent facts do not count as corroboration, Defendants point to the Court's statement that the allegations in the First Amended Complaint "point only to the 'feasibility' of the attack and GRA's 'capacity' to execute it," not to GRA's responsibility for the attack. (ECF 145 at 2.)  But that statement was made *before* the Court was satisfied by the allegations in the Second Amended Complaint that there was a plausible link between Defendants and the hacking.  Now that the Court has been satisfied, those facts are obviously corroborative.

[5] The cases Defendants cite, *City of Livonia Emps' Ret. Sys. v. Boeing Co.*, 2010 WL 2169491, at *5 (N.D. Ill., May 26, 2011), *Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1284 n.13 (S.D. Fla. 2008), and *In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1135 n.6 (S.D. Cal. 2008), all concerned how to handle *in camera* review of confidential witnesses under the heightened pleading standard.  As Plaintiffs previously explained, in non-securities fraud litigation, courts have followed the same procedures Plaintiffs have proposed for the consideration of anonymous declarations.  *See* ECF 98 at 1-2.

4

| | |
|---|---|
| Dated: New York, New York<br>September 8, 2022 | Respectfully submitted,<br><br>KASOWITZ BENSON TORRES LLP<br><br>By: /s/ *Daniel R. Benson*<br>    Daniel R. Benson<br>    Sarah G. Leivick<br>    Andrew R. Kurland<br>    Jeffrey Ephraim Glatt<br><br>1633 Broadway<br>New York, New York 10019<br>Tel.: (212) 506-1700<br>dbenson@kasowitz.com<br>sleivick@kasowitz.com<br>akurland@kasowitz.com<br>jglatt@kasowitz.com<br><br><br>Henry B. Brownstein<br><br>1401 New York Avenue NW, Suite 401<br>Washington, D.C. 20005<br>Tel.: (202) 760-3400<br>hbrownstein@kasowitz.com<br><br>*Counsel for Plaintiffs Elliott Broidy and Broidy Capital Management, LLC* |

5