# KASOWITZ BENSON TORRES LLP

<table>
<tr><td>DANIEL R. BENSON<br>DIRECT DIAL: (212) 506-1720<br>DIRECT FAX: (212) 880-8690<br>DBenson@kasowitz.com</td><td align="center">1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800</td><td>ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC</td></tr>
</table>

December 13, 2022

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

      I write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC. As the Court suggested at the October 11, 2022 court conference at which it granted Plaintiffs leave to make a motion for sanctions against Defendants' former counsel, Gibson Dunn & Crutcher LLP, Plaintiffs and Gibson Dunn have attempted to resolve the motion out of court. Although the parties were able to agree on a settlement in principle, including the payment amount, they have been unable to resolve several other settlement terms.

      Plaintiffs believe that the assistance of the Court could enable the parties to reach an agreement on those other terms, and accordingly respectfully request that the Court hold a settlement conference to help resolve the impasse. *See, e.g.*, *Prometo Produce Corp. v. Produce Depot U.S. LLC*, 2022 WL 488938, at *1 (S.D.N.Y. Feb. 16, 2022) ("[I]t is well-established that a court may require parties to appear for a settlement conference[.]"). So as not to further delay the motion if it needs to be made, Plaintiffs also respectfully request that the Court set a new briefing schedule for the sanctions motion, which was adjourned *sine die* per the Court's November 17, 2022 order. (*See* ECF No. 154.)

      We asked Gibson Dunn on Friday morning whether they would join in this request, but we have not received a response.

      We thank the Court for its consideration of this matter.

                                                                          Respectfully,

                                                                         Daniel R. Benson