# EXHIBIT D

Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

August 26, 2020

**By Email**

Mr. Jason C. Schwartz
General Counsel
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Email: jschwartz@gibsondunn.com

  Re: **Elliott Broidy and Broidy Capital Management, LLC v. Global Risk Advisors LLC, Kevin Chalker, et al.**

Dear Mr. Schwartz:

  I am writing to bring to your attention a serious ethical matter which requires immediate attention. Your firm and your partner, Zainab Ahmad, are presently representing Global Risk Advisors and Kevin Chalker, its CEO, and other defendants ("GRA defendants") in the above-referenced action. Before joining Gibson Dunn and the GRA defendants' team, Ms. Ahmad served in the U.S. Department of Justice ("DOJ") and participated in at least one investigation in which she acquired confidential government information that could be used to the material disadvantage of GRA's adversary in the above matter, our client Elliott Broidy. Rather than promptly screen Ms. Ahmad from any participation in the above case, and taking steps to ensure that no fee therefrom was apportioned to her, it appears that the GRA defendants sought her out for the case and added her to the team, thus exposing the firm.

  It is longstanding DOJ policy, as well as a requirement of the rules of professional conduct that a lawyer who has formerly served as a pubic officer or employee of the government is disqualified from any matter in which the lawyer participated personally and substantially as a public officer or employee, unless the government gives informed and written consent to the representation; and further that such a lawyer is disqualified from representing a private client against a person in a matter in which the lawyer has confidential government information against that person. See N.Y. Rules of Professional Responsibility, Rule 1.11.

  Here, we know that, before joining Gibson Dunn, Ms. Ahmad was employed at DOJ and participated in the Mueller investigation. Mr. Broidy was never a target of the Mueller investigation. However, as part of the investigation, the Mueller team acquired information under governmental authority about Mr. Broidy. For example, it is public information that Ms. Ahmad participated in the interview of Rick Gates, which focused extensively on Mr. Broidy, and in particular on issues that became public only when Mr. Broidy's private emails were hacked and leaked to the media. In the above case, Mr. Broidy asserts that the GRA defendants were responsible for the hacking scheme.

Mr. Jason C. Schwartz  
August 26, 2020  
Page 2 of 2

Steptoe

Given the extensive discussion about Mr. Broidy during the interview of Mr. Gates, and the broad powers of DOJ, we believe it is likely that Ms. Ahmad obtained additional confidential information concerning Mr. Broidy as part of the overall investigation. This could include information about which Mr. Broidy himself would not be aware. You can imagine, then, our skepticism about GRA's decision to replace Wilmer Hale with Gibson Dunn and Ms. Ahmad, fresh off her investigation of Mr. Broidy. What appears to be going on is precisely what the ethical rules are designed to avoid: the "unfair advantage" of exploiting "confidential government information about [Mr. Broidy] obtainable only through [Ms. Ahmad's] government service." Id. cmt. 4.

Given Ms. Ahmad's undisputed role in the Mueller investigation and access to grand jury information, there are serious questions as to the propriety of Gibson Dunn's ongoing representation of GRA—and those questions demand immediate answers. We ask that you investigate her role, what consent (if any) she received from the government to work on the above matter, how she was not timely screened from the case, and whether your firm intends to withdraw from the matter. Please let me know promptly whether you will investigate these matters, or seek guidance from the U.S. Department of Justice, and, if so, when we can expect to discuss the results of that investigation.

Very truly yours,

*[signature]*

Filiberto Agusti

cc:   Orin Snyder, osnyder@gibsondunn.com  
      Paul J. Kremer, pkremer@gibsondunn.com  
      Zainab N. Ahmad, zahmad@gibsondunn.com  
      Charles Michael, cmichael@Steptoe.com