# EXHIBIT L

**GIBSON DUNN**

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

June 22, 2022

VIA ELECTRONIC MAIL

Daniel Benson
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019

Re:  *Elliott Broidy, et al., v. Global Risk Advisors, LLC, et al.*, Case No. 19-cv-11861-MKV (S.D.N.Y.)

Dear Dan:

This letter addresses your request that my partner Zainab Ahmad provide a declaration responding to allegations by Richard Gates in a declaration you recently obtained from Mr. Gates. You are wielding the Gates declaration to support a potential disqualification motion your client first threatened to file nearly two years ago regarding Ms. Ahmad's participation in a small number of the more than 50 interviews the Special Counsel's Office conducted of Mr. Gates in 2018.

You do not need a declaration from Ms. Ahmad to understand why any motion to disqualify Ms. Ahmad or Gibson Dunn as counsel for Global Risk Advisors, LLC ("GRA") on the basis of Mr. Gates' declaration would lack any factual or legal merit. First, Mr. Gates' declaration does not remotely satisfy the "high standard" and "heavy burden of proof" your client would bear in seeking disqualification. *Gormin v. Hubregsen*, No. 08CIV.7674(PGG), 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009) (internal quotations omitted).

As explained in detail in our May 18 letter, the account of these interviews in Mr. Gates' declaration—which is based on his purported "clear recollection" of interviews that occurred more than four years ago, as well as "notes" of those interviews that you have not provided—is contradicted by the official FBI memoranda from those interviews and internally inconsistent in numerous material respects. *See* May 18, 2022 Ltr. at 3-6. Mr. Gates' supposed memory years after the fact should be given no deference over the contemporaneous official government record of the meeting. This is before you factor in Mr. Gate's prior history of lying.

You have failed to respond to our May 18 letter (despite receiving it more than a month ago) or make any attempt to address the material inconsistencies, inaccuracies, and contradictions

GIBSON DUNN

Daniel Benson
June 22, 2022
Page 2

in the declaration that we identified. Your failure to do so speaks loudly in its own right, but also makes clear that your demand for a declaration from Ms. Ahmad (without which you have threatened to immediately file your disqualification motion) is unwarranted and tactical in nature.

But even assuming (contrary to the available evidence) Mr. Gates' declaration is accurate in all respects, it would not establish a violation of New York Rule of Professional Conduct 11.1(c). As discussed at length in the second part of our May 18 letter (which you also have not responded to), there is nothing in Mr. Gates' declaration that establishes (among other things) Ms. Ahmad obtained information regarding Mr. Broidy during the small number of interviews of Mr. Gates that she participated in that (i) constituted "confidential government information" at the time of the interview, (ii) continues to constitute "confidential government information" today, and (iii) could be used to Mr. Broidy's "material disadvantage" in this litigation. *See* May 18, 2022 Ltr. at 6-8. If you believe our May 18 letter's analysis of any of these elements is incorrect in any respect, it is incumbent upon you to inform us now, and before you file any motion, so we can consider your position and engage in a meaningful meet-and-confer. Your failure to engage on the merits is not appropriate and does not allow you to short-circuit the meet-and-confer process, particularly given the judicial hostility to the tactical use of disqualification motions.

\*   \*   \*

Gibson Dunn and the GRA defendants continue to reserve all rights and remedies, under Rule 11 and otherwise.


Sincerely,

*/s/ Orin Snyder*

Orin Snyder