UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOTT BROIDY and BROIDY CAPITAL MANAGEMENT, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GLOBAL RISK ADVISORS LLC, GRA QUANTUM LLC, GRA RESEARCH LLC, GLOBAL RISK ADVISORS EMEA LIMITED, GRA MAVEN LLC, QRYPT, INC., KEVIN CHALKER, DENIS MANDICH, ANTONIO GARCIA, and COURTNEY CHALKER,<br><br>　　　　　　　Defendants. | Case No. 1:19-cv-11861-MKV |

**DECLARATION OF ZAINAB N. AHMAD**

I, Zainab N. Ahmad, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.　I am a partner in the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and I am admitted to practice law in the State of New York and the Southern District of New York. I am one of the attorneys from Gibson Dunn who previously represented Defendants in this action. I make this declaration in response to Plaintiffs' Motion for Sanctions (Dkt. 163), asserting that I had a conflict of interest based on my previous government service and seeking sanctions against Gibson Dunn.

2.　I became a partner at Gibson Dunn in July 2019. Prior to joining Gibson Dunn, I served in various roles with the Department of Justice ("DOJ") for 11 years. I served as an Assistant United States Attorney in the Eastern District of New York, including serving as the

1

Deputy Chief of the National Security and Cybercrime section.  From 2017 to 2019, I served as a Senior Assistant Special Counsel in Special Counsel Robert S. Mueller's Office (the "OSC").

3. I had very limited contact with Richard Gates during my tenure at the OSC.  I was not part of the OSC team that investigated Mr. Gates and negotiated the plea agreement pursuant to which Mr. Gates pled guilty to two charges (conspiracy against the United States in violation of 18 U.S.C. § 371, and making a false statement to the OSC in violation of 18 U.S.C. § 1001).  I did not attend the vast majority of the "proffer" meetings between Mr. Gates and the OSC.

4. Mr. Gates participated in two separate interviews on March 18, 2018.  The publicly available "302" summaries of those two March 18 interviews with Mr. Gates are attached hereto as Exhibits A (the "2456 Memo") and B (the "2470 Memo").

5. To the best of my knowledge and recollection, I did not participate in the interview contemporaneously memorialized in the 2456 Memo.  My recollection is consistent with the 2456 Memo, which does not list me as one of the participants in that interview.  Ex. A at 1.  Rather, as stated in the 2456 Memo, *see id.* at 4, I participated in a separate interview of Mr. Gates, which was summarized in a separate "302" (the 2470 Memo).

6. I was not involved in any investigation into Mr. Broidy, including any investigation into Mr. Broidy being hacked.  To the best of my knowledge and recollection, no one at the OSC investigated the alleged hacking of Mr. Broidy.  Whenever Mr. Broidy's name came up in my presence during my time at the OSC, it was in connection with investigations into other individuals and not related to the alleged hacking or any other matter relevant in this litigation.

7. Contrary to the speculation offered by Plaintiffs, I never learned any confidential information regarding any issue relevant to this pending litigation, including in connection with Mr. Broidy's alleged hacking or otherwise.

8. I do not have knowledge regarding whether the OSC obtained any non-public confidential materials relating to the alleged hacking of Mr. Broidy. And I have no basis to believe that the OSC ever obtained non-public confidential materials relating to the alleged hacking of Mr. Broidy.

9. My understanding is that this matter came to Gibson Dunn through my partner Orin Snyder, who had a relationship with Defendant Kevin Chalker that predated the filing of this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2023
New York, New York.

_____
Zainab N. Ahmad