GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy E. Hart
Direct: +1 212.351.3897
Fax: +1 212.351.6273
NHart@gibsondunn.com

March 6, 2023

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861

Dear Judge Vyskocil:

I write as counsel for Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), former counsel to Defendants in the above-captioned action, to request permission to redact an exhibit filed in connection with Gibson, Dunn & Crutcher LLP's Memorandum of Law in Opposition to Plaintiffs' Motion for Sanctions, filed contemporaneously herewith.

Exhibit B to the Declaration of Brian Ascher in support of Gibson Dunn's opposition is a July 21, 2022 email from Defendant Kevin Chalker, founder of Defendant Global Risk Advisors and CEO of Defendant Qrypt, to Gibson Dunn and Defendants' new counsel at Hughes Hubbard & Reed LLP that contains confidential commercial information relevant to Defendants' decision to substitute counsel. Although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Gibson Dunn's request to seal the unredacted version of Exhibit B should be granted for the following reasons.

*First*, documents containing "confidential . . . commercial information," such as the business strategy described in Exhibit B, may be placed under seal upon a showing of good cause. Fed. R. Civ. P. 26(c)(l)(G); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (Vyskocil, J.) (granting motion to seal business information and noting that "[c]ourts in this Circuit regularly seal information that might disclose . . . confidential business information"); *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning . . . marketing strategies,

product development, costs and budgeting"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury"). Here, disclosure of the business strategy of a private company in Exhibit B could harm Defendants' competitive standing.

*Second*, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Defendants, who are third parties to Plaintiffs' motion for sanctions against Gibson Dunn, have legitimate privacy interests in their confidential commercial information that warrants sealing.

*Third*, the email that is the subject of Exhibit B was sent by Defendants to their counsel and may therefore be protected by the attorney-client privilege. *See e.g. Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (observing that "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and . . . this method is viewed favorably by the courts") (quoting *Team Obsolete Ltd. v. A.HR.MA. Ltd.*, 464 F. Supp. 2d 164, 165-66 (E.D.N.Y. 2006)). Rule 1.6(b)(5)(i) of the New York Rules of Professional Conduct expressly permit disclosure of confidential information when a lawyer reasonably believes such disclosure is necessary "to defend the lawyer . . . against an accusation of wrongful conduct. *See also Meyerhofer v. Empire Fire & Marine Ins. Co.*, 497 F.2d 1190, 1194–95 (2d Cir. 1974) (finding attorney's disclosure to a third party of his client's confidential information was proper because the attorney was permitted to defend his own conduct); *Trepel v. Dippold*, 2005 WL 2206800, at *3 (S.D.N.Y. Sept. 12, 2005) (granting motion to file third-party complaint against attorney over objections that he would be unable to mount a defense, because "the applicable disciplinary rule in New York permits a lawyer to reveal confidences necessary to defend himself even where the accusation of wrongdoing is made by someone other than the client"); *Oorah, Inc. v. Kane Kessler, P.C.*, No. 17-cv-7175 (S.D.N.Y. July 20, 2020) (permitting disclosure of a client's privileged communications because disclosure necessary "to facilitate defendants' defense."). However, the commentary to the Rules instructs attorneys to make the disclosure so as to attempt to "limit[] access to the tribunal or other person having a need to know the information" and to seek appropriate protective arrangements, as practicable. Rule 1.6(b)(5)(i), Cmt. 14. As such, sealing would protect against disclosure of privileged information beyond the Court and Plaintiffs' counsel.

*Finally*, where "the protected information 'sheds almost no light on either the substance of the underlying proceeding'"—in other words, the information at issue "play[s] only a negligible role in the performance of Article III duties"—"the weight of the presumption is low." *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617. The confidential business strategy

underlying Defendants' decision to substitute counsel—for commercial reasons unrelated to the merits of Plaintiffs' motion for disqualification—has little bearing on the inquiry into whether Gibson Dunn's actions had a colorable basis and were conducted in good faith. Accordingly, the public's First Amendment interest in access to Exhibit B is minimal.

For all of these reasons, Gibson Dunn respectfully asks that the Court issue an order permitting the sealing of Exhibit B to the Declaration of Brian Ascher.

Respectfully submitted,

*/s/ Nancy Hart*
Nancy Hart

cc: All counsel of record (via ECF)