# KASOWITZ BENSON TORRES LLP

Daniel R. Benson
Direct Dial: (212) 506-1720
Direct Fax: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 9, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

     Re:    *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

     I respectfully write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC in opposition to Gibson, Dunn & Crutcher LLP's letter motion to redact Exhibit B to the Declaration of Brian Ascher, submitted with their opposition to Plaintiffs' Motion for Sanctions. (ECF No. 173, "Ltr."). Gibson Dunn's conclusory assertions concerning the purported confidentiality of this document do not come close to overcoming the "presumption of access" to judicial documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and the letter motion should be denied.

     To determine whether a judicial document such as Exhibit B should be sealed or redacted, the Courts in this Circuit first assess the weight of the presumption, by determining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *Lugosch*, 435 F.3d at 119 ("right of public access to judicial documents is firmly rooted in our nation's history"), and then "balance competing considerations against" the presumption of access, including "the privacy interests of those resisting disclosure." *Id.* at 120. Here, Gibson Dunn's purported "competing considerations" fall far short of defeating the presumption.

     As set forth in Plaintiffs' motion for sanctions (ECF No. 163), Gibson Dunn, after vehemently denying for almost two years that Gibson Dunn partner Zainab Ahmad's prior government employment presented any conflict of interest, abruptly withdrew as counsel to Defendants in July 2022—when Plaintiffs were days away from filing their motion to disqualify the firm. In opposing the sanctions motion, Gibson Dunn asserts—citing Exhibit B—that "Defendants ultimately chose to substitute counsel—not because of any concern about a genuine conflict, but because of their unrelated business interests, regardless of how unsubstantiated Plaintiffs' claim was." (ECF No. 168, at 24.) Thus, Gibson Dunn explicitly asks this Court to utilize Exhibit B in deciding the sanctions motion (*see* ECF No. 168, at 2, 10, 24), while

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 9, 2023
Page | 2

simultaneously seeking to shield its contents from the public.  But Gibson Dunn cannot have it both ways.  Because Gibson Dunn wants the Court to consider Exhibit B in deciding the sanctions motion—including whether Exhibit B is credible evidence of what Gibson Dunn claims it means (which it is not)—the public has the right to view that document as part of its role monitoring the federal courts.  *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (public "monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions").  Gibson Dunn cites *Standard Investment Chartered, Inc. v. Financial Industry Regulatory Authority, Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009), but there the court, after the action had been dismissed, prohibited disclosure of certain documents produced in discovery in part because they "shed[] almost no light on either the substance of the underlying proceeding or the basis for the Court's decision."  Here, by contrast, Gibson Dunn has submitted Exhibit B precisely because it claims it is relevant to the Court's decision.

Moreover, Gibson Dunn's characterization of Exhibit B is belied by the document itself.  Gibson Dunn should not be able to describe Exhibit B in the way it sees fit in arguing that the firm should not be sanctioned while keeping the document under seal and unavailable to the public.  Gibson Dunn's characterization has already been reported on since its opposition papers were filed, and the contents of Exhibit B are clearly of public interest.  *See* Luc Cohen, *Gibson Dunn Partner Denies Conflict of Interest in Qatar Hacking Case*, Mar. 7, 2023, https://www.reuters.com/legal/legalindustry/gibson-dunn-partner-denies-conflict-interest-qatar-hacking-case-2023-03-07 ("Gibson Dunn said Global Risk Advisors and Chalker decided to go with a different firm 'purely based on their own business interests' rather than because of 'the merits of any purported conflict.'").  Gibson Dunn should not be permitted to peddle its carefully crafted sound bites to the media, while precluding Plaintiffs from publicly countering those points using the actual contents of Exhibit B.

Gibson Dunn's conclusory claims that Exhibit B contains "business strategy" which constitutes "confidential commercial information" are insufficient to overcome the presumption of access.  The courts in the cases Gibson Dunn cites protected confidential commercial information of the kind traditionally accorded protection—such as confidential trade secrets and client lists—entirely different from the information (if it can be called that) contained in Exhibit B.  In *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022), this Court granted a motion to seal documents containing "the names of Defendant's 'past and/or prospective clients, including past and/or prospective investors and transaction counterparties.'"  In *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-650 (S.D.N.Y. 2011), the court sealed exhibits containing "trade secrets concerning the costs, development, marketing and distribution" of their product, because the privacy interests of defendants in such "highly proprietary material" "outweigh[ed] the presumption of public access."  Gibson Dunn does not and cannot assert that Exhibit B contains any information of this kind.

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 9, 2023
Page | 3

      Gibson Dunn also summarily asserts that disclosing this "business strategy" could "harm Defendants' competitive standing." (Ltr. at 2.) But Gibson Dunn has made no showing, as it must, that the purportedly confidential information in Exhibit B has any "potential to do commercial harm," *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993), or could subject it to "'financial harm'" or be used "to deduce [the defendant's] negotiation tactics," *Standard Investment*, 347 Fed. App'x at 617. In addition, even assuming *arguendo* that Exhibit B did reflect "business strategy" that was confidential as of July 2022—and the face of the document does not so indicate—Gibson Dunn has not established that Defendants have any *current* privacy interest in this purported business strategy or that the "business interests" supposedly described in Exhibit B are still relevant now, eight months later. *See, e.g.*, *Alcon Vision, LLC v. Lens.com*, No. 18 Civ. 0407 (NG), 2020 WL 3791865, at *8 (E.D.N.Y. July 7, 2020).

      As a last-ditch effort to justify redaction, Gibson Dunn also asserts that the email "sent by Defendants to their counsel" in Exhibit B "may" be protected by the attorney-client privilege. (Ltr. at 2.) Gibson Dunn does not actually assert that the document is privileged. The reason is clear—it is not privileged. On its face, Exhibit B does not contain any confidential communication between Gibson Dunn and Defendants made for the purpose of obtaining or providing legal advice. *See, e.g.*, *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). But, in any event, Gibson Dunn's mere speculation that it "may" be privileged cannot come close to outweighing the presumption of public access.[1]

      There are few, if any, things more critical to the courts and the public monitoring them than the conduct of the attorneys appearing before them. For the reasons set forth herein, Plaintiffs respectfully request that the Court deny Gibson Dunn's motion to redact Exhibit B.

                                                                    Respectfully,

                                                                    Daniel R. Benson

---

[1] By contrast, in the cases cited by Gibson Dunn, *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 HB JLC, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) and *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006), the parties seeking to seal documents asserted that the documents at issue were protected by the attorney-client privilege.