Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482, UNITED STATES OF AMERICA
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

**Hughes
Hubbard
&Reed**

March 14, 2023

BY ECF
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Broidy v. Global Risk Advisors LLC* (1:19-cv-11861), Dkts. 170 and 170-2

Dear Judge Vyskocil:

Defendants Global Risk Advisors LLC *et al.* ("GRA"), by and through undersigned counsel, respectfully request permission to file Exhibit A to GRA's motion to strike dated March 12, 2023 under seal with respect to the public docket, and separately to file it with redactions with respect to parties and counsel in the above-titled litigation.  GRA proposes to substitute Exhibit A in place of the document which was filed with the Court and served on Plaintiffs' counsel by GRA's former counsel Gibson Dunn & Crutcher LLP ("Gibson Dunn") as Dkt. 170-2.  Exhibit A contains attorney-client privileged material, as well as sensitive personal and confidential business information.

Judicial documents are presumptively accessible to the public, but the presumption is overcome where specific findings demonstrate that closure is essential to preserve higher values, and narrowly tailored to serve that interest.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The Second Circuit articulated a three-step test for determining whether the presumption of access is overcome.  *See id.* at 119-20.  First, the documents at issue must be "judicial documents", *i.e.*, documents relevant to the performance of the judicial function and useful in the judicial process.  *Id.* at 119.  Second, if the documents are judicial documents, the court must determine the weight of the presumption of public access.  *Id.* Finally, the court must balance competing considerations against the weight of the presumption. *Id.* at 120.  Competing considerations include privacy interests, *see id.* at 120, the protection of attorney-client privilege, *see id.* at 125, and confidential business information, *see Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017).

1.   **Sealing Exhibit A with Respect to the Public Docket is Justified Because GRA's Privacy Interests Substantially Outweigh the Public Interest in Such Communications**

Here, Exhibit A is unquestionably a judicial document relevant and useful to the judicial function and process.  *See Lugosch*, 435 F. 3d at 119.  Exhibit A is an integral part of a motion to strike which will affect the Court's management of this litigation, and is therefore relevant to the judicial function.

The weight of the presumption of public access to Exhibit A is minimal.  The public interest in judicial documents is highest when the documents in question are used to move for or oppose dispositive motions, *see Lugosch*, 435 F.3d at 123, or when the documents help the court assess a dispute of material fact at issue in a motion, *see Eielson*, 282 F.Supp.3d at 705-06.  Here, Exhibit A relates to a dispute between Plaintiffs and GRA's former counsel that is incidental to the main litigation, and within that dispute, to management of sensitive client information not central to that dispute.

GRA's significant interests in protecting its privileged communications and sensitive personal and business information substantially outweigh the presumption of public access.  The Second Circuit holds that attorney-client privilege may serve as a "compelling reason" overcoming the presumption of access.  *See Lugosch,* 435 F.3d at 125.  Similarly, public disclosure of information that might harm a litigant's competitive standing may also overcome the presumption of access.  *See Eielson*, 282 F. Supp.3d at 706.  Here, Exhibit A contains communications between GRA and both its current and former counsel relating to judgments about which counsel to retain, and how this decision might impact GRA's business.  This document sits at the core of the attorney-client privilege.  Further, the business considerations discussed in Exhibit A relate to GRA's strategic position and future plans, and constitute exactly the kind of information that courts shield from disclosure to prevent injury to a business.  *See, e.g., Sec. Exch. Comm'n v. Ripple Labs*, 20 Civ. 10832, 2022 U.S. Dist. LEXIS 229188 at *11-14 (S.D.N.Y. Dec. 19, 2022).

Sealing the entirety of Exhibit A would be the appropriate narrowly tailored measure because the document is exclusively comprised of confidential and sensitive business information.  *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, 14 Civ. 7582, 2016 U.S. Dist. LEXIS 49029 at *13 (S.D.N.Y. Apr. 12, 2016) (holding that sealing of entire documents is narrowly tailored where the documents only contain only certain protected business information); *see also Robinson v. De Niro*, 19-CV-9156, 2022 U.S. Dist. LEXIS 124140, at *6 - 7 (S.D.N.Y. 2022) (holding that sealing medical records is narrowly tailored when the entire record contains sensitive medical information).

2.   **Redacting Exhibit A with Respect to the Parties and the Court is Justified because the Parties' Interests in its Contents Must Be Balanced Against GRA's Privacy Interests**

Exhibit A qualifies as a judicial document, and the weight of the presumption of public access to Exhibit A is minimal.  However, GRA acknowledges that Plaintiffs' counsel and Gibson Dunn maintain interests in referring to the documents in their redacted form to resolve the pending motion for sanctions.

With respect to competing considerations against the weight of the presumption of public access, GRA maintains significant interest in protecting the privileged and confidential business information indicated for redaction.  In addition, Exhibit A is marked for redaction of the non-public email address and telephone number of GRA's chief executive officer Kevin Chalker, in which GRA and Mr. Chalker maintain a substantial privacy interest.  *See,* e.g., *Parneros v. Barnes & Noble, Inc.*, 18 Civ. 7834, 2019 U.S. Dist. LEXIS 234326 at *4-6 (S.D.N.Y Aug. 16, 2019).

For the above reasons, GRA respectfully asks that the Court permit the sealing of Exhibit A with respect to the public docket, and implement the suggested redactions with respect to access by the parties and the Court.

Respectfully submitted,

*/s/ Marc A. Weinstein*
Marc A. Weinstein

Cc:     All counsel of Record (via ECF);
        Gibson, Dunn & Crutcher (via email)