Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482, UNITED STATES OF AMERICA
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

**Hughes Hubbard & Reed**

March 12, 2023

BY ECF
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re:  *Broidy v. Global Risk Advisors LLC* (1:19-cv-11861), Dkts. 170 and 170-2

Dear Judge Vyskocil:

  Defendants Global Risk Advisors LLC *et al*. ("GRA"), by and through undersigned counsel, respectfully request that the Court strike from the record, *sua sponte* and pursuant to the Court's authority under Fed. R. Civ. P. 12(f)(1), the version of GRA's attorney-client privileged communications submitted to the Court and served on Plaintiff's counsel by GRA's former counsel Gibson Dunn & Crutcher LLP (Dkt. 170-2). In the alternative, GRA requests additional time to be heard in support of Gibson Dunn & Crutcher LLP's motion to seal and redact Dkt. 170-2 (Dkt. 173).

  Gibson Dunn did not inform GRA that Gibson Dunn intended to submit GRA's privileged and confidential business information to the Court and provide the same to Plaintiff's counsel, and thus GRA did not authorize or consent to their former counsel doing so. Upon reviewing the filing through ECF, we immediately requested that Gibson Dunn claw back the email, but Gibson Dunn declined. We subsequently requested that Gibson Dunn refile Dkt. 170-2 with suggested redactions to limit any such disclosure of privileged and confidential business information other than to the extent absolutely necessary for Gibson Dunn's opposition to the sanctions motion. Gibson Dunn once again declined.

  We recognize that Gibson Dunn may reveal confidential information to the disadvantage of GRA and for its advantage, to the extent reasonably necessary to defend that firm against an accusation of misconduct. *See* New York Rules of Professional Conduct 1.6(b)(5). However, the Rules only permit a disclosure adverse to the client's interest no greater than reasonably necessary to accomplish this purpose, "particularly when accusations of wrongdoing in the representation of a client have been made by a third party rather than by the client." Rule 1.6(b)(5)(i), Cmt. 14. Also, "the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know the information, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable." *Id*.

   Here, the unredacted contents of GRA's emails go far beyond what Gibson Dunn reasonably needs to defend itself against the sanctions motion under consideration by the Court—a motion brought by Plaintiffs against Gibson Dunn, and not the Defendants themselves. The confidential, sensitive business information contained in the emails is unnecessary to the resolution of the sanctions motion, and it should not have been filed or provided to Plaintiff. To the extent that any disclosure is necessary for Gibson Dunn's opposition to the sanctions motion, GRA submits that a substantially redacted version, attached hereto as Exhibit A, is more than sufficient. Any further disclosure would go well beyond the strictly limited use of attorney-client privileged communications permitted under Rule 1.6(b)(5).

   Therefore, GRA respectfully requests that Dkt. 170-2 be struck from the record pursuant to Rule 12(f)(1), and replaced with the version attached as Exhibit A, and that such redacted version remain under seal.

   GRA also requests that the Court permit GRA an opportunity to respond to Plaintiff's March 9, 2023 letter in which Plaintiff opposes any sealing of GRA's privileged and confidential communications with its counsel.

              Respectfully submitted,

              */s/ Marc A. Weinstein*
              Marc A. Weinstein


Cc: All counsel of Record (via ECF);
   Gibson, Dunn & Crutcher LLP (via email)