**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy E. Hart
Direct: +1 212.351.3897
Fax: +1 212.351.6273
NHart@gibsondunn.com

March 14, 2023

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861

Dear Judge Vyskocil:

I write as counsel for Gibson, Dunn & Crutcher LLP ("Gibson Dunn") in opposition to Defendants' letter motion to strike Exhibit B to the Declaration of Brian Ascher (ECF No. 170-2), filed on March 6, 2023 in support of Gibson Dunn's opposition to Plaintiffs' motion for sanctions.[1]  Defendants' motion to strike should be denied for the following reasons.

As Defendants concede, Mot. at 1, Gibson Dunn is expressly permitted to disclose confidential information of a client or former client to the extent that the lawyer reasonably believes it is necessary to defend the lawyer's firm against an accusation of wrongful conduct.  *See* N.Y. R. Pro. Conduct 1.6(b)(5) (expressly permitting disclosure of confidential information when a lawyer reasonably believes such disclosure is necessary "to defend the lawyer . . . against an accusation of wrongful conduct"); *Meyerhofer v. Empire Fire & Marine Ins. Co.*, 497 F.2d 1190, 1194–95 (2d Cir. 1974) (finding attorney's disclosure to a third party of his client's confidential information was proper because the attorney was permitted to defend his own conduct).  Indeed, a law firm is permitted to make such disclosure ***over the objection*** of its client.  *See, e.g.*, *Oorah, Inc. v. Kane Kessler, P.C.*, No. 17-cv-7175, Dkt. No. 119, at 2 (S.D.N.Y. July 20, 2020) (permitting disclosure of a client's privileged communications over objection by client because disclosure necessary "to facilitate defendants' defense"); *Children First Found., Inc. v. Martinez*, 2007 WL 4344915, at *17–18 (N.D.N.Y. Dec. 17, 2007) (collecting cases embracing New York's ethical rule permitting attorneys to disclose confidences or secrets to defend themselves and permitting attorney in that case to disclose privileged documents over objection by client in third-party action because her "interest in defending herself" was paramount).  As a result, Defendants' argument that Exhibit B should be stricken because it contains "privileged and confidential business information," Mot. at 1, fails.  Similarly, Defendants' suggestion that they should have been consulted before Gibson

---

[1] Gibson Dunn's motion to seal Exhibit B to the Ascher Declaration is currently pending (ECF No. 173).  Defendants have separately moved to seal Exhibit A to their motion to strike (ECF No. 178), which is a redacted version of the email that is Exhibit B to the Ascher Declaration.  Gibson Dunn does not oppose that request to seal.  Gibson Dunn also does not oppose Defendants' request to respond to Plaintiffs' opposition to Gibson Dunn's motion to seal.

GIBSON DUNN

Hon. Mary Kay Vyskocil
March 14, 2023
Page 2

Dunn filed Exhibit B as part of its opposition to the sanctions motion is without merit. Defendants cite no authority in support of this argument, because, as illustrated by the authorities cited above, when a lawyer is defending his or her own conduct, as Gibson Dunn is here, disclosure is permitted without the consent of (and even over the objection of) the client.

Defendants contend that in submitting Exhibit B in opposition to Plaintiffs' sanctions motion, Gibson Dunn disclosed more than was necessary to adequately defend itself, and request that Exhibit B should be stricken and replaced with a heavily-redacted version. This is not correct. As we explained to Defendants when we declined their request to remove Exhibit B from the record, Gibson Dunn is unfairly facing a motion for sanctions based in large part on the timing and circumstances of its withdrawal, which were dictated by Defendants' business decision. *See e.g.*, Pls.' Mot. for Sanctions (ECF No. 163) at 3, 11 (stating that "Gibson Dunn then abruptly withdrew from the action days before Plaintiffs' disqualification motion was due" and invoking the Court's comments regarding the timing of the withdrawal). As a result, it is critical that we correct the record and inform the Court via the limited disclosure we made under seal that the real reason for both the withdrawal and the timing of the withdrawal had nothing to do with any perceived conflict (which does not exist) and instead was dictated solely by Defendants' decision to terminate Gibson Dunn's services due to unrelated business concerns. All we disclosed in Exhibit B was a three-page email chain reflecting these crucial facts—and we did so under seal so that the disclosure was limited "to the tribunal [and] other persons having a need to know the information" in accordance with the comment Defendants cite. *See* Mot. at 1 (citing Rule 1.6(b)(5)(i), Cmt. 14). Given the stakes and the serious accusation of wrongdoing leveled against Gibson Dunn, we were justified in "reasonably believ[ing] [it] necessary" to make the limited disclosure of a single email chain (filed under seal) "to defend [our law firm] against an accusation of wrongful conduct." *See* Rule 1.6(b)(5) of the New York Rules of Professional Conduct.[2]

As we also explained to Defendants, the heavily-redacted version of the email chain that they propose to replace Exhibit B with would hide entirely the actual rationale provided by Defendants for the termination of Gibson Dunn—a critical fact to our defense against the sanctions motion. If the Court considered only Defendants' proposed heavily-redacted version, it would have no way of discerning that the termination was for an unrelated business reason and not any concern regarding a conflict. *Compare* ECF No. 174 (unredacted Ex. B) *with* ECF No. 180-1 (redacted version). In other words, a critical fact to Gibson Dunn's defense would be hidden. Defendants are not the subject of the sanctions motion and are not

---

[2] Gibson Dunn could not have relied on the redacted Exhibit B because it eliminates entirely the business reason for the termination and because Gibson Dunn has no right to unilaterally redact a document it submits to the Court in any event.

GIBSON DUNN

Hon. Mary Kay Vyskocil
March 14, 2023
Page 3

entitled to substitute their judgment for Gibson Dunn's when determining what is reasonably necessary to disclose to adequately defend our law firm. Permitting Defendants to strike the unredacted version of Exhibit B and replace it with a heavily-redacted version obscuring critical information would be contrary to the law and should not be permitted. *See, e.g., Children First Found.*, 2007 WL 4344915, at *18.

For all of these reasons, Defendants' motion to strike should be denied.

Respectfully submitted,

*/s/ Nancy Hart*
Nancy Hart

cc: All counsel of record (via ECF)