**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy E. Hart
Direct: +1 212.351.3897
Fax: +1 212.351.6273
NHart@gibsondunn.com

March 14, 2023

<u>VIA ECF</u>

The Honorable Mary Kay Vyskocil
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861

Dear Judge Vyskocil:

I write as counsel for Gibson, Dunn & Crutcher LLP ("Gibson Dunn") in response to Plaintiffs Elliott Broidy and Broidy Capital Management, LLC's opposition to Gibson Dunn's letter motion to seal privileged correspondence with its former client.

Plaintiffs seek to unseal Exhibit B to the Declaration of Brian Ascher, claiming that they should be allowed to "publicly counter[]" whether Defendants substituted another firm for their own independent business reasons (as opposed to because they believed there was merit to the threatened disqualification motion). ECF No. 177 at 2. Of course, there is nothing preventing Plaintiffs from arguing their interpretation of the email—which is clear on its face—to the Court. Plaintiffs' real intent in seeking to unseal the email appears to have nothing to do with the right of public access—instead, it appears to stem from pique that a media story included reference to Gibson Dunn's argument, and Plaintiffs want to be able to use the confidential business information against Defendants in the press. As described in Defendants' letter motion, the public interest in the contents of a single exhibit (out of the dozens publicly filed in this proceeding) does not outweigh Defendants' interest in protecting confidentiality concerns regarding its business dealings. *See* ECF No. 173.

Gibson Dunn understands that Defendants view the contents as privileged and highly confidential. "Internal documents . . . that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g)." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). Confidentiality and privacy interests are particularly likely to trump the interest in disclosure where, as here, the sensitive business information belongs to a private company. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (authorizing redactions "relate[d] to confidential business information regarding . . . a closed business"); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"). The sealed Exhibit B explicitly discusses non-public information about the financial strategies and objectives of one of the Defendants, a privately held business.

GIBSON DUNN

Hon. Mary Kay Vyskocil
March 14, 2023
Page 2

Citing *Alcon Vision, LLC v. Lens.com*, Plaintiffs argue that there is no confidentiality interest in the information "eight months later." But *Alcon Vision* addressed the privacy interest in information "from 2016 or earlier"—i.e., *at least four years old*—about "pricing policies that have long since been discontinued" or "packaging changes that have already been implemented." 2020 WL 3791865, at *8 (E.D.N.Y. July 7, 2020). By contrast, the correspondence at issue expressly addresses Defendants' "long-term strategic goals" that remain current. Moreover, Plaintiffs ignore the fact that deference to the privacy interests of third parties is particularly warranted. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Unlike in *Alcon Vision*, Defendants here—the party with a privacy interest in the information designated as confidential—are not a party to the instant sanctions dispute.

For all of these reasons, and those set forth in Gibson Dunn's letter motion to seal, Gibson Dunn respectfully requests that the Court maintain Exhibit B to the Ascher Declaration under seal.

Respectfully submitted,

*/s/ Nancy Hart*
Nancy Hart

cc: All counsel of record (via ECF)