# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| Daniel R. Benson<br>Direct Dial: (212) 506-1720<br>Direct Fax: (212) 880-8690<br>DBenson@kasowitz.com | 1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800 | Atlanta<br>Houston<br>Los Angeles<br>Miami<br>Newark<br>San Francisco<br>Silicon Valley<br>Washington DC |

March 17, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    <u>*Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861</u>

Dear Judge Vyskocil:

      I respectfully write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC in opposition to Defendants' letter motion to strike or alternatively to be heard in support of Gibson Dunn & Crutcher LLP's motion to seal and redact Exhibit B to the Declaration of Brian Ascher (ECF No. 180) and Defendants' letter motion to seal Exhibit A to their motion to strike (ECF No. 178). As set forth below, Plaintiffs also respectfully request that Defendants and Gibson Dunn be ordered to produce all of their communications regarding this matter for, at a minimum, *in camera* review by the Court.

      Defendants and Gibson Dunn's conduct concerning this document has been, for want of a better word, bizarre. First, consistent with its cavalier view of its professional responsibilities, Gibson Dunn ostensibly did not even bother to ask its former clients for their position on its use of the document before filing it. Then, Defendants waited more than a week after Gibson Dunn filed and served on Plaintiffs' counsel this supposedly privileged and "sensitive" Exhibit B to seek to redact it.[1] During this time, they did not alert the Court or Plaintiffs' counsel that they had any concern with Gibson Dunn's filing, try to claw the document back from Plaintiffs, or do anything else to seek to protect its confidentiality. Nor, of course, have they provided anything to substantiate their conclusory claims of confidentiality.

      While Defendants say that the importance of the document is "minimal" (ECF No. 178 at 2), Gibson Dunn claims that information in the document is "critical" to its opposition to Plaintiffs' sanctions motion (ECF No. 182 at 2). It is anything but "critical"—the sanctions motion should be granted regardless of the reason for Gibson Dunn's belated withdrawal supposedly reflected in Exhibit B. But Gibson Dunn has asked the Court to consider the document in deciding the motion (ECF No. 168 at 1-2)—in fact, the firm has even refused to

---

[1] Although the letter motion to strike is dated March 12, 2023, it was not filed until March 14, 2023.

Kasowitz Benson Torres llp

Honorable Mary Kay Vyskocil
March 17, 2023
Page | 2

accede to its former clients' request that it be withdrawn and replaced with Defendants' redacted version—and it is therefore a judicial document presumptively subject to the right of public access.  (ECF No. 180 at 1; *see also* ECF No. 182 (Gibson Dunn opposition to motion to strike).)

Defendants summarily assert that the document relates to their "strategic position and future plans" and that disclosure might harm their "competitive standing."  (ECF No. 178 at 2.)  But Defendants have made no showing that the document contains any confidential commercial information of the kind traditionally protected by the courts (*see* ECF No. 177 at 2), and offer nothing—no facts, no affidavit—to substantiate their conclusory and patently false claim that "the document is exclusively comprised of confidential and sensitive business information" (ECF No. 178 at 2).  Defendants also have not substantiated how the "future plans" referred to in an eight-month-old email could result in any present "injury" to their business.  (ECF No. 178 at 2.)  Although Defendants request an opportunity to respond to Plaintiffs' opposition to Gibson Dunn's motion to seal, they fail to explain why, during the period of over a week since Gibson Dunn filed the document, they could not and have not already offered any facts substantiating their position.

Accordingly, just as Gibson Dunn's conclusory assertions were insufficient (*see* Plaintiffs' opposition to Gibson Dunn's letter motion to seal (ECF No. 177)), Defendants' equally conclusory assertions concerning the purported confidentiality of this document do not come close to overcoming the "presumption of access" to judicial documents to which the public is entitled.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) ("[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary….").

Defendants also have not demonstrated that the exhibit contains any privileged confidential attorney-client communications, let alone any that weigh against public disclosure.  Defendants claim that the document contains "judgments about which counsel to retain, and how this decision might impact GRA's business."  (ECF No. 178 at 2.)  However, there plainly is nothing in the document that amounts to confidential communications seeking or providing legal advice—the prerequisite for application of the attorney-client privilege.

Neither Defendants nor Gibson Dunn have offered any reason, or any facts or substantiation, for their requests to restrict the public's access to Exhibit B or to belatedly restrict, by substituting a redacted version, the access of the Court and Plaintiffs to a document they already have had for over a week.  Plaintiffs respectfully request that the Court deny Defendants' motions.

Moreover, Defendants and Gibson Dunn purport to be quarreling over a document Gibson Dunn cherry picked from what, as the document itself shows, was a number of communications they had concerning the conflict of interest that is the subject of Plaintiffs' sanctions motion.  Why they have chosen to pick what could be viewed as a contrived fight

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 17, 2023
Page | 3

about this document is, to say the least, curious and raises questions concerning their *bona fides* in doing so. Plaintiffs therefore respectfully request that the Court order Defendants and Gibson Dunn to produce to Plaintiffs all their communications concerning Gibson Dunn's withdrawal and the reasons for the withdrawal or, to the extent Defendants assert attorney-client privilege protection for those communications, produce them to the Court for *in camera* review to ascertain whether Exhibit B accurately reflects what happened.[2]

Respectfully,

*/s/ Daniel R. Benson*

Daniel R. Benson

---

[2] *See, e.g.*, *Miller v. Massad-Zion Motor Sales Co.*, No. 3:12 CV 1363 (JBA), 2014 WL 2712244, at *2 (D. Conn. June 16, 2014) (ordering production of complete set of records for magistrate's review *in camera* where plaintiff contended that the defendants cherry picked which records would be produced).