# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| Daniel R. Benson<br>Direct Dial: (212) 506-1720<br>Direct Fax: (212) 880-8690<br>DBenson@kasowitz.com | 1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800 | Atlanta<br>Houston<br>Los Angeles<br>Miami<br>Newark<br>San Francisco<br>Silicon Valley<br>Washington DC |

March 20, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

   Re: *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

  I write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC to respectfully request that the Court lift the stay of discovery for the limited purpose of allowing Plaintiffs (a) to take narrowly tailored discovery of Zainab Ahmad, Gibson Dunn and Defendants concerning precisely what information relating to Plaintiffs Ms. Ahmad learned while employed at the OSC and precisely which such information she conveyed to others at Gibson Dunn or to Defendants, and (b) to serve a subpoena on Matthew Grimes, seeking those portions of Mr. Grimes's transcript of his grand jury testimony containing Ms. Ahmad's questions and his answers concerning Mr. Broidy.

  Plaintiffs respectfully submit that, given the legal and factual background set forth in Plaintiffs' motion papers filed concurrently herewith, including the declarations of Mr. Gates and Mr. Grimes concerning Ms. Ahmad's participation at the OSC in investigating Mr. Broidy, and given Gibson Dunn's and Ms. Ahmad's shifting assertions and her admission at long last that she was present at the OSC, including OSC interviews, when Mr. Broidy's name "came up" (Ahmad Decl. ¶ 6, ECF No. 169), discovery into what Ms. Ahmad learned and conveyed is particularly warranted now.

  In addition, we have only recently learned that, as set forth in Plaintiffs' reply memorandum on the motion and the March 9, 2023 Grimes Declaration, which are also being filed today, he has evidence bearing on the motion.  Mr. Grimes testified before a federal grand jury on March 23, 2018 and April 6, 2018.  (Exhibit A hereto, Grimes Decl. ¶ 1.)  During this testimony, he "was questioned by Zainab N. Ahmad, one of the prosecutors for the Office of Special Counsel, in which she asked several questions relating to Elliott Broidy."  (*Id.* ¶ 2.)  The transcript of these proceedings remains confidential under the July 28, 2021 protective order in Mr. Grimes' criminal case (Exhibit B hereto).  Stipulation & Protective Order, No. 21 Cr. 00371 (BMC) (TAM), ECF No. 27 (E.D.N.Y. July 28, 2021).  However, Mr. Grimes does "not object

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 20, 2023
Page | 2

to the release of limited portions of the transcript of my Grand Jury testimony reflecting Ms. Ahmad's questions and my answers relating to Mr. Broidy." (Grimes Decl. ¶ 3.)

Plaintiffs therefore request that the Court authorize Plaintiffs to issue a subpoena to Mr. Grimes, in substantially the form of the draft attached as Exhibit C hereto, which would allow Mr. Grimes to seek relief from the Protective Order and Plaintiffs to obtain the relevant portions of the transcript.[1]

The requested discovery is relevant to issues in this action, including whether further relief beyond that requested in Plaintiffs' sanctions motion is warranted. Plaintiffs therefore respectfully request that their motion for leave to take the limited discovery set forth above be granted.

We thank the Court for its consideration of this request.

Respectfully,

*[signature]*

Daniel R. Benson

---

[1] Although Mr. Grimes's grand jury testimony may also be protected by Rule 6(e) of the Federal Rules of Criminal Procedure, this request would satisfy the requirements for disclosure pursuant to Rule 6(e)(3)(E) because the materials: (1) are "needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy," particularly in light of Mr. Grimes's acquittal, and (3) the "request is structured to cover only material so needed," because Plaintiffs would only seek those portions of the testimony that reflect Ms. Ahmad's questions and Mr. Grimes's answers concerning Mr. Broidy. *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).