

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482, UNITED STATES OF AMERICA
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

March 21, 2023

BY ECF
The Honorable Mary Kay Vyskocil
United States District Judge
Sothern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: Broidy v. Global Risk Advisors LLC (1:19-cv-11861)

Dear Judge Vyskocil,

  Defendants Global Risk Advisors, by and through undersigned counsel, respectfully respond to Gibson Dunn & Crutcher's March 14, 2023, letter in opposition to GRA's motion to strike and replace a document containing GRA's confidential information (ECF No. 182), and to Plaintiffs' letter of March 17th, in opposition to the same motion to strike (ECF No. 184).

*Response to Gibson Dunn's Letter*

  Gibson Dunn made an unreasonably broad disclosure of GRA's confidential and privileged information, and misinterpreted law regarding its position. Gibson Dunn's inadequate care reinforces the Court's need to protect that information.

  Gibson Dunn states that the "heavily-redacted" version of ECF No. 170-2 provided by GRA obscures "critical information", namely, that the reason and timing for Gibson Dunn's withdrawal had nothing to do with any perceived conflict and was dictated by GRA's decision to terminate Gibson Dunn due to GRA's own business concerns. GRA's proposed redactions let stand text that distills GRA's business considerations. Broader disclosure adds extraneous, highly sensitive details which under the circumstances are not reasonably necessary. *See* N.Y. R. Prof. Conduct R. 1.6(b)(5)(i).

  Gibson Dunn misapplied the law to argue that law firms may disclose confidences over clients' objection to defend against third party charges of misconduct. Gibson Dunn first cites *Oorah Inc. v. Kane Kessler, P.C.*, which offers no such support. Rather, that defendant law firm and its former clients jointly agreed to disclose client confidences subject to a protective order. *See Oorah,* No. 17-cv-07175, ECF No. 118 at 1 (S.D.N.Y. July 17, 2020); *id.*, ECF No. 119 at 2.

104510481_8

Gibson Dunn next cites *Children First Found. v. Martinez,* but that case emphasizes how disclosure must be in the "narrowly crafted context" of the attorney's defense. *See* 2007 U.S. Dist. LEXIS 90723 at *58 n.20, *64. Likewise, in *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim* (cited in *Martinez*), the court recognized that procedural and substantive limitations must be placed on the rule allowing disclosure, and ultimately approved only partial disclosure of the documents at issue. *See* 110 F.R.D. 557, 566-68 (S.D.N.Y. 1986).

The above cases also differ from the present case because in each, the attorneys defending themselves did not independently disclose client confidences, but rather first moved the court for permission to do so. *See Oorah*, Dkt. 118 at 1; *Martinez*, 2007 U.S. Dist. LEXIS 90723 at *13-14; *Oppenheim*, 110 F.R.D. at 559. Gibson Dunn did not make such a motion, but rather in their opposition to the Plaintiffs' motion for sanctions unilaterally decided to disclose client confidential information. *See* ECF No. 168 at 15. While Gibson Dunn simultaneously moved to seal the confidential information disclosed, *see* ECF No. 173, it had no assurance that the Court would ultimately do so, and the sealing motion itself does not address the concern of unnecessarily providing confidential and privileged material to Plaintiffs. Rather, Gibson *should* have used a procedure similar to that of the parties in *Oorah*: move the Court jointly with GRA to disclose narrowly tailored excerpts of client confidences under the court's supervision, subject to a protective order. *See also Oppenheim*, 110 F.R.D. at 566 (disclosure "should ordinarily be permitted only in the course of formal proceedings and under court supervision").

GRA's concern remains protecting its confidential and privileged information from disclosure to Plaintiffs, and potentially to the public at large, especially where most of that information is unnecessary to Gibson Dunn's defense against Plaintiffs' sanctions motion. Replacing ECF No. 170-2 with GRA's redacted version would remove the most sensitive information from the record.[1]

*Response to Plaintiff's Letter*

Plaintiffs challenge GRA's purported delay in seeking relief from the Court, and failure to request to clawback the material from Plaintiffs directly. The former is easily explained, and the latter is nonsensical given Plaintiffs' subsequent position that they are entitled to even more of GRA's privileged communications, not less.

As explained in GRA's motion to strike, GRA waited several days to file the motion as it sought to persuade Gibson Dunn to seek that very relief as Gibson Dunn made the disclosure in the first place. Having failed to persuade Gibson Dunn to do so, GRA's counsel then prepared both its motion and the sealing motion to accompany it. Contrary to Plaintiffs' suggestion, there was nothing more for GRA to do to maintain the confidentiality of the document during that period as Gibson Dunn had fully redacted the version it filed publicly.

Plaintiffs' suggestion that GRA should have directly requested to clawback the document from Plaintiffs is rich given Plaintiffs' current position that the entirety of the document should

---

[1] At a minimum, the Court should issue a protective order treating as Highly Confidential those contents of the document that the Court allows Gibson Dunn to disclose.

be made public, and that GRA should now produce additional privileged communications. Regardless, GRA's motion to strike makes plain its desire to have Plaintiffs return GRA's confidential and privileged communications. We fully expect Plaintiffs to refuse unless and until the Court orders them to do so.

Plaintiffs fault GRA for not providing additional facts or even an affidavit to substantiate that the subject communications consist of confidential business and privileged information. While Plaintiffs seem keen on requiring the parties to generate more and more paper, sometimes, like here, the document speaks for itself. It does not take an additional affidavit or more facts to recognize that the subject document is exclusively a communication between GRA and both its former and current counsel concerning this litigation as well as future business plans. In keeping with Rule 9(B)(i) of this Court's Individual Rules of Practice in Civil Cases, GRA submitted a full version of the document to the Court together with a supporting memorandum. *See* ECF No. 181 (containing letter motion to strike, and full version of the document with proposed redactions highlighted); ECF No. 178 (letter motion to seal). Nothing more is required by rule or for the Court to make a determination on the issue presented.

Plaintiffs' appetite for more of GRA's privileged communications does not stop there, as Plaintiffs further request that the Court order GRA and Gibson Dunn to produce all "communications concerning Gibson Dunn's withdrawal and the reasons for the withdrawal, or to the extent Defendants assert attorney-client privilege protection for those communications, produce them to the Court for in camera review to ascertain whether Exhibit B accurately reflects what happened." ECF No. 184 at 3.[2] Gibson Dunn presumably submitted that document for a reason – to rebut the claim that the timing of its withdrawal was suspect. Plaintiffs offer no basis to further undermine the sanctity of GRA's attorney-client communications.

Finally, Plaintiffs' baseless suggestion that GRA's current counsel picked a "contrived fight" over a clearly privileged communication, and one that "raises questions about their *bona fides* in doing so" is both unprofessional and entirely unwarranted. Neither GRA nor its current counsel had any notice that GRA's confidential and privileged communications would be submitted to the Court and provided to Plaintiffs by GRA's former counsel. Once that filing came to its attention, GRA and its counsel took immediate steps to fix this unnecessary disclosure of GRA's confidential and privileged information, and sought Court intervention after Gibson Dunn repeatedly refused to do so. There can be nothing more *bona fide* than seeking to preserve the sanctity of one's confidential and privileged information.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

Cc: All counsel of Record (via ECF); Gibson Dunn & Crutcher LLP (via email)

---

[2] Late last evening, Plaintiffs filed yet another motion, this time seeking to depose Mr. Chalker about his communications with counsel. We will respond to this new and equally meritless request separately.

104510481_8