

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482, UNITED STATES OF AMERICA
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

March 23, 2023

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  Broidy v. Global Risk Advisors LLC, (1:19-cv-11861)

Dear Judge Vyskocil,

  Defendants Global Risk Advisors *et al.* ("GRA"), by and through undersigned counsel, respectfully respond to Plaintiffs' March 20, 2023, letter requesting discovery from Defendants, Zainab Ahmad, and Gibson Dunn & Crutcher LLP (ECF No. 187).  Specifically, Plaintiffs request "discovery of Zainab Ahmad, Gibson Dunn and Defendants concerning precisely what information relating to Plaintiffs Ms. Ahmad learned while employed at the OSC and precisely which such information she conveyed to others at Gibson Dunn or to Defendants . . . ".  ECF No. 187 at 1.

  As an initial matter, the Court should deny Plaintiffs' latest discovery request as the requested discovery is unnecessary to resolve Plaintiffs' pending motion for sanctions.  Plaintiffs and Gibson Dunn agree their dispute centers on whether Ms. Ahmad obtained confidential government information about Plaintiff Elliott Broidy that could have been used to his disadvantage in the pending litigation, and, if so, what if anything Gibson Dunn should have done in response.  *See, e.g.,* ECF No. 163 at 5; ECF No. 168 at 6-7.  Plaintiffs and Gibson Dunn have fully briefed the facts and issues, including the standards the Court should use to decide whether Gibson Dunn's conduct merits sanctions, and have provided statements of witnesses whose relative credibility the Court may assess, *see, e.g.,* ECF No. 165-2 (Declaration of Richard W. Gates III); ECF No. 169 (Declaration of Zainab Ahmad); ECF No. 186-2 (Declaration of Richard W. Gates III).  Plaintiffs' effort to expand the scope of the issues involved in this limited motion should be rejected.

  If, however, the Court determines it needs additional facts to decide the motion for sanctions, Plaintiffs' proposed discovery has a clear hierarchy of relevance.  First and foremost would be any discovery aimed at determining whether Ms. Zainab actually obtained relevant confidential evidence while in the Office of the Special Counsel, as that factual issue may be

determinative of the sanctions motion.  Plaintiffs' request to depose Mr. Chalker is plainly not aimed at the Court's determination of that issue, as Plaintiffs do not and cannot contend that Mr. Chalker would have any personal knowledge about the Office of the Special Counsel's investigation, or Ms. Zainab's role and access to various information as part of that investigation.  The Court's order broadly staying discovery pending resolution of the motion to dismiss should remain firmly in place for issues not implicated in the motion for sanctions.  *See* ECF No. 52.

Separately, Plaintiffs' request for discovery regarding GRA's discussions with their past attorneys, and presumably into why Defendants retained and later dismissed them, would clearly invade privileged attorney-client communications.  Under New York law, the elements of the attorney-client privilege are the "existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication."  *Kleeberg v. Eber*, 16-CV-9517, 2019 LEXIS 80428 at *16-17 (S.D.N.Y. May 13, 2019).  Information covered by the privilege is undiscoverable.  *See id*. at *17.

GRA employed Ms. Ahmad as their attorney, Ms. Ahmad communicated with GRA in the context of an attorney-client relationship formed for the purpose of defending GRA in this matter, Ms. Ahmad intended these communications to be confidential, and they remain confidential.  If, and only if, the Court determines that Ms. Ahmad obtained confidential information in her Government employment which could be used to prejudice Plaintiffs, and there is some further factual basis to believe that she provided any such information to GRA (Plaintiffs have offered none to date), would the possibility of such extraordinary discovery into an adversary's privileged communications even conceivably be relevant.

GRA hereby asserts the attorney-client privilege with respect to any proposed discovery of communications between GRA and any attorneys at Gibson Dunn, including with respect to any discovery Plaintiffs may direct to Ms. Ahmad.

Respectfully submitted,

*/s/ Marc A. Weinstein*
Marc A. Weinstein