GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy E. Hart
Direct: +1 212.351.3897
Fax: +1 212.351.6273
NHart@gibsondunn.com

March 24, 2023

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861

Dear Judge Vyskocil:

I write as counsel for Gibson, Dunn & Crutcher LLP ("Gibson Dunn") in opposition to Plaintiffs' March 20, 2023 letter motion for discovery (ECF No. 187) (the "Motion"). The Motion should be denied because (1) this Court already denied Plaintiffs' virtually identical request for discovery made several months ago (ECF No. 148), (2) the reasons for the Court's denial, including serious privilege concerns, remain just as applicable today, and (3) nothing has changed that now justifies the requested discovery. To the contrary, the record is now more than sufficient for the Court to deny Plaintiffs' motion for sanctions.

1.      **This Court Already Denied Plaintiffs' Request for the Same Discovery.**

On August 1, 2022, Plaintiffs requested leave to move for sanctions against Gibson Dunn and to take discovery from Defendants and Gibson Dunn in connection with that motion. ECF No. 138. The discovery Plaintiffs requested then is virtually the same as the discovery they request now. *Compare id.* at 3 (seeking discovery of "any information related to Plaintiffs and the hacking at issue that Ms. Ahmad obtained through her prior employment at OSC" including "what information was obtained and to whom it was disseminated") *with* ECF No. 187 at 1 (seeking discovery "of Zainab Ahmad, Gibson Dunn and Defendants concerning precisely what information relating to Plaintiffs Ms. Ahmad learned while employed at the OSC and precisely which such information she conveyed to others at Gibson Dunn or to Defendants"). On October 11, 2022, the Court granted Plaintiffs leave to move for sanctions but ***denied*** their request for discovery. ECF No. 148. During the conference on October 11, 2022, the Court explained that the request for discovery was inappropriate given that there is a pending motion to dismiss the entire case and that the requested discovery would invade several levels of privilege, including those held by the federal government and Defendants. Now that Plaintiffs motion for sanctions is fully briefed, the request for discovery has even less merit. Plaintiffs have made all of their arguments in support of their misguided motion for sanctions. They have submitted all of their declarations. Discovery into the issues would serve no purpose.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Hon. Mary Kay Vyskocil
March 24, 2023
Page 2

**2.      The Reasons for the Court's Denial of Plaintiffs' Original Request Still Apply.**

The reasons for the Court's denial of Plaintiffs' initial request for discovery remain in full force and effect, and Plaintiffs have identified no legitimate basis for their late request for reconsideration.  Defendants still have a pending motion to dismiss that, if granted, will dispose of the case, and the Court has stayed discovery.  *See* ECF No. 44.  To the extent Plaintiffs' recycled request for discovery is now directed to the ultimate merits of the case rather than the now-fully-briefed sanctions motion—and they fail to explain how this could possibly be the case—such discovery would be contrary to the stay and would serve no purpose at this juncture given the pending dispositive motion.  More fundamentally, the serious privilege and confidentiality issues raised by Plaintiffs' requested discovery—privilege issues on which the Court based its denial of Plaintiffs' original discovery request—have not changed.  As explained in our August 4, 2022 letter (ECF No. 139), Plaintiffs' extraordinary request for discovery would invade the attorney-client privilege and work product of Defendants, but also those of the federal government, which would need to approve such discovery in any event.  *See* 28 C.F.R. § 16.22.[1]  The fact that Gibson Dunn was forced to submit a single email to defend itself against Plaintiffs' motion changes nothing in this regard.

**3.      There Has Been No Change in Circumstances Warranting Reversal of the Court's Denial of the Request for Discovery.**

Ultimately, nothing has changed in these proceedings that justifies the request to take discovery that this Court already rejected.  Plaintiffs barely attempt to argue otherwise.  They say that now that Gibson Dunn has opposed the motion for sanctions and included a declaration from Zainab Ahmad, "discovery into what Ms. Ahmad learned and conveyed is particularly warranted now."  ECF No. 187 at 1.  This makes no sense.  Plaintiffs were well aware that Gibson Dunn intended to submit the declaration of Ms. Ahmad in opposition to their motion.  And the fact that we have now done so provides less, not more, basis for any discovery.  As discussed above, the motion to which the requested discovery could be relevant is fully briefed

---

[1] In their March 17, 2023 opposition to Defendant's motion to strike, Plaintiffs tacked on another extraordinary request, further demonstrating their complete disregard for the attorney-client privilege.  They asked that "that Defendants and Gibson Dunn be ordered to produce *all* of their communications regarding this matter for, at a minimum, in camera review by the Court."  ECF No. 184 at 1 (emphasis added).  This invasive request, which Plaintiffs did not even bother to put in a motion, should be rejected for the same reasons as discussed above.  As Defendants' recent filings make clear, they have not waived any privilege, and Plaintiffs have not even attempted to provide any valid basis for wide-ranging discovery into attorney-client privileged communications between Gibson Dunn and its former clients.

GIBSON DUNN

Hon. Mary Kay Vyskocil
March 24, 2023
Page 3

and *sub judice*.  For the reasons set forth in Gibson Dunn's Motion to Strike (filed herewith), nothing in Gibson Dunn's opposition papers or the improper declarations of Rick Gates and Matthew Grimes Plaintiffs submitted on reply—*new* evidence that was readily available to Plaintiffs before they filed their motion—changes this.  The new Gates declaration is just a re-hash of his original declaration other than highlighting his cooperation with authorities after he pled guilty to conspiracy and making false statements.  The three-paragraph Grimes declaration says almost nothing, alleging that Ms. Ahmad asked Matthew Grimes "questions *relating* to Elliott Broidy" before a grand duty *over five years ago* in 2018.  ECF No. 186-1 (emphasis added).  Putting aside the absurdity of Plaintiffs' assertion that they "only recently learned" of this, Mr. Grimes does not even say the questions he was asked in 2018 had anything to do with the alleged hacking at issue in this case.   In other words, there is no reason for the Court to change its mind regarding its denial of Plaintiffs' request to take invasive and irrelevant discovery.

For the foregoing reasons, Plaintiffs' renewed motion for discovery should be denied.

Respectfully submitted,

*/s/ Nancy Hart*
Nancy Hart

cc:  All counsel of record (via ECF)