# KASOWITZ BENSON TORRES LLP

<table>
<tr><td>DANIEL R. BENSON<br>DIRECT DIAL: (212) 506-1720<br>DIRECT FAX: (212) 880-8690<br>DBenson@kasowitz.com</td><td>1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800</td><td>ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC</td></tr>
</table>

March 28, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:  *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

I write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC in opposition to Gibson Dunn's letter motion to strike the Gates, Schmidt and Grimes declarations and the portions of Plaintiffs' reply memorandum that refer to the declarations.  (ECF No. 191, "Ltr.")

Plaintiffs' declarations all respond to assertions Gibson Dunn makes in its opposition papers, including in particular the Ahmad Declaration; this Court unquestionably has the discretion to consider them; and Gibson Dunn's motion is meritless.  Having refused to provide Ms. Ahmad's declaration for over two years since Plaintiffs first raised the firm's conflict, nine months since Plaintiffs specifically requested a declaration and five months since the Court commented at a pre-motion hearing on its failure to provide one, Gibson Dunn should not be permitted to prevent Plaintiffs from responding to it.

Plaintiffs in their reply papers raise no new arguments but only respond to arguments and purported factual assertions Gibson Dunn raises in its opposition papers, and the motion should therefore be denied.  *See Toure v. Ctrl. Parking Sys.*, No. 05 Civ. 5237 (WHP), 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007) (denying motion to strike where "the disputed materials do not raise new arguments, but rather respond to issues raised in opposition or amplify points already made on the initial motion.").  In any event, however, this Court enjoys "broad discretion" to "rely on evidence submitted with the reply papers," even where (unlike here) "arguments [are] made for the first time in a reply brief."  *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009), citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005).

Mr. Gates's declaration (ECF No. 186-2) responds to specific statements made by Ms. Ahmad in her declaration and by Gibson Dunn in its opposition papers.  (*See id.* ¶¶ 3, 6, 7, 10,

# KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 28, 2023
Page | 2

16, 19, 20). For example, in response to Ms. Ahmad's statement that she "was not involved in any investigation into Mr. Broidy," Mr. Gates cites the Government's Supplemental Motion for a Downward Departure, attached as Exhibit A to Mr. Gates's reply declaration, in which the Government referred to the important information he provided relating to the "investigations" of, among others, Mr. Broidy. (*Id.* ¶¶ 19-20 & Ex. A at 1-2, 10.) Gibson Dunn asserts that the Government in its motion does not state that the investigation of Mr. Broidy was conducted by the OSC but by the Public Integrity Section of DOJ (Gibson Ltr. at 3-4), but that in no way means that Ms. Ahmad was not "involved" in that investigation. As Mr. Gates attests, "[w]ith one exception, every Department of Justice or OSC interview in which I was asked about Mr. Broidy involved Ms. Ahmad and/or Mr. Weissman," who worked with Ms. Ahmad at the OSC. (ECF No. 186-2 ¶ 18.) Mr. Gates also responds to Gibson Dunn's repeated *ad hominem* attacks on his character and credibility (ECF No. 168 at 2, 11, 14), by pointing out, among other things, that at the time he signed his initial declaration, he "was continuing to cooperate with the U.S. Government on two ongoing and sensitive confidential matters" (ECF No. 186-2 ¶ 20).

Mr. Schmidt's declaration (ECF No. 186-3) responds to Gibson Dunn and Ms. Ahmad's speculation about FBI memos. Mr. Gates had attested in his initial declaration that he had two interviews with the OSC on March 18, 2018—both of which were documented in one 302 memo (the 2456 memo)—and that it was during the second interview with Ms. Ahmad that he was asked numerous questions about Mr. Broidy and the hacking. (ECF No. 165-2 ¶¶ 6-11; *see also* ECF No. 163 at 9 n.6.) Ms. Ahmad attests that to the "best of her recollection," she did not participate "in the interview contemporaneously memorialized in the 2456 Memo," and speculates that a heavily redacted 2470 memo "summarized" the "separate interview of Mr. Gates." (ECF No. 169 ¶ 5.) Mr. Schmidt, based on his almost 20 years of experience in the FBI, explains in detail why Ms. Ahmad's statement cannot be correct—the 2470 memo could not be the memorialization of an interview that took place on March 18—because, among other things, it is too short to have summarized a nearly 90-minute interview and appears to be documenting not an interview but an entirely different kind of investigative activity that occurred on April 17, 2018. (*See* ECF No. 186-3 ¶¶ 14-28, 37.)[1]

