# KASOWITZ BENSON TORRES LLP

Daniel R. Benson
Direct Dial: (212) 506-1720
Direct Fax: (212) 880-8690
DBenson@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 28, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

I write on behalf of Plaintiffs Elliott Broidy and Broidy Capital Management, LLC in response to Gibson Dunn's belated letter[1] (ECF No. 190, "Gibson Ltr.") and Defendants' letter (ECF No. 189, "GRA Ltr.") opposing Plaintiffs' March 20, 2023 request to lift the stay of discovery for the limited purpose of allowing Plaintiffs (a) to take discovery concerning information relating to Plaintiffs that Ms. Ahmad learned while employed at the OSC and which such information she conveyed to Gibson Dunn and Defendants and (b) to serve a subpoena on Mr. Grimes seeking the portions of his grand jury transcript reflecting Ms. Ahmad's questions and his answers concerning Mr. Broidy (ECF No. 187).

Gibson Dunn argues that Plaintiffs' request should be denied because in October 2022, when the Court granted them leave to move for sanctions, the Court denied their request for discovery. But Gibson Dunn ignores the fact that the Court's denial of Plaintiff's prior request for discovery was without prejudice. (*See* ECF No. 148.) Plaintiffs' request here is not a "late request for reconsideration" (Gibson Ltr. at 2)—it is a renewed motion for discovery, which the Court permitted Plaintiffs to make in denying their request without prejudice.[2] Contrary to Gibson Dunn's assertions, the circumstances have changed since Plaintiffs' last request—among other things, Ms. Ahmad has now finally submitted a declaration—and the requested discovery is warranted now.

---

[1] Gibson Dunn filed its letter on March 24, 2023, a day after its deadline under Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases. Gibson Dunn had similarly ignored the rules when it failed to timely respond to Plaintiffs' pre-disqualification motion conference request and at the last minute said it would respond the next day. (*See* ECF No. 132, Scheduling Order, July 1, 2022 (noting Gibson Dunn did not "timely oppose" Plaintiffs' pre-motion letter).)

[2] Defendants' pending motion to dismiss is not a basis to deny Plaintiffs' request, which also relates to whether Gibson Dunn should be sanctioned for its misconduct.

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 28, 2023
Page | 2

      Ms. Ahmad attests that she "was not involved in any investigation into Mr. Broidy" (ECF No. 169 ¶ 6), but Mr. Gates's reply declaration and the Government's downward departure motion attached as Exhibit A to the declaration refute this statement (ECF No. 186-2 ¶¶ 19-20 & Ex. A at 1-2, 10). Ms. Ahmad now admits that Mr. Broidy's name "came up" during her time at the OSC (ECF No. 169 ¶ 6), but Mr. Grimes's declaration (ECF No. 186-1) demonstrates that she was more than just present when Mr. Broidy's name was mentioned—she herself questioned Mr. Grimes concerning Mr. Broidy. Ms. Ahmad further claims that she "never learned any confidential information regarding any issue relevant to this pending litigation" (ECF No. 169 ¶ 7), but Plaintiffs have set forth in their reply memorandum why that is not true (ECF No. 185 at 6-8). Taking discovery now into what Ms. Ahmad learned at the OSC concerning Plaintiffs is, as Defendants agree (GRA Ltr. at 1-2), relevant to Plaintiffs' sanctions motion, including concerning the candor of Gibson Dunn and Ms. Ahmad to Plaintiffs for over two years and their candor before this Court. Defendants argue that the discovery is not necessary to a decision on the sanctions motion. Plaintiffs agree that the motion can and should be granted based on the current record—but that does not mean that the extent of the misconduct should not be revealed or that discovery should not now be permitted on these matters in connection with Plaintiffs' underlying substantive claims.

      The information itself that Ms. Ahmad obtained while at the OSC concerning Plaintiffs of course is not protected by the attorney-client privilege. But it is ironic that Gibson Dunn complains that Plaintiffs seek to invade the attorney-client privilege here (Gibson Ltr. at 2), when it was Gibson Dunn that filed the firm's communications with Defendants over which Defendants now assert privilege, ostensibly without even informing their former clients (*see* ECF No. 179 at 1). In contrast, Plaintiffs, in requesting review of the full record of Gibson Dunn and Defendants' communications regarding Gibson Dunn's withdrawal, not just the email string Gibson Dunn cherry-picked, and anticipating that Defendants would assert privilege over the withdrawal communications, suggested production of these documents for *in camera* review by the Court (*see* ECF No. 184)—which is more than Gibson Dunn sought for its former clients. Defendants also assert the attorney-client privilege here with respect to communications between Defendants and Gibson Dunn. (GRA Ltr. at 2.) But Plaintiffs, through this motion, do not seek discovery into any confidential legal advice Defendants received.

      That under 28 C.F.R. § 16.22 (*see* Gibson Ltr. at 2), Ms. Ahmad might need approval from the Government before providing the discovery requested from her is also not a basis to deny the request. Under that provision, the process for obtaining the Government's approval starts when Ms. Ahmad receives a "demand"—that is, after Plaintiffs serve the discovery requests they seek permission to serve through this motion.

      With respect to the subpoena to Mr. Grimes, Plaintiffs' prior request to take discovery was limited to Gibson Dunn, Ms. Ahmad and Defendants, and did not contemplate discovery from Mr. Grimes. This is because Plaintiffs did not know that Mr. Grimes was questioned by

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
March 28, 2023
Page | 3

Ms. Ahmad concerning Mr. Broidy during his grand jury testimony.  Plaintiffs now seek to serve a subpoena on Mr. Grimes for the transcript of those portions of that testimony.  Gibson Dunn offers nothing in response to this request, other than to note its intent to move to strike Mr. Grimes's declaration (a motion which is meritless), state the uncontroverted and irrelevant fact that this testimony was "over five years ago," and claim that "Plaintiffs' assertion that they 'only recently learned' of this" is "absurd[]."  (Gibson Ltr. at 3.)  Gibson Dunn's baseless effort to imply that Plaintiffs knew of or could have previously obtained this testimony is itself absurd, given the grand jury secrecy rules, and the fact that Mr. Grimes's criminal case was only resolved in November 2022 when he was acquitted after a jury trial.  Gibson Dunn's false suggestion that Mr. Grimes's testimony was "readily available to Plaintiffs before they filed their motion" (*id.*), but Plaintiffs intentionally did not raise it in all of their discussions with Gibson Dunn or all of their submissions to the Court, is nonsensical.

      Gibson Dunn's similarly false suggestion—that Plaintiffs' subpoena on Mr. Grimes would be "invasive and irrelevant" (Gibson Ltr. at 3)—is bizarre.  The subpoena would pose no burden on Gibson Dunn, other than, according to Mr. Grimes, further confirm its dissembling over the past two years, and Mr. Grimes himself does not object to the release of the relevant portions of his testimony (ECF No. 187-1 ¶ 3).  And, whether or not Ms. Ahmad's questioning of Mr. Grimes concerning Mr. Broidy directly related to the hacking (Gibson Ltr. at 3), it is unquestionably relevant to Gibson Dunn and Ms. Ahmad's credibility and candor.  Defendants, for their part, take no position on this request, which is not surprising because there likewise would be no burden on Defendants.

      Plaintiffs respectfully request that the Court grant Plaintiffs' motion to allow Plaintiffs to take the requested discovery.

Respectfully,

Daniel R. Benson