**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
ELLIOTT BROIDY and BROIDY CAPITAL
MANAGEMENT, LLC,

                                    Plaintiffs,                    **ORDER**

                  -against-                             **19-cv-11861 (MKV) (JW)**

GLOBAL RISK ADVISORS LLC, *et al.*,

                                    Defendants.
-------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 10, 2023, this case was referred to this Court for the disputes described at Dkt. Nos. 173, 177, 178, 179, 180, 181, 182, 183, 184, 187, 188, 189, 190, 191, 192, and 193. Dkt. No. 197. The disputes primarily involve Defendants' former counsel, Gibson, Dunn & Crutcher LLP's ("Gibson Dunn") request to seal, Dkt. No. 173 ("Gibson Dunn's Request to Seal"), an exhibit ("Exhibit B") filed with Gibson Dunn's opposition to Plaintiffs' Motion for Sanctions.

**BACKGROUND**[1]

This case involves Plaintiffs' allegations including violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act 18 U.S.C. §1962(c) against Defendants. Dkt. No. 116. The instant dispute arises with respect to Defendants' former counsel, Gibson Dunn, and their representation of Defendants. On July 1, 2022, the Court set a briefing schedule regarding Plaintiffs' anticipated motion to

---

[1] The Court presumes familiarity with the facts of the case and only cites facts necessary to resolve the instant disputes.

disqualify Gibson Dunn as counsel for Defendants. Dkt. No. 132. On August 1, 2022, Gibson Dunn withdrew as counsel for Defendants and were replaced by Defendants' current counsel. Dkt. No. 137. On August 1, 2022, Plaintiffs filed a letter motion for conference alleging Gibson Dunn had a serious conflict when representing Defendants because Gibson Dunn partner, Zainab Ahmad, allegedly participated in a government investigation of Plaintiff Elliott Broidy during her prior employment at the Office of Special Counsel ("OSC"). Dkt. No. 138. On February 23, 2023, Plaintiffs filed a Motion for Sanctions regarding Gibson Dunn's alleged conflict of interest. Dkt. No. 162 ("Motion for Sanctions").

A. **Brief Summary of the Instant Disputes**

Gibson Dunn requests to seal an unredacted version of Exhibit B, containing emails between Gibson Dunn and client Defendants, alleging that the document contains "confidential commercial information relevant to Defendants' decision to substitute counsel." Gibson Dunn's Request to Seal at 1. Further, Gibson Dunn argues that Defendants have a privacy interest in the information in Exhibit B and the information may be subject to attorney client privilege. Id. at 2. Plaintiffs oppose Gibson Dunn's Request to Seal arguing that there is a presumption of public access to the document and Gibson Dunn has not overcome that presumption. Dkt. No. 177 ("Pl. Opp."). Gibson Dunn filed a response to Pl. Opp. arguing that any public interest does not outweigh Defendants' interest in protecting confidential information in Exhibit B. Dkt. No. 183 ("Gibson Dunn Reply").

Defendants, through their current counsel, filed a request for the Court to strike Exhibit B from Gibson Dunn's submission *sua sponte*. Dkt. No. 179 ("Def. Request to Strike"); Dkt. Nos. 180-181. Defendants further requested to file an exhibit ("Exhibit A") under seal, which is a redacted version of Exhibit B. Dkt. No. 178 ("Def. Request to Seal"). Defendants argued that Gibson Dunn's disclosure of Exhibit B was unreasonably broad, and a redacted version would satisfy Gibson Dunn's defense against the Motion for Sanctions. Dkt. No. 188 ("Def. Reply"). Defendants proposed that the redacted Exhibit A should replace the unredacted Exhibit B. Def. Request to Strike at 2. Finally, Defendants alternatively requested additional time to be heard in support of Gibson Dunn's Request to Seal and the opportunity to respond to Pl. Opp. Def. Request to Strike at 2. Gibson Dunn opposes Def. Request to Strike arguing that the disclosure of confidential information in Exhibit B is reasonably necessary to defend the firm against accusations of wrongful conduct in the Motion for Sanctions. Dkt. No. 182 ("Gibson Dunn's Opp. to Strike").

