# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 880-8690
DBenson@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

October 10, 2023

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Broidy, et al. v. Global Risk Advisors LLC, et al.*, Case No. 19-cv-11861

Dear Judge Vyskocil:

I write on behalf of the plaintiffs in response to Defendants' October 6, 2023 letter to the Court requesting a 45-day extension of their time to file their answer to the second amended complaint, purportedly based on three of the Defendants' need to obtain prior CIA approval under "nondisclosure agreements ('NDAs') prohibiting, on pain of prosecution, the unauthorized disclosure of national defense information to those lacking necessary security clearances."

Although we ordinarily consent routinely to extensions as a matter of professional courtesy, we are obliged to object, as set forth below, to defendants' request given the circumstances here.

This case was filed on December 27, 2019, and the second amended complaint on March 21, 2022.  The second amended complaint contains only six paragraphs referring to the CIA—paragraphs 40 (Chalker and other GRA employees "utiliz[ed] tradecraft and other clandestine skills that [they] acquired while working for the CIA"); 47 (Chalker is a "former CIA officer"); 57 (defendant Mandich is a "former CIA officer"); 61 (the head of the so-called Reston Group at defendant GRA is a "former CIA official"); 62 ("Chalker's relationship with Qatar dated back to his time in the CIA"); and 91 (in exchange for millions of dollars, Chalker and GRA trained Qatari personnel in offensive cybersecurity tradecraft knowledge and skills "despite the lifetime ban on former CIA agents conferring tradecraft knowledge and skills to foreign governments).

Even assuming *arguendo* that defendants' answer to these (or any other) allegations, which are hardly confidential, required prior approval, defendants have had at least one year and seven months (since the filing of the second amended complaint) to obtain CIA approvals, to the extent they genuinely believe they need to do so.

KASOWITZ BENSON TORRES LLP

Honorable Mary Kay Vyskocil
October 10, 2023
Page | 2

      Moreover, the Court's decision denying in part Defendants' motion to dismiss was issued on September 26, 2023. Defendants did not contact plaintiffs about their request for an extension until ten days later, in an email on the afternoon of October 6, and filed their letter with the Court that night. In their email to plaintiffs, defendants stated that "[p]er instructions from USAO-SDNY, for Defendants to comply with nondisclosure agreements, CIA needs to review their Answer for classified information before it is filed." Plaintiffs yesterday contacted the Assistant U.S. Attorneys involved, who indicated that they did not and do not take a position on whether such review was "need[ed]."[1]

      In this connection, it is also worth noting that, just last month, a Swiss newspaper published an interview with defendant Kevin Chalker, in which, among other things, he asserted that while at the CIA he prevented Iran from obtaining a nuclear bomb and described the ways in which he claimed he did so. Defendants refused to directly answer plaintiffs' inquiry yesterday whether it was their position that while they are required to obtain approval for their answer to the second amended complaint, Chalker was not required to obtain approval for his statements in the interview that while at the CIA he prevented Iran from obtaining a nuclear bomb or for his statements as to how he did so.

      Under these circumstances, and to prevent further unnecessary delay in this action, Plaintiffs respectfully request that the Court require Defendants to serve Plaintiffs, by October 12, the date their answer is due, with an answer to all of the allegations except those, if any, as to which there is a good faith basis for believing that prior approval is required and file their answer within 45 days.

Respectfully,

Daniel R. Benson

CC:    All counsel of Record (via ECF)
           AUSA Sarah Normand (via email)
           AUSA Rebecca Tinio (via email)

---

[1] The Assistant U.S. Attorneys are copied on this letter.