USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOTT BROIDY and
BROIDY CAPITAL MANAGEMENT, LLC,

                 Plaintiffs,

v.

GLOBAL RISK ADVISORS LLC, *et al.*,

                 Defendants.

Case No. 1:19-CV-11861-MKV

[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23(f)(3):

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case **is** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **14 days of the entry of this CMP. [MKV]**

   a. ~~Plaintiffs' Position: For the reasons set forth in the accompanying Joint Letter, Section IV.B, Plaintiffs propose **14** days from the completion of fact discovery.~~

   b. ~~Defendants' Position: For the reasons set forth in the accompanying Joint Letter, Section IV.C, Defendants oppose any further amendments to Plaintiffs' pleadings and joinder of any additional parties.~~

**DISCOVERY**

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than **January 12, 2024**. **The parties advised that initial disclosures have been exchanged. [MKV]**

5. All <u>fact</u> discovery shall be completed no later than

   a. ~~Plaintiffs' Position:~~ **September 13, 2024**[1]

   b. ~~Defendants' Position:~~ **May 20, 2024**[2] **[MKV]**

---

[1] 238 days from January 19, 2024.
[2] 120 days from January 19, 2024, accounting for the deadline falling on a weekend.

**The following interim deadlines are to be agreed upon between the parties consistent with the cut-off for fact discovery (¶ 5), bearing in mind ¶ 9 below and the Court's Individual Rules of Practice. [MKV]**

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, except as provided herein. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by **January 19, 2024**.

    b. Interrogatories to be served by:  The parties agree that interrogatories should be served no later than 30 days before the end of fact discovery.

        i. Plaintiffs' Position: **August 13, 2024**.

        ii. Defendants' Position: **April 19, 2024**.

    c. Depositions to be completed by:  The parties agree that depositions are to be completed by the end of fact discovery.

        i. Plaintiffs' Position: **September 13, 2024**.

        ii. Defendants' Position: **May 20, 2024.**

    d. Requests to Admit to be served no later than:  The parties agree that requests to admit should be served no later than 30 days before the end of fact discovery

        i. Plaintiffs' Position: **August 13, 2024**.

        ii. Defendants' Position: **April 19, 2024**.

7. Expert Discovery

    a. All expert discovery shall be completed no later than:  The parties agree that expert discovery is to be completed 60 days from the end of fact discovery.

        i. ~~Plaintiffs' Position: **November 13, 2024**.~~

        ii. ~~Defendants' Position:~~ **July 19, 2024**.   **[MKV]**

    b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

8. Depositions: **The Federal Rules of Civil Procedure govern, which permit 10 fact depositions per side, without leave of the Court. If a party believes good cause exists for additional fact depositions, the parties may come to an agreement to allow for additional depositions, or a party may make an application for relief upon a showing of good cause after meeting and conferring. [MKV]**

    a. ~~Plaintiffs' Position: **The parties are permitted 20 fact depositions per side, without leave of Court.**~~

    b. ~~Defendants' Position: **The parties are permitted 10 fact depositions per side, without leave of Court, as is provided for by the Federal Rules.** See Fed. R. Civ. P. 30(a)(2).~~

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party **wishing to raise** a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

11. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the close filing of a responsive pleading.

12. The parties have discussed settlement and the use of alternate dispute resolution. Please advise the Court of the outcome of your discussion. (Do not disclose the substance of settlement discussions). **The parties were unable to reach a settlement.**

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following [*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]:

        i. Plaintiffs' Position: **Plaintiffs believe that an informal exchange of information is premature and, absent agreement in the course of settlement discussions, will produce the relevant information through the proper course of discovery. Plaintiffs' object to defendants' discussion of their view on the substance of settlement discussions, contrary both to the instructions in paragraph 12 not to "disclose the substance of settlement discussions" and the instruction in 12(a) that the parties convey only what the parties "have agreed upon" and "***whether such exchanges have occurred, will occur now, or will occur following fact discovery***" (emphasis in original). Plaintiffs also disagree with defendants' characterization of those discussions and, while reserving all rights, note only that defendants have not agreed to provide plaintiffs with any information.** [MKV]

    ii. <u>Defendants' Position</u>: **It is Defendants' position, as communicated to Plaintiffs, that in order to facilitate meaningful settlement discussions, Plaintiffs informally share some or all of their alleged evidence connecting Defendants to the hack-and-smear operation (whether it might be information or documentation from their confidential witnesses, forensic analysis, or evidence obtained in the parallel action proceeding in the District of Columbia).  Defendants encourage an early exchange of that information, if it exists, to facilitate possible settlement in this matter, and possibly also a more efficient resolution of this matter. Defendants submit that such evidence does not exist.** [MKV] *(struck through)*

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    i. <u>Plaintiffs' Position</u>: **N/A.**

    ii. <u>Defendants' Position</u>: **N/A.**

**[MKV: The parties represented that they are open to the possibility of a private mediator.  As such, the parties shall confer about a preferred ADR approach and report back to the Court within 30 days.]**

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **N/A.**

(***NOTE***) *The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.* Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is:

    a. <u>Plaintiffs' Position</u>: **three weeks**.

    b. <u>Defendants' Position</u>: **between one and two weeks**.

**[MKV: The parties are on notice that two to three weeks is an unreasonably long estimate.  The parties should plan accordingly.]**

-------------------------------------------------------------------------------------------

**TO BE COMPLETED BY COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

A ~~Post-Discovery Conference~~ **Status Conference** is scheduled for __**May 8, 2024**__ at __**2:00 PM**__ in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

a. a statement of any existing deadlines, due dates, and/or cut-off dates;
b. a brief description of any outstanding motions;
c. a brief description of the discovery undertaken and if either party believes any additional discovery that needs to be completed, the reason why the discovery has not been undertaken.
d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i));
g. any other issue that the parties would like to address at the conference; and
h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no Summary Judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended.**

_____
Hon. Mary Kay Vyskocil
United States District Judge

Dated: 1/22/2024
New York, New York