```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


ELLIOT BROIDY, et al.,              : Docket #19-cv-11861

                Plaintiffs,         :

     -against-                      :

GLOBAL RISK ADVISORS, LLC,
et al,                              : New York, New York
                                      January 19, 2024

                Defendants.

---------------------------------:

                       PROCEEDINGS BEFORE
                THE HONORABLE MARY KAY VYSKOCIL
                  UNITED STATES DISTRICT JUDGE



APPEARANCES:

For Plaintiffs:      KASOWITZ BENSON TORRES, LLP
                     BY:  JONATHAN EDGAR ALGOR, IV, ESQ.
                          PAUL J. BURGO, ESQ.
                     1633 Broadway
                     New York, New York 10019



For Defendants:      HUGHES HUBBARD & REED, LLP
                     BY:  MARC ALAN WEINSTEIN, ESQ.
                          AMINA HASSAN, ESQ.
                          KEVIN CARROLL, ESQ.
                          KIRAN HANS ROSENKILDE, ESQ.
                     One Battery Park Plaza
                     New York, New York 10004

Transcription Service: Adrienne Mignano, RPR
                       Phone:  (631) 334-1445


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

```
 1              THE COURT:  All right.  Good afternoon,
 2    Mr. Algor and Mr. Burgo.
 3              Is there anyone else for the plaintiffs?
 4              MR. ALGOR:  No, Your Honor.
 5              THE COURT:  All right.  Thank you.
 6              And for the defendants?
 7              MR. WEINSTEIN:  Good afternoon, Your Honor.
 8              On behalf of the defendants from Hughes
 9    Hubbard & Reed, this is Marc Weinstein, along with
10    Kevin Carroll, Amina Hassan and Kiran Rosenkilde.
11              THE COURT:  All right.  So good afternoon
12    to all of you.
13              I don't think I have Kiran Rosenkilde on my
14    appearance sheet, but good afternoon to all of you.
15              Do we have any other appearances?
16              MR. WEINSTEIN:  Not for defendants,
17    Your Honor.
18              THE COURT:  All right.  Thank you, then.
19              So we're here for an initial pretrial
20    conference in this case.  I'm holding the conference
21    telephonically, frankly, to save the clients some
22    money and for the convenience of counsel, but this
23    is a formal court hearing, as if we were in open
24    court, so I'm going to remind you of a couple of
25    ground rules.
```

```
 1              First, you are prohibited from recording or
 2   rebroadcasting today's hearing.
 3              Ms. Dempsey, are you recording?
 4              THE DEPUTY CLERK:  Yes, Your Honor.
 5              THE COURT:  Okay.  But no one else on the
 6   call is authorized to record or broadcast today's
 7   hearing.  Is that understood by everyone?
 8              MR. ALGOR:  Yes, Your Honor.
 9              MR. WEINSTEIN:  Yes, for defense counsel,
10   Your Honor.
11              THE COURT:  All right.  Thank you.
12              So I'm going to ask everyone, please
13   just -- when you address the Court, please state
14   your name because we have a lot of people on the
15   line.  It's going to be very hard to follow who it
16   is that is speaking.  And please just try to speak
17   one at a time.  And I assure you I will give
18   everyone an opportunity to be heard, but we need to
19   have a little bit of order on the call.
20              So, as I say, we're here for an initial
21   pretrial conference in this case.  This case is over
22   five years old, or going on five years old, and it
23   is simply unacceptable that virtually no discovery
24   has happened in this case.  Most particularly since
25   November of last year, I ordered, after I denied the
```

```
 1      motion to dismiss, that the parties were to commence
 2      discovery immediately if they hadn't already done
 3      so.  And I made it clear that, at a minimum, initial
 4      disclosures should take place.  So this is just not
 5      acceptable and this case has to move.  So that's
 6      just a preliminary comment about the state of
 7      things.
 8              So I have your letter.  I have your
 9      proposed case management plan, which frames a number
10      of the issues that I want to talk to you about.  So
11      I think it's most efficient if you would all pull
12      out the proposed case management plan and we just
13      work our way through it.  And then if there are
14      issues related to any particular item that I don't
15      recall to address, you can let me know that.  Okay?
16              So with respect to the case management
17      plan, I just want to confirm with each side that you
18      are not consenting to proceeding before a magistrate
19      judge, which is, of course, fine, and your right,
20      and that the case is to be tried to a jury.
21              So let me ask, first, counsel for the
22      plaintiff.
23              Mr. Benson, are you taking the lead?
24              MR. BENSON:  Yes, Your Honor.
25              THE COURT:  All right.  So is that, in
```