Mr. Grimes's declaration attesting that Ms. Ahmad questioned him concerning Mr. Broidy before a grand jury (ECF No. 186-1) responds to Ms. Ahmad's disingenuous statement that she was "presen[t]" when Mr. Broidy's name "came up" at the OSC. (ECF No. 169 ¶ 6.) Plaintiffs were not aware that Ms. Ahmad had questioned another witness concerning Mr. Broidy in addition to Mr. Gates until recently, so they did not have Mr. Grimes's declaration at the time they filed their motion, and due to confidentiality restrictions and the rules of grand jury secrecy, still do not have a copy of this testimony. That grand jury secrecy and other confidentiality

---

[1] In their opening memorandum, Plaintiffs made similar arguments about the 2470 memo (ECF No. 163 at 14 n.9), so Gibson Dunn cannot claim to be prejudiced by the Schmidt Declaration. *Compania*, 341 F. App'x at 725; *see also Marks v. Energy Materials Corp.*, No. 1:14-CV-8965-GHW, 2015 WL 3616973, at *5 n.11 (S.D.N.Y. June 9, 2015).

# Kasowitz Benson Torres llp

Honorable Mary Kay Vyskocil
March 28, 2023
Page | 3

restrictions have hampered or delayed Plaintiffs' investigation is no ground for striking the declaration that Plaintiffs have been able to obtain.

Moreover, even assuming the declarations do raise new arguments—which they do not—all of the factors courts consider in exercising their "broad discretion" to consider such evidence decisively weigh against striking the declarations.  Those factors include "(1) whether the reply was the first opportunity to rebut new material issues raised in the opposition papers; (2) whether the non-moving party was surprised by the evidence included in the reply; (3) whether the non-moving party sought leave to file a sur-reply to respond to the evidence; and (4) whether there is any indication that the non-moving party has any contrary evidence to introduce even if it were given an opportunity to proffer it."  *Wexler v. Hasbro, Inc.*, No. 20-CV-1100 (VEC), 2022 WL 743431, at *10 (S.D.N.Y. Mar. 11, 2022), citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000).

Plaintiffs' first opportunity to respond to the long-delayed Ahmad Declaration was in their reply papers, and, as shown, they did so through the declarations, which they obtained only after Gibson Dunn's opposition papers were filed.  Gibson Dunn's cases, *Monaghan v. Airlines*, No. 16-cv-3528 (ERK) (PK), 2018 WL 3682482 (E.D.N.Y. Aug. 2, 2018) and *Burroughs v. Cnty of Nassau*, No. 13-cv-6784 (JS) (WDW), 2014 WL 2587580 (E.D.N.Y. June 9, 2014), are entirely inapposite.  There, unlike here, the moving parties sought on reply to submit on evidence already in their possession before they made their motions.[2]

As to the surprise factor, Gibson Dunn does not claim to have been surprised by any of the declarations—they all address matters raised in Gibson Dunn's papers.  As to the last two factors, Gibson Dunn has not sought to file a sur-reply or introduce any contrary evidence, choosing instead to ask the Court to disregard relevant evidence.  *See Peiran Zheng v. Live Auctioneers LLC*, No. 20-CV-9744 (JGK), 2021 WL 2043562, at *6 (S.D.N.Y. May 21, 2021) (denying motion to strike declaration where opposing party chose not to seek to file a sur-reply or supplemental declaration); *Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019) (court would "rely on evidence submitted with reply papers" where the opposing party "makes no claim that [he] has any contrary evidence to introduce even if [he] were given an opportunity to proffer it.") (quoting *Bayway Ref. Co.*, 215 F.3d at 227).

Gibson Dunn's motion to strike should be denied.

---

[2] Plaintiffs were not required in their opening papers to anticipate and respond to every argument Gibson Dunn might make in its opposition and in the Ahmad Declaration.  *Bricklayers Ins. & Welfare Fund Bricklayers Pension Fund v. P.P.L. Constr. Servs. Corp.*, No. 12-CV-3940 DLI RML, 2015 WL 1443038, at *8 (E.D.N.Y. Mar. 27, 2015) ("Plaintiffs did not have an obligation to anticipate in their opening papers the specific arguments Defendant raised in its opposition; their response to those arguments was properly raised in their reply."); *see also Bayway Ref. Co.*, 215 F.3d at 226-27.

# Kasowitz Benson Torres llp

Honorable Mary Kay Vyskocil
March 28, 2023
Page | 4

Respectfully,

Daniel R. Benson