Plaintiffs filed an opposition to Def. Request to Seal and Def. Request to Strike, and requested *in camera* review of all communications between Gibson Dunn and Defendants regarding this matter. Dkt. No. 184 ("Pl. Request for *In Camera* Review"). Plaintiffs also filed a request to lift the stay of discovery (i) to take discovery of counsel Zainab Ahmad, Gibson Dunn and Defendants and (ii) to subpoena Matthew Grimes seeking portions of his grand jury testimony containing counsel Zainab Ahmad's questions and Mr. Grimes' answers regarding Plaintiff Elliott Broidy. Dkt. No. 187 ("Pl. Request for Discovery"). Defendants and Gibson Dunn both oppose Pl.

3

Request for Discovery arguing in part that the Court previously denied a similar request for discovery. Dkt. No. 189 ("Def. Opp. to Discovery"); Dkt. No. 190 ("Gibson Dunn Opp. to Discovery"). Further, Gibson Dunn filed a motion to strike certain declarations from Pl. Request for Discovery and certain portions of Plaintiffs' submissions in response to the Motion for Sanctions. Dkt. No. 191 ("Gibson Dunn's Request to Strike"). Plaintiffs oppose Gibson Dunn's Request to Strike. Dkt. No. 192 ("Pl. Reply"). Plaintiffs further argue that the prior denial of discovery was without prejudice and circumstances have changed warranting further discovery. Dkt. No. 193 ("Pl. Reply 2").

## **LEGAL STANDARD**

It is well established that there is a presumption of public access to judicial documents and the Court must find that the presumption has been overcome before sealing a document. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). The Second Circuit has articulated a three-step test for determining whether the presumption of public access is overcome. Id. First, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process." Id. Next, if the documents are judicial documents, the Court determines the weight of the presumption of public access. Id. at 119. Finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." Id. at 119-120.

The Court may "requir[e] that . . . commercial information [is not] revealed or [is] revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). Courts in this

4

District regularly seal documents that might disclose confidential business information. See e.g., Iacovacci v. Brevet Holdings, LLC, No. 1:18-CV-08048 (MKV), 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022). Additionally, Courts in this District have redacted specific business information and strategies that might provide insights into a company's business practices. Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

Documents related to counsel's withdrawal are routinely filed under seal when necessary to preserve the attorney-client relationship between a party and its counsel. Thekkek v. LaserSculpt, Inc., No. 11 CIV. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012). The New York Rules of Professional Conduct Rule 1.6(b)(5) permits lawyers to disclose confidential information necessary to defend against accusations of misconduct. Disclosure should be "narrowly" tailored to the context of counsels' defense. First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co., 110 F.R.D. 557, 566 n.14 (S.D.N.Y. 1986). Further, the "disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know the information[.]" New York Rules of Professional Conduct Rule 1.6(b)(5)(i), Cmt. 14. *In camera* review may be conducted at the discretion of a District Court. Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988). "[G]iven the burdens . . . a court should not indulge a party's invitation to conduct [an *in camera* review] unless

5

that party has made some minimal showing that review is likely to support its position." Micillo v. Liddle & Robinson LLP, No. 15-CV-6141 (JMF), 2016 WL 2997507, at *6 (S.D.N.Y. May 23, 2016).