```
 1   fact --
 2            MR. BENSON:  That's correct, Your Honor.
 3            THE COURT:  All right.  And how about for
 4   the defense?  Who's taking the lead for the defense?
 5   Is that you, Mr. Weinstein?
 6            MR. WEINSTEIN:  Yes, Your Honor.  And that
 7   is also correct from the defense perspective.
 8            THE COURT:  All right.  Now, with respect
 9   to amended pleadings, absolutely, positively not
10   that amended pleadings filed after all discovery is
11   complete.  That's just crazy.  I mean, that would
12   require reopening of discovery, so I am positively
13   not ordering that.
14            The complaint has been amended already in
15   this case, and I am not permitting 14 days after the
16   close of discovery.  I will revert back to what my
17   form says; that any motions to amend need to be
18   filed within 14 days of this order.  And it needs to
19   be on good cause, given that plaintiffs have already
20   filed three separate complaints.
21            MR. BENSON:  Understood, Your Honor.
22   Daniel Benson, for plaintiffs.
23            Our only concern is that if discovery turns
24   up people who were involved, who we -- whose
25   identities we didn't know about or couldn't have
```

```
 1    known about, we may want to seek to add them as
 2    defendants, but I fully understand that that should
 3    be done before the completion of discovery.
 4              THE COURT:  If you have something you
 5    discover and you think you have a meritorious
 6    motion, you know, for good cause shown, I would hear
 7    you, but the rule is amend within 14 days of the
 8    order that I'm going to enter after we conclude
 9    today.
10              All right.
11              MR. BENSON:  Understood, Your Honor.
12              THE COURT:  Discovery, initial disclosures
13    should already have been exchanged.  Have they been
14    or not?
15              MR. BENSON:  Yes, Your Honor.
16              THE COURT:  Who was that speaking?  The
17    plaintiff?
18              MR. BENSON:  I'm sorry.  Daniel Benson for
19    the plaintiffs.
20              THE COURT:  All right. And you've made
21    your initial --
22              MR. BENSON:  Initial disclosures have been
23    exchanged.
24              THE COURT:  Okay.  Both sides?
25              MR. BENSON:  Yes.
```

```
 1                THE COURT:  All right.  So I'm going to
 2      amend -- note that they have been made as required
 3      by Rule 26.
 4                With respect to fact discovery, I am not
 5      allowing nine months, basically, for discovery.
 6      It's, as I say, a five-year-old case, so it's simply
 7      not acceptable.  I am amending this to my standard
 8      120-day rule.  If, as you go through discovery,
 9      there are issues or reasons to indicate that you
10      need longer, then you can come back to the Court and
11      explain that.  And don't wait until the last minute.
12      You can come back and you can ask for more time, but
13      I'm not allowing at the outset until September.
14                All right.  So with respect to -- I'll put
15      in May 20th.  Today is the 19th.  Let me just look
16      at something.
17                Yeah, the 19th of May is a weekend, so
18      May 20th is more than reasonable.
19                Now, with respect to all of these initial
20      deadlines in -- I thought it was paragraph 7 of my
21      standard order, so I don't know if you changed the
22      numbering.  With respect to these interim deadlines
23      that you have in paragraph 6, you need to adjust
24      them, bearing in mind that your overall fact
25      discovery is May 20th.
```

| | |
|---|---|
| 1 | Now, as I say in my standard form, I don't |
| 2 | really care what you have as your interim deadlines. |
| 3 | You should just agree to that.  And if you don't |
| 4 | agree to it, then you can serve discovery whenever |
| 5 | you want.  You just need to get it completed by the |
| 6 | outside discovery cutoff date. |
| 7 | So paragraph 6, as you now have it drafted, |
| 8 | is basically not workable, although, I guess, some |
| 9 | of these -- well, it's certainly not an August |
| 10 | deadline.  So the interim deadlines -- I'm just |
| 11 | going to annotate that it should -- amended by the |
| 12 | parties to have everything completed by the |
| 13 | discovery cutoff.  Understood? |
| 14 | MR. WEINSTEIN:  Your Honor -- yes, |
| 15 | Your Honor.  It's Marc Weinstein for defendants, if |
| 16 | I may. |
| 17 | The dates within -- the proposed dates in |
| 18 | paragraph 6, each of defendant's position is based |
| 19 | on the May 20th date that Your Honor has now imposed |
| 20 | as the discovery cutoff.  And I think the parties |
| 21 | didn't disagree as to how much before the ultimate |
| 22 | close-of-discovery thing should be done.  So the |
| 23 | dates that defendants have proposed should be |
| 24 | workable within Your Honor's, May 20th deadline. |
| 25 | THE COURT:  But, as I say, I'm going to |