The Court may strike, *sua sponte* or on a motion, "any redundant, immaterial, impertinent, or scandalous" material in a pleading. Fed. R. Civ. P. 12(f). Many Courts have found that the authority to strike under Federal Rule of Civil Procedure 12(f) applies only to pleadings as defined in Federal Rule of Civil Procedure 7(a). See, e.g., Sweigert v. Goodman, No. 118CV08653(VEC)(SDA), 2021 WL 4295262, at *2 (S.D.N.Y. Sept. 21, 2021). Rule 7(a) defines pleadings as the complaint, answer, answer to crossclaims and counterclaims, third-party complaint, answer to third-party complaint, and replies when ordered by the court. See Fed. R. Civ. P. 7(a). Thus, "motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)." Sweigert, 2021 WL 4295262, at *2 (quoting another source). However, other district courts have found that although Rule 12(f) refers only to pleadings "courts may use the rule to strike portions of . . . other submissions." Gauthier v. U.S., 2011 WL 3902770, *11 (D. Mass. 2011); see also Pigford v. Veneman, 225 F.R.D. 54, 58 n. 8 (D.D.C.2005). The Second Circuit has cautioned against striking pleadings without a strong reason for doing so. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). Even if requests to strike are not properly directed at pleadings as defined in Federal Rule of Civil Procedure 7(a), the Court may consider the arguments raised when making its ruling. McLaughlin v. Chong, No. 13-CV-0807 (NSR), 2016 WL 1276470, at *3 (S.D.N.Y. Mar. 29, 2016).

6

Finally, with respect to discovery, "[i]n deciding whether to reopen discovery, courts consider whether good cause exists." Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). District Courts in the Second Circuit generally consider the following six factors when determining whether good cause to reopen discovery exists: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." Id. (collecting cases).

## DISCUSSION

### A. Requests to Seal Exhibit A and Exhibit B

Gibson Dunn requests to seal an unredacted version of Exhibit B containing emails between Gibson Dunn and client Defendants. Gibson Dunn's Request to Seal at 1. Defendants request to seal a redacted Exhibit A with the same general content. Def. Request to Seal at 1. Plaintiffs argue that Exhibit A and Exhibit B should be filed publicly and asks the Court to conduct an *in camera* review of all communications regarding Gibson Dunn's withdrawal as counsel. Pl. Opp. at 1; Pl. Request for *In Camera* Review at 1.

The burden is on Gibson Dunn and Defendants to show that the presumption of public access is overcome, and the requested documents should be sealed. See e.g.,

DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). Under the first step of the Lugosch test, Exhibits A and B are clearly judicial documents as they are proposed to be filed for the purpose of defending Gibson Dunn against Plaintiffs' Motion for Sanctions. This signals that the documents are being filed for the purpose of judicial review in the judicial process. At step two, the presumption of public access for judicial documents is afforded the "highest" weight in motions for summary judgment, which are potentially dispositive of the case, but only entitled to "modest" weight in discovery motions. See In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022). Given that Exhibits A and B are being filed with respect to a motion for sanctions that is not likely to affect the outcome of the case, this Court is satisfied that the presumption of public access is close to the "modest" end of the spectrum. Finally, at step three, the Second Circuit has specifically recognized attorney-client privilege and "privacy interests of those resisting disclosure" as potentially countervailing factors to consider. Lugosch, at 120, 125.

The unredacted Exhibit B includes information regarding Defendants' corporate strategy, "long term strategic goals," and a business reason underpinning Defendants' substitution of counsel. Plaintiffs argue that even if Exhibit B does reflect "business strategy," Gibson Dunn has not established that Defendants have any current privacy interest in the business strategy warranting sealing. Pl. Opp. at 3. This Court disagrees. Upon review of Exhibit B, most of its contents contain non-public and long-term strategies that constitute "confidential commercial

8

information." See Fed. R. Civ. P. 26(c)(1)(G). Further, as Gibson Dunn argues and provides case law to support, Defendants are a private company and this weighs more heavily against allowing their confidential information to be viewed by the public. See Gibson Dunn Reply at 1 (citing United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) and Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). Finally, the Court believes that the sealing of Exhibit B in full is sufficiently narrowly tailored because the document only contains sensitive business information and information that would be subject to attorney client privilege. See e.g., Tropical Sails Corp. v. Yext, Inc., No. 14 CIV. 7582, 2016 WL 1451548, at * 5 (S.D.N.Y. Apr. 12, 2016) (finding no less restrictive alternative to sealing an entire document where it was related to business development and marketing information).