```
 1    just annotate this to say the parties can agree to
 2    it because the issue that I have is defendant
 3    proposes some deadlines of April 19th, which is
 4    roughly 30 days before the end of the fact-discovery
 5    period.  If you wait until 30 days before the end of
 6    the discovery period to first serve interrogatories,
 7    you are allowing one-day cushion to get responses.
 8    And if you get responses that you don't like or that
 9    call for follow-up discovery, you are allowing
10    yourself no time to do that.  So I don't think these
11    interim deadlines, as proposed by either side, make
12    a lot of sense.
13            So that was the next point I was going to
14    make to you.  I'm going to amend this to say that
15    the parties should be -- you know, should pick
16    whatever interim deadlines they want, bearing in
17    mind the admonition that I have -- I don't know why
18    you changed all these numbers, but paragraph -- you
19    know, you need to bear in mind what is now
20    paragraph 9 and my individual practice rules, which
21    make it very clear that it is not a reason for an
22    extension of discovery to say, well, I made a motion
23    and I'm waiting for follow-up discovery.
24            Understood?
25            MR. WEINSTEIN:  Yes, Your Honor.
```

| | |
|---|---|
| 1 | MR. BENSON:  Yes, Your Honor.  Daniel |
| 2 | Benson for the plaintiffs. |
| 3 | THE COURT:  Now, with respect to all of |
| 4 | that, as I understand it, there is a dispute with |
| 5 | respect to the number of depositions.  As of now, |
| 6 | the federal rule governs, and the standard limit is |
| 7 | what's in place.  If somebody believes they have |
| 8 | good cause to need more than that, you can file an |
| 9 | application if you can't work it out with the other |
| 10 | side, but I'm not ordering right now that 20 |
| 11 | depositions are fine.  So absent the granting of an |
| 12 | application for relief or something worked out |
| 13 | between the parties, I am not ruling on this and |
| 14 | allowing 20 fact depositions. |
| 15 | I also do have concerns about what seems to |
| 16 | be contemplated as the breadth of discovery here. |
| 17 | But, again, I'm not going to render, you know, |
| 18 | advisory opinions.  You're two experienced, |
| 19 | professional firms; if you can't work cooperatively |
| 20 | on all of this, follow my individual rules.  Bring |
| 21 | to the Court's attention any discovery disputes that |
| 22 | you have, but I'm not going to issue blanket rulings |
| 23 | about the breadth of discovery.  But discovery needs |
| 24 | to be, you know, relevant to issues in the case now. |
| 25 | And the same thing with respect to |