While Exhibit A redacts most of the confidential business information, Defendants argue that it should still be sealed because there is sensitive personal information, and the document is subject to attorney client privilege. Def. Request to Seal at 2. Plaintiffs argue that the information in the exhibits are not subject to attorney-client privilege because the communications between Defendants and Gibson Dunn were not made for the purpose of obtaining or providing legal advice. Pl. Opp. at 3 (citing In re Cnty. of Erie, 473 F.3d 413, 419 (2d Cir. 2007)). This Court disagrees and finds that the communications in Exhibits A and B are subject to attorney client privilege. In the communications provided, Defendants give a business reason for asking Gibson Dunn to withdraw as counsel, Gibson Dunn replies

9

with legal advice as to why they believed they should remain as counsel, then Defendants ultimately chose to have Gibson Dunn withdraw as counsel. The Court is satisfied that the elements of attorney-client privilege are met and that Defendants' privacy interests in Exhibits A and B outweigh the presumption of public access, therefore sealing is proper.

Regarding Pl. Request for *In Camera* Review, the Court declines to exercise its discretion to do so. Plaintiffs argue that Gibson Dunn "cherry picked" an email regarding their withdraw as counsel and the argument regarding striking/sealing Exhibit B raises concerns about the reasons for Gibson Dunn's withdrawal. Pl. Request for *In Camera* Review at 2-3. However, Plaintiffs offer no evidence that *in camera* review of communications between Gibson Dunn and Defendants would support their position or yield any information not subject to privilege. Given the burdens of in camera review, and the lack of evidence that any documents would reveal information likely to support Plaintiffs' Position, see, e.g., Micillo v. Liddle & Robinson LLP, No. 15-CV-6141 (JMF), 2016 WL 2997507, at *6 (S.D.N.Y. May 23, 2016), Pl. Request for *In Camera* Review is DENIED.

### B. <u>Def. Request to Strike Exhibit B and Replace with Exhibit A</u>

Defendants ask the Court to strike Exhibit B *sua sponte* and replace it with the sealed and redacted Exhibit A. Def. Request to Strike at 1-2. Defendants argue that Gibson Dunn's disclosures in Exhibit B (i) go beyond what was reasonably necessary to defend against Plaintiffs' Motion for Sanctions, and (ii) were improper because Gibson Dunn "independently disclose[d] client confidences" before moving

10

the Court for permission to do so. Def. Reply at 1-2. Additionally, Defendants argue that sealing Exhibit B is insufficient to protect their information from disclosure to Plaintiffs. Id. at 2. Finally, Defendants ask that if the redacted Exhibit A is not used, the Court issue a protective order treating the contents of Exhibit B as "highly confidential." Id.

Gibson Dunn argues that the redacted Exhibit A would entirely hide the rationale of Defendants for seeking new counsel and impair their defense against Plaintiffs' Motion for Sanctions. Gibson Dunn's Opp. to Strike at 2. Gibson Dunn relies on two cases to argue that a law firm may disclose privileged communications over the objection of clients when necessary to facilitate the law firm's defense. Gibson Dunn's Opp. to Strike at 1 (citing [Oorah, Inc. v. Kane Kessler, P.C.](), No. 17-cv-7175, Dkt. No. 119, at 2 (S.D.N.Y. July 20, 2020) and [Child. First Found., Inc. v. Martinez](), No. CIV. 1:04-CV-0927, 2007 WL 4344915, at *17-18 (N.D.N.Y. Dec. 10, 2007)). Defendants counter that [Oorah]() offers no support for disclosure over clients' objection because in that case the clients agreed to disclosure subject to a protective order. Def. Reply at 1. Defendants also argue that [Child. First Found., Inc.]() supports the proposition that disclosure must be "narrowly crafted" to the context of the attorney's defense. Def. Reply at 2. Additionally, Defendants cite that disclosure "should ordinarily be permitted only in the course of formal proceedings and under court supervision. Def. Reply at 2 (citing [First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.](), 110 F.R.D. 557, 566 (S.D.N.Y. 1986)).