```
 1    protective order.  You know, frankly, as best I read
 2    what you're all saying, plaintiffs haven't conferred
 3    with the defendants yet.  They've told the
 4    defendants, though, that they intend to call this
 5    anonymous declarant or confidential witness at
 6    trial, so you're going to need to disclose the
 7    identity because there's a right to depose that
 8    person.  So, at some point, you-all ought to talk to
 9    each other and work out a consensual protective
10    order.  If you can't do that, then you submit
11    competing versions or one version with whatever
12    language is in dispute highlighted to show each
13    side's position, and the Court will resolve it.  But
14    these are not the kinds of things that you ought to
15    have to bother a Court with.
16            So those are my thoughts with respect to
17    the various discovery issues that you've highlighted
18    in your joint letter.
19            In terms of expert discovery, it's
20    correspondingly going to key off of the fact
21    discovery cutoff.  So the July deadline is the one
22    that's going to govern.
23            I assume both sides think you need experts.
24            MR. BENSON:  Daniel Benson, for plaintiffs.
25    Yes, Your Honor.
```

```
 1                THE COURT:  On what issues?
 2                MR. BENSON:  On how the hacking was carried
 3     out and the like.
 4                THE COURT:  I see.  All right.
 5                MR. BENSON:  Those are technical issues.
 6                THE COURT:  All right.  Yeah, I said, "all
 7     right."
 8                Bear in mind, then, that this order
 9     instructs you to talk to each other before fact
10     discovery is over, to start anticipating how you're
11     going to conduct expert discovery.  In other words,
12     agree with each other on are you going to exchange
13     reports.  If so, when are they due.  Are you going
14     to depose experts?  And if so, what is the schedule
15     for depositions of experts.  All right?
16                MR. BENSON:  Will do, Your Honor.
17                THE COURT:  Your inserted paragraph 8 is
18     coming out of the final order.  That's not part of
19     my order.  And I've told you that I'm not going to
20     rule, so I'm annotating it to say the Court declines
21     to grant leave at this time, but it's without
22     prejudice to a proper motion.  And a proper motion
23     is one that tells me who it is that you want to
24     depose beyond the ten and why you need them.
25                All right.  Now, let me just talk to you
```

```
 1    about settlement.  I mean, you-all just filled this
 2    out with not applicable, not applicable, not
 3    applicable.  I appreciate that you do need some
 4    discovery or some evidence to have some kind of a
 5    meaningful dialogue because, as I understand it,
 6    it's defendants' position that there was no hacking,
 7    or that they didn't participate in any hacking, and
 8    the plaintiff says it did.  So until you have some
 9    exchange of information, I can understand that a
10    dialogue won't be productive.
11            Having said that, at some point, I am going
12    to direct you to participate in some form of
13    alternative dispute resolution.  And so the question
14    is:  Have you agreed on what that mechanism ought to
15    be?
16            MR. BENSON:  Daniel Benson, Your Honor.
17            We have not, but we're certainly willing,
18    as on all these other subjects that have come up, to
19    confer with the defendants' defense counsel, and I'm
20    sure we can reach an appropriate agreement.
21            THE COURT:  All right.  Do you have a view
22    one way or another?
23            I mean, the options are referral to a
24    magistrate judge, referral to the Court's mediation
25    system, or you talk to each other and you engage a
```

1     private mediator.
2             I have to say, given the issues in this
3     case and the level of disagreements on virtually
4     everything, I'm likely going to have to refer
5     things -- I've already referred things to the
6     magistrate judge, which is Magistrate Judge Willis.
7     So I'm not certain that she's going to be in the
8     best position to try to help you resolve the case.
9             I don't know whether the Court's mediation
10    system includes anybody on its roster that you think
11    will be able to help you.  My own instinct is you're
12    probably going to need to retain a private mediator.
13            MR. BENSON:  Plaintiffs are certainly open
14    to that.  Excuse me, Your Honor.
15            THE COURT:  All right.  No problem.  Who
16    was that, though?
17            MR. BENSON:  Daniel Benson.
18            Plaintiffs are certainly open to talking
19    with defendants about possibly, I think, at the
20    appropriate time, retaining a private mediator.
21            THE COURT:  All right.
22            And, Mr. Weinstein, do you have a reaction?
23            MR. WEINSTEIN:  Your Honor, at this point,
24    we're amenable to really, any of the three
25    possibilities that the Court would choose or not