Both Defendants and Gibson Dunn agree that New York Rules of Professional Conduct Rule 1.6(b)(5) permits a lawyer to disclose client information the lawyer believes is "reasonably necessary" to defend against accusations of misconduct. Further, "disclosure should be made in a manner that ***limits access*** to the information to the tribunal or other ***persons having a need to know the information***, and ***appropriate protective orders or other arrangements*** should be sought by the lawyer to the fullest extent practicable." New York Rules of Professional Conduct Rule 1.6(b)(5)(i), Cmt. 14 (emphasis added).

The crux of Defendants' argument for striking Exhibit B is that Gibson Dunn should have followed a different procedure and Defendants want to protect the confidential information in Exhibit B from Plaintiffs and the public. This Court agrees with Defendants that the more prudent course would have been for Gibson Dunn to disclose more narrowly tailored excerpts of Exhibit B under the supervision of the Court subject to a protective order. However, by filing Exhibit B under seal, Gibson Dunn can be said to have satisfied the Rules of Professional Conduct by making "other arrangements" to limit the information to the Court and parties who need to know the information. This Court is satisfied that Defendants' concern with public disclosure can be properly addressed by granting Gibson Dunn's Request to Seal Exhibit B. Further, as Defendants state, the Court can enter a protective order treating the information as highly sensitive to prevent disclosure by Plaintiffs. With respect to exercising the Court's Rule 12(f) power to strike, the Second Circuit has said, "courts should not tamper with the pleadings unless there is a strong reason for

so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). Since Plaintiffs have already seen the contents of Exhibit B and Defendants have already filed the Request to Seal, this Court does not believe that striking retroactively would be proper when there are prospective remedies to alleviate Defendants' concerns.

While this Court may be persuaded that Exhibit A is sufficient to serve Gibson Dunn's purpose in defending against Plaintiffs' Motion for Sanctions, the Motion for Sanctions is not before this Court. The Court's decision to strike with respect to Rule 12(f) is only for information that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Also, New York Rules of Professional Conduct Rule 1.6(b)(5) permits lawyers to disclose information that ***they reasonably believe*** necessary to defend themselves. It cannot be said that Gibson Dunn's disclosure was unreasonable as they only disclosed emails that they believed were necessary to argue Defendants' business reason for removing them as counsel. Further, the Court is not convinced that the redacted information would be immaterial or impertinent to a ruling on Plaintiffs' Motion for Sanctions. Finally, the Court declines to strike because an exhibit accompanying an affidavit does not comport with the restrictions of Rule 12(f) because it is not a pleading.

For the reasons stated above, Def. Request to Strike Exhibit B is DENIED; Gibson Dunn's Request to Seal Exhibit B is GRANTED; Def. Request to Seal Exhibit A is GRANTED; Defendants' request to be heard in further support of Gibson Dunn's

Request to Seal is DENIED as moot; and as previously stated Pl. Request for *In Camera* Review is DENIED.

### C. <u>Pl. Request for Discovery</u>

Plaintiffs request to reopen discovery (i) to take discovery of counsel Zainab Ahmad, Gibson Dunn and Defendants regarding any information counsel Ahmad learned about Plaintiffs while employed at the OSC and (ii) to subpoena Matthew Grimes seeking portions of his grand jury testimony containing counsel Zainab Ahmad's questions and Mr. Grimes' answers regarding Plaintiff Elliott Broidy. Pl. Request for Discovery at 1. Plaintiffs further argue that their prior request to reopen discovery was denied without prejudice and circumstances have changed since Plaintiffs' last request. Pl. Reply 2. The principal changes in circumstance that Plaintiffs reference are (i) the attestation of counsel Ahmad where she states that she "was not involved in any investigation of [Plaintiff Elliot Broidy]," but Plaintiff Broidy's name "came up" during her time at the OSC and (ii) Plaintiffs recently learned that Grimes has evidence bearing on the motion. Id. at 1-2.

The Court considers six factors in deciding whether good cause to re-open discovery exists: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." Carroll v. Trump, No. 22-cv-10016 (LAK), 2023 WL 2006312, at

*7 (S.D.N.Y. Feb. 15, 2023). The "primary consideration" is "whether the moving party can demonstrate diligence." See In re: Gen. Motors LLC, No. 14-mc-2543 (JMF), 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) (citing Kassner v. 2d Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007)); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (noting that whether good cause exists "depends on the diligence of the moving party.").