```
 1    choose, but would ultimately impose.  But also agree
 2    with Your Honor, that, you know, it has been our
 3    position that our clients just weren't involved at
 4    all.  Until there's some exchange of information to
 5    the contrary, it is difficult to even, you know,
 6    analyze, you know, whether there would be a
 7    difference in outcome depending on the type of
 8    mediator selected.
 9            THE COURT:  All right.  Well, I mean, I
10    said that.  I think you need to exchange some
11    information, but I will tell you as well that both
12    the Court mediators -- frankly, the magistrate
13    judges as well, they tell me -- and certainly any
14    private mediator that you're going to retain has a,
15    you know, lead time.  You're not going to get a
16    hearing with anybody -- I doubt you're going to get
17    it in the next 30 or 60 days.
18            So it makes sense for you to talk now about
19    which route you want to go.  And if you are in
20    agreement to hire a private mediator, which my, you
21    know, experience litigating for close to 35 years
22    tells me is probably going to be the most
23    productive, you really need to start talking about
24    who that person ought to be, if you can agree, and
25    reaching out to that person to get on their calendar
```

```
 1   for sometime around the spring of this year, by
 2   which time you should have made significant progress
 3   in discovery.
 4            So I'm simply going to annotate this to say
 5   that the parties should confer about preferred ADR
 6   approach and report back to the Court in 30 days
 7   because, as I say, within 30 days, you really need
 8   to decide which avenue you're going to pursue and
 9   then start making contact with either the mediator
10   or the magistrate judge so you can get on that
11   person's calendar for sometime thereafter.
12            All right?
13            MR. BENSON:  Yes, Your Honor.
14            THE COURT:  Any issue with that?
15            MR. BENSON:  No issue from plaintiffs'
16   side, Your Honor.
17            THE COURT: All right.  Now, the final --
18            MR. WEINSTEIN:  Nor from defendants.
19            THE COURT:  Okay.  So the final thing I
20   want to talk to you about is your proposed estimate
21   for the length of trial.  I'm just going to annotate
22   right now to tell you three weeks is an unreasonably
23   long expectation.  Frankly, I think two weeks is
24   probably unreasonably long.  But right now, without
25   knowing anything about what the facts are here, I
```

```
 1    can't really say, but I am going to annotate this to
 2    tell you three weeks is not going to happen, and
 3    that even a two-week estimate appears to be
 4    unreasonably long, and the parties need, during the
 5    course of discovery, to think about how to
 6    streamline things so that you can try this case more
 7    efficiently if we have to get there.  Okay?
 8            MR. BENSON:  Yes, Your Honor.
 9            THE COURT:  Now, is there anything else,
10    then, that we can accomplish from the plaintiff?
11            MR. BENSON:  Your Honor, Daniel Benson.  I
12    don't have anything at this time.
13            THE COURT:  Okay.
14            Mr. Weinstein?
15            MR. WEINSTEIN:  No, Your Honor.
16            Your Honor's guidance has been very clear.
17    Thank you.
18            THE COURT:  Okay.  Usually, I have the
19    parties in for a post-discovery conference.  I'm
20    probably going to have you in for a further status
21    conference at some time later in the early
22    springtime, just to make sure we're on track and
23    keep everything moving.
24            As I say, this case is way too long, and
25    it's soon going to appear on my, you know, internal
```

```
 1    administrative office of the court list of cases
 2    that are improperly stale or old, so you need to
 3    move.  Okay?
 4             MR. BENSON:  Understood, Your Honor.
 5             THE COURT:  With that, then, we'll stand
 6    adjourned.  I wish everyone a good rest of the day
 7    and a nice weekend.
 8             MR. BENSON:  Thank you, Your Honor.  You,
 9    too.
10             THE COURT:  Thank you.  Bye-bye.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              C E R T I F I C A T E
 2
 3      I, Adrienne Mignano, RPR, certify that the
 4  foregoing transcript of proceedings in the case of
 5  Broidy et al v. Global Risk Advisors LLC et al,
 6  Docket #1:19-cv-11861-MKV-JW, was
 7  prepared using digital transcription software and is
 8  a true and accurate record of the proceedings.
 9
10
11  Signature    ___Adrienne Mignano_____
12              Adrienne Mignano, RPR
13
14  Date:       January 23, 2024
15
16
17
18
19
20
21
22
23
24
25
```