On balance, the Court is not persuaded that good cause exists to reopen discovery. The Court takes Plaintiffs' point that Gibson Dunn's Opp. to Discovery was not timely filed, Pl. Reply 2 at 1, but the Court need not rely on Gibson Dunn's Opp. to Discovery to reach this decision. While trial is not imminent, the request is opposed by Defendants, and the non-moving party would be prejudiced by allowing further discovery on the fully briefed Motion for Sanctions. Additionally, with respect to counsel Ahmad, Plaintiffs "agree that the motion can . . . be granted on the current record . . ." Pl. Reply 2 at 2. The Court does not find any indication that discovery would be likely to lead to any relevant evidence outweighing the burdens of scheduling additional depositions on an already fully briefed motion. With respect to Grimes' testimony, Plaintiffs allege that they did not know Grimes had been questioned by counsel Ahmad regarding Plaintiff Broidy and that the information was not discoverable until Grimes' criminal case was resolved in November 2022. Pl. Reply 2 at 2-3. According to the date of the declaration of Mr. Grimes, it was signed on March 9, 2023. Dkt. No. 187, Exhibit 1. Plaintiffs had months to obtain the information and provide no evidence of diligence. Therefore, considering this and

15

other factors described above, the Court does not find good cause to reopen discovery. Pl. Request for Discovery is DENIED without prejudice.

### D. <u>Gibson Dunn's Request to Strike Portions of Plaintiffs' Submissions</u>

Lastly, Gibson Dunn argues that portions of Plaintiffs' reply briefs should be stricken because new arguments are raised. Gibson Dunn's Request to Strike at 1. Gibson Dunn cites case law to argue that striking portions of reply papers are within the Court's authority. Id. at 1-2. Plaintiffs argue that the reply papers raise no new arguments and Gibson Dunn could have made an application for a sur-reply to respond to any arguments that they had not considered. Pl. Reply at 1-3. Plaintiffs further argue that a district court enjoys "broad discretion" to consider arguments made for the "first time in a reply brief." Id. at 1 (citing [Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela](), 341 F. App'x 722, 724 (2d Cir. 2009)). Additionally, Plaintiffs argue that the Second Circuit considers the following factors when determining whether a district court abused its discretion in relying on new information found in reply papers: "(1) whether the reply was the first opportunity to rebut new material issues raised in the opposition papers; (2) whether the non-moving party was surprised by the evidence included in the reply; (3) whether the non-moving party sought leave to file a sur-reply to respond to the evidence; and (4) whether there is any indication that the non-moving party has any contrary evidence to introduce even if it were given an opportunity to proffer it." Id. at 3 (quoting [Wexler v. Hasbro, Inc.](), No. 20-CV-1100 (VEC), 2022 WL 743431, at *10 (S.D.N.Y. Mar. 11, 2022), aff'd, No. 22-741, 2023 WL 3513567 (2d Cir. May 18, 2023)).

The Court believes that the decision about whether to rely on the information in Plaintiffs' reply brief lies with the judge deciding the Motion for Sanctions. Additionally, Gibson Dunn has replied to some of the contentions in Plaintiffs' reply papers in Gibson Dunn's Request to Strike and could have asked the Court for leave to file a sur-reply addressing any other arguments. Therefore, Gibson Dunn's Request to Strike is DENIED.

## **CONCLUSION**

For the foregoing reasons, Def. Request to Seal Exhibit A is GRANTED; Gibson Dunn's Request to Seal Exhibit B is GRANTED; Def. Request to Strike Exhibit B is DENIED; Gibson Dunn's Request to Strike is DENIED; Pl. Request for *In Camera* Review is DENIED; and Pl. Request for Discovery is DENIED without prejudice. The Clerk of the Court is respectfully requested to close the motions at Dkt. Nos. 173, 178, and 187.

SO ORDERED.

DATED: New York, New York
August 24, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge